**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FRIENDSHIP EDISON PUBLIC                              :
CHARTER SCHOOL                                        :
CHAMBERLAIN CAMPUS                                    :
                                                      :
Washington, D.C. 200                                  :
                                                      :
        Plaintiff                                     :
                                                      :
            v.                                        :
                                                      :
NINA SUGGS,                                           :
as next of friend of the minor child,                :
A.S., and                                             :
A.S., individually                                    :
2004 Maryland Avenue, NE Apt. #4                      :
Washington, D.C. 20002                                :
                                                      :
and                                                   :
                                                      :
THE GOVERNMENT OF THE DISTRICT                        :
OF COLUMBIA                                           :
441 Fourth Street, N.W.                               :
Washington, DC 20001                                  :
                                                      :
Defendants                                            :
                                                      :
Serve:                                                :
                                                      :
Robert Spagnoletti,                                   :
Attorney General                                      :
District of Columbia                                  :
441 4th Street, N.W.                                  :
Washington, DC 20001                                  :
                                                      :
and                                                   :
                                                      :
Mayor Anthony Williams                                :
Office of the Secretary                               :
1350 Pennsylvania Avenue, N.W.                        :
Washington, DC 20004                                  :
                                                      :

**COMPLAINT**

JURISDICTION

1.    Jurisdiction of this Court is found in 28 U.S.C. §1331, and the Individuals with

Disabilities in Education Improvement Act, 20 U.S.C. §§1400, *et seq.,* (herein

IDEA), as an appeal of a hearing officer's determination.

2.    Plaintiff is a District of Columbia Public Charter School which has elected to be

its own local education agency (LEA) under IDEA, for special education issues.

3.    Defendant is the legal guardian of her minor child and they are currently

residents of the District of Columbia and claimed D.C. residency for all or part of

the time during the underlying administrative proceedings.

4.    Defendant Government of the District of Columbia is a municipal corporation.

As one of its governmental functions, Defendant operates the District of

Columbia Public School System (DCPS).  DCPS acts as both the local education

agency and the state education agency and is responsible for affording children

with disabilities in the District of Columbia all rights pursuant to IDEA.  In this

current case DCPS entered into a number of settlement agreements with

Defendant Suggs.

FACTS

5.    The defendant is a nine year-old, special education student who attended

Friendship Edison (Edison) until November of 2004.

6.    The first due process hearing convened on July 12, 2004, July 27, 2004, and

November 8, 2004.  The hearing request named both DCPS and Edison as

parties to the complaint.

7.    On November 18, 2004, an administrative hearing officer issued an order (HOD) placing  A.S. at High Road School, a full-time, private special education day school.

8.    On January 7, 2005, the hearing officer issued a second determination ordering DCPS to convene an MDT meeting with Edison's participation to discuss compensatory services.

9.    Edison, however, was not provided with a copy of the January 7, 2005, HOD, until six months after the HOD was issued.  Edison first learned of the HOD's existence in July of 2005, when Edison receive a letter of invitation to a meeting at High Road School to discuss compensatory services.

10.    When Edison representatives arrived at the July 21, 2005 meeting, no one at the meeting, which included DCPS, the parent and her advocate, had a copy of the underlying January 7, 2005, HOD.  The meeting, therefore, could not go forward and DCPS stated it would reconvene the meeting once it was provided with a copy of the relevant HOD.

11.    Subsequent to that July 21, 2005, meeting Edison learned that two additional due process hearings had taken place between January 2005 and July 2005. Edison was not a party to either of these hearings and was not provided with copies of the hearing officer's determinations.

12.    An HOD was issued on April 19, 2005, which ordered DCPS to convene an MDT meeting within fifteen days.  The meeting was to include Edison.  Again, Edison was not named in this hearing request, it was given not notice of the hearing and

it was never provided with a copy of the HOD, even though it was included in the substance of the order.

