IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,**<br>Plaintiff,<br><br>v.<br><br>**NINA SUGGS,**<br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 06-CV-1284 (PLF)<br>)<br>)<br>)<br>) |

## **ANSWER**

Defendant Nina Suggs, on behalf of her minor ward A.S. and through undersigned counsel, for her answer herein states as follows:

1.  The allegations contained in Paragraph 1 of the Complaint are conclusions of law and/or of the pleader to which no response is required.

2.  The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.  The Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.  The Defendant admits the first three sentences of Paragraph 4 of the Complaint and denies the fourth sentence as phrased.

5.  The Defendant admits that Nina Suggs' child is a nine-year-old, special education student who attended Edison until November 2004.

6.  The Defendant cannot respond to Paragraph 6 of the Complaint as it is incomprehensible as phrased. The Defendant admits that she filed a "due process hearing request" on June 14, 2004, and that hearings were held regarding that request.

7.  The Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.  The Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. The Defendant admits that no one at the July 21, 2005 meeting produced the January 7, 2005 HOD. The Defendant denies that the meeting did not go forward but admits that compensatory education was not determined. The Defendant denies that DCPS stated it would reconvene the meeting.

11. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. The Defendant admits the allegations in Paragraph 12 of the Complaint concerning the existence of the April 19, 2005 administrative decision and the contents thereof. The Defendant admits that Edison had not been named in the hearing request. The Defendant is unable to respond to the Plaintiff's use of the word "again" in Paragraph 12 of the Complaint because it is unclear to what it refers. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Edison had not been given notice of the hearing. The Defendant denies that Edison had never been provided with a copy of the HOD. The Defendant admits that Edison was mentioned in the HOD, but is unable to respond to the Plaintiff's use of the phrase "included in the substance of the order" because it is ambiguous.

13. The Defendant denies the allegations in Paragraph 13 of the Complaint concerning the issuance of an administrative order on April 25, 2005 and admits the remainder of the allegations contained in Paragraph 13 of the Complaint. The Defendant admits the allegations in Paragraph 13 of the Complaint that a due process hearing was convened on June 21, 2005, that DCPS' violation of an HOD was at issue, and that DCPS was ordered to convene an MDT meeting to develop a compensatory education plan.

14. The Defendant admits the allegation in paragraph 14 of the Complaint that a due process hearing was convened on April 20, 2006 to consider the Plaintiff's violation of the January 7, 2005 administrative order, and the Plaintiff's participation as a party therein.

15. The Defendant denies that the statements contained in Paragraph 15 of the Complaint constitute a complete and accurate summary of the Plaintiff's arguments at the April 20, 2006 hearing.

16. The Defendant admits the allegations in Paragraph 16 of the complaint concerning an April 28, 2006 administrative decision ordering Friendship to convene an MDT meeting within thirty days.

17. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint concerning the Plaintiff's failure to receive the April 28, 2006 administrative decision. The Defendant admits that she filed a due process complaint against the Plaintiff on May 31, 2006.

18. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint concerning the Plaintiff's opportunity to review the April 28, 2006 administrative decision and its decision to file this civil action. The Defendant admits that the Plaintiff filed a motion to dismiss the Plaintiff's May 31, 2006 due process complaint on June 22, 2006.

Count I

20. The Defendant incorporates by reference all of her prior statements in Paragraphs 1-19 in response to Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint are conclusions of law and/or of the pleader to which no response is required.

## Count II

22. The Defendant incorporates by reference all of her prior statements in Paragraphs 1-19 in response to Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 of the Complaint are conclusions of law and/or of the pleader to which no response is required.

## Count III

24. The Defendant incorporates by reference all of her prior statements in Paragraphs 1-19 in response to Paragraph 24 of the Complaint.

25. The allegations contained in Paragraph 25 of the Complaint are conclusions of law and/or of the pleader to which no response is required.

## Count IV

26. The Defendant incorporates by reference all of her prior statements in Paragraphs 1-19 in response to Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint are conclusions of law and/or of the pleader to which no response is required.

## **AFFIRMATIVE DEFENSES**

The Complaint fails to state a claim upon which relief can be granted.

The Plaintiff's claims are barred by waiver, laches, and estoppel.

Count IV of the Complaint is barred by claim preclusion and issue preclusion.

Respectfully submitted,

/s/_____
Douglas Tyrka, #467500

2807 27th St., NW
Washington, DC 20008
(202) 332-0038

5