UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIUENDSHIP EDISON | : | |
| PUBLIC CHARTER SCHOOL | : | |
|     Plaintiff | : | |
|     v. | : | Civil Action No.  06-1284 (PLF) |
| NINA SUGGS, *et al.,* | : | |
|     Defendants | : | |

ANSWEROF DEFENDANT DISTRICT OF COLUMBIA TO THE COMPLAINT

In answer to the specific paragraphs of the complaint this defendant, by counsel, states as follows:

JURISDICTION

1. The allegations of paragraph 1 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied, except that this defendant admits the existence of the cited statutes.

2. This defendant admits the allegations of paragraph 2.

3. This defendant is without knowledge sufficient to respond to the allegations of paragraph 3 of the complaint.

4. This defendant admits that the District of Columbia is a municipal corporation, that the District of Columbia Public Schools (DCPS) are part of the District government, and that DCPS acts as both a local education agency and state education agency under the Individuals with Disabilities Education Improvement Act (IDEIA).  This defendant also admits that it entered into settlement agreements with defendant Suggs.  The remaining allegations of

paragraph 4 are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied.

## FACTS

5, 6. This defendant admits the allegations of paragraphs 5 and 6 of the complaint.

7. This defendant admits that an order was entered on November 18, 2004 as alleged in paragraph 7, but notes that it was an <u>interim</u> HOD.

8. This defendant admits that an HOD was entered on January 7, 2005, as stated in paragraph 8, except to state that the HOD required plaintiff to provide compensatory education.

9, 10, 11. This defendant is without knowledge sufficient to respond to the allegations of paragraphs 9, 10 and 11of the complaint.

12. This defendant admits that an HOD was issued as stated in paragraph 12, but is without knowledge sufficient to respond to the remaining allegations therein.

13. This defendant admits that a hearing convened on June 21, 2005, and that an HOD issued as described in paragraph 13, but denies the remaining allegations therein.

14, 15, 16. This defendant admits the allegations of paragraphs 14, 15 and 16 of the complaint.

17, 18, 19. This defendant is without knowledge sufficient to respond to the allegations of paragraph 17, 18 and 19 of the complaint.

## COUNT I

20. This defendant realleges and incorporates by reference all previous responses herein.

21. The allegations of paragraph 21 of the complaint are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied.

Further, while this defendant admits that two new hearing requests were brought against DCPS after January, 2005, it is also the case that plaintiff failed to discharge its responsibility under the Hearing Officer's Decision (HOD) of January 7, 2005, which failure resulted in the April 28, 2006 HOD that is challenged in the instant complaint to the Court.

## COUNT II

22. This defendant realleges and incorporates by reference all previous responses herein.

23. The allegations of paragraph 23 of the complaint are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied. Further, while this defendant admits that DCPS had been ordered to convene an MDT meeting, it is also the case that plaintiff failed to discharge its responsibility under the Hearing Officer's Decision (HOD) of January 7, 2005, which failure resulted in the April 28, 2006 HOD that is challenged in the instant complaint to the Court.

## COUNT III

24. This defendant realleges and incorporates by reference all previous responses herein.

25. . The allegations of paragraph 25 of the complaint are conclusions of law and/or the pleader to which no response is required. If a response is required, then the allegations of this paragraph are denied.

## COUNT IV

26. This defendant realleges and incorporates by reference all previous responses herein.

27. The allegations of paragraph 27 of the complaint are not directed to this defendant, and/or are legal conclusions of the pleader to which no response is required. If a response is required, then the allegations are denied insofar as they state a claim against this defendant.

This defendant denies all allegations not previously admitted or otherwise answered, and admit no allegations unless clearly so stated above.

### First Affirmative Defense

The complaint fails to state a claim against this defendant upon which relief can be granted.

### Second Affirmative Defense

The Hearing Officer's Determination is supported by substantial evidence in the administrative record and should be affirmed.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
EDWARD P. TAPTICH [#012914 ]
Chief, Equity Section II

_____
CARY D. POLLAK [#055400]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604
(202) 727-0431 (fax)
Email: cary.pollak@dc.gov
