UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NINA SUGGS, *et al*.<br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 06-1284 (AK)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56(c), finding that Hearing Officer Herbert St. Clair erred in his April 28, 2006 Hearing Officer's Determination ("HOD"), when he determined that the parent's complaint was not barred by *res judicata* or collateral estoppel, and ordered Friendship Edison ("Edison") to fund compensatory education. In support of its Motion and pursuant to Local Rules 7(a), (c), and (h), the Plaintiff submits its Memorandum of Points and Authorities in Support of its Motion for Summary Judgement, a Statement of Material Facts as to which there is no Genuine Issue, and a proposed Order.

Respectfully submitted,
_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC ) <br> CHARTER SCHOOL, ) <br>               **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> NINA SUGGS, *et al.* ) <br>               **Defendants.** ) <br> ) | CIVIL ACTION NO. 06-1284 (AK) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56(c), finding that Hearing Officer Herbert St. Clair erred in his April 28, 2006 Hearing Officer's Determination ("HOD"), when he determined that the parent's complaint was not barred by *res judicata* or collateral estoppel, and ordered Friendship Edison ("Edison") to fund compensatory education. Additionally, any harm to A.S. is the direct result of DCPS, in its capacity as the SEA, not providing a copy of any of the HODs to Edison.

**FACTUAL BACKGROUND**

The defendant, A.S., is a nine year-old, special education student who attended Edison until November of 2004. The parent of A.S. filed a due process complaint on January 15, 2004 against both Edison and DCPS. AR 4. The first due process hearing convened on July 12, 2004, July 27, 2004, and November 8, 2004. AR 4, 37. On November 18, 2004, an administrative hearing officer issued an interim HOD placing A.S. at High Road School, a full-time, private special education day school. AR 4, 38.

On January 7, 2005, the hearing officer issued an HOD ordering DCPS to convene an Multi-Disciplinary Team ("MDT") meeting with Edison's participation to discuss compensatory services. AR 4, 46. Edison, however, was not provided with a copy of the January 7, 2005, HOD, until six months after the HOD was issued. AR 4. Edison first learned of the HOD's existence in July of 2005, when Edison received a letter of invitation to a meeting at High Road School to discuss compensatory services. AR 17, 20, 30.

Prior to the July 21, 2005 meeting, two additional due process hearings took place. AR 4. On March 9, 2005 the parent of A.S. filed a due process complaint against DCPS for their failure to comply with the January 7, 2005 HOD and convene the ordered MDT meeting. AR 4-5. Edison was not a named party to the March 9, 2005 complaint. Tr. 5, 12. On April 19, 2005, a hearing officer issued an HOD against DCPS ordering DCPS to convene the MDT meeting with an invitation to Edison, as ordered in the January 7, 2005 HOD. AR 4, 81, 102.

On May 13, 2005, the parent of A.S. filed another due process complaint against DCPS for their failure to comply with the April 19, 2005 HOD and convene the MDT meeting ordered in the January 7, 2005 HOD. AR 4-5. Edison was not a named party to the May 13, 2005 complaint. Tr. 5, 12. On June 23, 2005, a hearing officer issued an HOD ordering DCPS to convene the MDT meeting. AR 4, 31-34

On July 21, 2005, DCPS convened the MDT meeting ordered in the January 7, 2005 HOD. Edison was invited and attended the meeting. AR 4, 23-30. Prior to the July 21, 2005 meeting, Edison was not made aware of the prior HODs issued on January 7, April 19, and June 23, 2005. Edison was not provided with copies of these HODs, even though Edison was

included in the substance of two of the orders. AR 4, 20, 30, 33, 46, 103.

When Edison representatives arrived at the July 21, 2005 meeting, no one at the meeting, which included DCPS, the parent and her advocate, had a copy of the underlying January 7, 2005, HOD. The meeting, therefore, could not go forward because no one at the meeting had a copy of the HOD, and thus the parameters of what was to be discussed at the meeting were unknown. DCPS stated it would reconvene the meeting once it was provided with a copy of the relevant HOD. AR 4-6, 23-30. On or around July 22, 2005, Edison received a copy of the January 7, 2005 HOD from DCPS. AR 20. On July 25, 2005, Edison sent out a letter to DCPS to convene the meeting during the first week in August, 2005. AR 17. On November 8, 2005, an MDT meeting was convened at the High Road School. Edison was not invited and thus was not in attendance at this meeting. AR 59-75. At the November 8, 2005 MDT meeting, the IEP team developed a compensatory education plan for A.S. AR 62, 75.