13.   Another due process hearing convened on June 21, 2005, due to DCPS's failure to implement the April 25, 2005, HOD.  DCPS was ordered to convene an MDT meeting and develop a compensatory education plan for the student.  Edison was not named in the hearing request, not mentioned in the HOD and not ordered to take any affirmative action regarding this student.

14.   The parent then filed yet another hearing request and the hearing convened on April 20, 2006.  The parent alleged that Edison failed to adhere to the January 7, 2005, HOD.

15.   Edison argued that the hearing should be dismissed given that two additional hearings were conducted since the January 7, 2005 HOD, was issued regarding the same issue.

16.   On April 28, 2006, the hearing officer denied Edison's motion to dismiss and ordered Edison to convene an MDT meeting within thirty days.

17.   Again this HOD was never provided to Edison or Edison's counsel.  Edison only learned of the HOD when the parent filed her fifth due process hearing complaint on May 31, 2006.

18.   At no time prior to July 21, 2005, did anyone from DCPS provide Edison or counsel for Edison with a copy of the three most recent HOD"s, two of which mentioned Edison in the relief granted.

19.   Once Edison had an opportunity to review the HOD, it chose to exercise its right to bring this civil action.  Counsel for Edison filed a motion to dismiss the current

hearing complaint pending the outcome of this current action.

## COUNT I

20.    Plaintiff repeats and realleges paragraphs 1 - 19.

21.    The Hearing Officer erred in finding that the January 25, 2006, hearing request should not be barred by *res judicata*.   The cause of action arose once the timeline in the January 7, 2005 HOD expired.  Upon expiration of that timeline, the parent chose to bring two new hearing requests against DCPS only. The parent must be barred from bringing the same cause of action against a different party when the relief requested has already been ordered on two separate occasions.

## COUNT II

22.    Plaintiff repeats and realleges paragraphs 1 - 19.

23.    The Hearing Officer erred in finding that the January 25, 2006, hearing request should not be barred by collateral estoppel.  This doctrine bars relitigation of factual and legal issues determined in a prior proceeding which were "essential to that judgment".  *Oubre v. Distr. of Columbia*, 630 A.2d 699, 703 (D.C. 1993). The doctrine is not limited in its application to the original parties, but rather it is applied based on whether the actual issue was previously litigated. The issue in this case, the convening an MDT meeting, has not only been litigated once, but twice.  In both instances the parent chose to have DCPS convene an MDT meeting.   The parent cannot now request that Edison be ordered to offer the same relief that DCPS has been ordered to implement three times, once in

January 2005, once in April 2005 and again in June 2005.

## COUNT III

24.    Plaintiff repeats and realleges paragraphs 1 - 19.

25.    Any consequences suffered by the parent in the failure to implement the three

previous hearing officer's determination is a direct result of DCPS's complacency

in enforcing the HOD's.  As the SEA, DCPS has a duty to advise its LEA's of

actions taken which directly involve an LEA.  In this case, DCPS failed to advise

Edison of the three previous HOD's that were issued.

## COUNT IV

26.    Plaintiff repeats and realleges paragraphs 1 - 19.

27.    The Hearing Officer erred in ordering a meeting to discuss compensatory

education without any showing as to educational detriment as required by *Reid*

*v. District of Columbia.*401 F.3d 516 (D.C. Cir. 2005).   There was no evidence

that linked the Petitioner's level of academic functioning to any denial of FAPE

by Edison.  There is no evidence in the record that the student is in need of

additional services or that additional services are warranted for any previous

denial of FAPE especially given that the student has been attending a full-time

special education program for more than a year.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1.    Issue a judgment for Plaintiff and against Defendants on all

aforementioned counts;

2.      Order that the April 28, 2006,  Hearing Officer's Decision be reversed, and

the underlying due process complaint be dismissed with prejudice;

3.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____//s//_____
Paul S. Dalton, Esq.
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (O)
(703) 739-2323 (F)