On January 25, 2006, the parent of A.S. filed yet another due process hearing request, this time against Edison for failure to comply with the January 7, 2005 HOD. AR 4, 81-82. On April 13, 2006, Edison filed a Motion to Dismiss based on *res judicata* and collateral estoppel. Edison argued that the hearing should be dismissed given that two additional hearings were conducted since the January 7, 2005 HOD was issued regarding the same issue. AR 10-12. The due process hearing convened on April 20, 2006. AR 4, 7-8, 86, 141, Tr, 1-40.

On April 28, 2006, the hearing officer issued his HOD and denied Edison's motion to dismiss. The hearing officer ordered Edison to convene an MDT meeting within thirty days. AR 1-6. The hearing officer also held that DCPS was responsible for not forwarding the prior HODs to Edison. AR 5-6. The April 28, 2006 HOD was never provided to Edison or Edison's

3

counsel. Edison only learned of the HOD when the parent filed her fifth due process hearing complaint on May 31, 2006. When Edison received the April 28, 2006 HOD, it promptly filed an appeal with this Court.

## ARGUMENT

### The Court should Grant Summary Judgment and Reverse the HOD

A.   **Standard of Review**

The party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine dispute of material facts through the pleadings, depositions, answers to interrogatories, admissions on file, and in this case the administrative record. *Celortex Corp v.Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56. The nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See Celortex* at 324. In the instant case, the facts are clear when reviewing the administrative record.

The issues in this case are legal in nature because the underlying factual issues are undisputed. The issues in this case are whether the hearing officer erred when he determined that the parent's complaint was not barred by *res judicata* or collateral estoppel, and ordered Edison to fund compensatory education . The evidence regarding the issues is clear and the facts surrounding them are undisputed in the record which makes this case appropriate for a summary judgment.

B.  **The Hearing Officer Erred in Finding that the January 25, 2006 Due Process Complaint was not Barred by *Res Judicata*.**

Under the doctrine of *res judicata*, or claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *See Allen v. McCurry*, 449 U.S. 90 at 94, (1980). Claim preclusion requires a showing of three elements (1) the presence of the same parties or privies in the previous and current suit; (2) claims arising from the same cause of action in the previous suit as those in the current suit; and (3) a final judgment on the merits in the previous suit. *See Apotex, Inc. V. Food & Drug Admin.* 393 F.3d 210, 217 (D.C. Cir 2004). Claims "arise from the same cause of action" when they are based on the same "nucleus of facts." *Id*.

The doctrine of *res judicata* acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). "The important policy of avoiding repetitious litigation involving the same causes of action or the same issues requires that courts not be penurious in giving full effect to res judicata." *I.A.M. Nat'l Pension Fund, Ben. Plan A v. Industrial Gear Mfg. Co.*, 723 F.2d 944, 950 (D.C. Cir. 1983)

1.  **The Presence of the Same Parties or Privies in the previous and current suit.**

Edison was a named party in the January 7, 2005 HOD. While Edison was not a named party in the subsequent due process hearings in April and June of 2005, Edison was a **privy** to those cases. Black's Law Dictionary defines "privy" as "a person who is in privity with another.

5

One who is a partaker or has any part or interest in any action, matter, or thing." Black's Law Dictionary further states that the "[c]oncept of 'privity' pertains to the relationship between a party to a suit and a person who was not a party, but whose interest in the action was such that he will be bound by the final judgment as if he were a party." Black's Law Dictionary at 1079, 80.

Edison was named in the order of the April 19, 2005 HOD. AR 103. Edison, while not a named party, was bound by that HOD (had Edison received it from DCPS). Edison was again named as a party in the January 25, 2006 complaint which resulted in another order binding Edison on April 28, 2006. Thus, the first element of *res judicata* is satisfied.

    **2.**     **Claims Arising from the Same Cause of Action in the Previous Suit as Those in the Current Suit.**

The HODs issued on April 19, and June 23, 2005 both arose from DCPS's failure to comply with and implement the January 7, 2005 HOD and convene the MDT meeting. The Complaint filed on January 25, 2006 also alleged the same violation of failure to implement the January 7, 2005 HOD and convene the MDT meeting. AR 81-82. Thus, the claims arose from the same cause of action, or nucleus of facts, in the previous suit as those in the current suit. As such, the second prong of *res judicata* is satisfied.

    **3.**     **A Final Judgment on the Merit in the Previous Suit.**

There was not one but two final judgments on the merits in the previous two suits. The parent brought her January 25, 2006 due process complaint based on the January 7, 2005 HOD. The January 7, 2005, HOD ordered DCPS to convene an MDT meeting and for Edison to

participate in the meeting. AR 4, 37-47. A copy of this HOD was never provided to Edison or counsel for Edison until July of 2005. AR 4, 20, 30. Between January 2005 and July 2005, this same parent brought two different hearing requests seeking implementation of this HOD from DCPS. Two additional HODs were issued, one on April 19, 2005, and one on June 23, 2005, both ordering DCPS to convene a meeting at High Road pursuant to the January 7, 2005 HOD. AR 4, 31-34, 102-103.

The cause of action arose once the timeline in the January 7, 2005 HOD expired. Upon expiration of that timeline, the parent chose to bring two new hearing requests against DCPS only. The parent must be barred from bringing the same cause of action against Edison when the relief requested has already been ordered on two separate occasions. Because the parent had already re-litigated this claim not once, but twice, without notice to Edison, the hearing officer should have dismissed the January 25, 2006 due process complaint based on *res judicata*.

All of the elements of *res judicata* are satisfied. Thus, the hearing officer erred in not dismissing the complaint based on *res judicata*, and this Court should reverse that decision.

C.    **The Hearing Officer Erred in Finding that the January 25, 2006 Due Process Complaint was not Barred by Collateral Estoppel**.

The doctrine of collateral estoppel or issue preclusion bars relitigation of factual and legal issues determined in a prior proceeding which were "essential to that judgment". *Oubre v. Distr. of Columbia*, 630 A.2d 699, 703 (D.C. 1993). As stated in one case, "collateral estoppel or issue preclusion is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision". *Pace v.

7

*Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005). The doctrine, therefore, is not limited in its application to the original parties, but rather it is applied based on whether the actual issue was previously litigated.

In the current case, the three elements of collateral estoppel are met. The issue in this case, the convening an MDT meeting, has not only been litigated once, but twice. The issues in the April 2005, June 2005 and April 2006 due process hearings were identical: failure to comply with and implement the January 7, 2005 HOD. In each of these cases, the issue was litigated and HODs were issued. Finally, the previous determination was necessary to the decision.

In both of the previous hearings the parent chose to have DCPS convene an MDT meeting. The parent had the opportunity to, but did not, request relief against Edison. There was no need for the parent to split the litigation between Edison and DCPS; however she chose to do so. The parent cannot now request that Edison be ordered to offer the same relief that DCPS has been ordered to implement three times, once in January 2005, once in April 2005 and once in June 2005. Consequently, the hearing officer erred in not dismissing the complaint based on collateral estoppel, and this Court should reverse that decision.

**D.    DCPS is responsible for any Harm Suffered by A.S. in the Failure to Implement the HODs.**

Any consequences suffered by the parent in the failure to implement the three previous hearing officer's determination is a direct result of DCPS's complacency in enforcing the HODs. As the SEA, DCPS has a duty to advise its LEAs of actions taken which directly involve an LEA. In this case, DCPS failed to advise Edison of the three previous HODs that were issued. As a

result, Edison cannot be held liable for failure to implement such HOD or provide FAPE. AR 5-6.

E. **The Hearing Officer Erred in Ordering a Meeting to Discuss Compensatory Education without any Showing as to Educational Detriment.**

Compensatory education is an appropriate remedy for certain violations of the IDEA. "Under the theory of 'compensatory education,' courts and hearing officers may award 'educational services . . . to be provided prospectively to compensate for a past deficient program.'" *Reid v. District of Columbia,* 401 F.3d 516, 522 (D.C. Cir. 2005) (citing *G. ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308 (4th Cir. 2003)). Compensatory education, however, is an equitable remedy, not one of contractual obligation. *See Id.* at 523. as required by *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005). _____

_____Pursuant to *Reid*, "[i]n every case . . . the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." 401 F.3d at 524. Thus, an award of compensatory education must be made on a case by case basis examining where the student should be but for the violation of the school, and fashioning a specific remedy which will bring the student to that level.

In the instant case, there was no evidence that linked A.S.'s level of academic functioning to any denial of FAPE by Edison. There is no evidence in the record that the student is in need of additional services or that additional services are warranted for any previous denial of FAPE especially given that the student has been attending a full-time special education program for more

9

than one year. AR 38. The hearing officer erred in not complying with the *Reid* standard when he ordered a meeting to determine compensatory education. Thus, this Court should reverse the HOD.

## CONCLUSION

Based on the arguments above the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendants and reverse the April 28, 2006 Hearing Officer's Decision.

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 13th day of September, 2007.

_____/s/_____
Paul S. Dalton, Esq.
Counsel for Plaintiff