UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,<br>      Plaintiff,<br><br>v.<br><br>NINA SUGGS, *et al*.<br>      Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 06-1284 (AK)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Fed .R. Civ. P. Rule 56 and LCvR 7 (h), the Plaintiff hereby submits the following Statement of Material Facts to which there is no genuine issue:

1. The defendant, A.S., is a nine year-old, special education student who attended Edison until November of 2004. AR 37-39.

2. The parent of A.S. filed a due process complaint on January 15, 2004 against both Edison and DCPS.  AR 4.

3. The first due process hearing convened on July 12, 2004, July 27, 2004, and November 8, 2004.  AR 4, 37.

4. On November 18, 2004, an administrative hearing officer issued an interim HOD placing A.S. at High Road School, a full-time, private special education day school.  AR 4, 38.

5. On January 7, 2005, the hearing officer issued an HOD ordering DCPS to convene an Multi-Disciplinary Team ("MDT") meeting with Edison's participation to discuss compensatory services.  AR 4, 46.

6. Edison, however, was not provided with a copy of the January 7, 2005, HOD, until six

months after the HOD was issued. AR 4.

7. Edison first learned of the HOD's existence in July of 2005, when Edison received a letter of invitation to a meeting at High Road School to discuss compensatory services. AR 17, 20, 30.

8. Prior to the July 21, 2005 meeting, two additional due process hearings took place. AR 4.

9. On March 9, 2005 the parent of A.S. filed a due process complaint against DCPS for their failure to comply with the January 7, 2005 HOD and convene the ordered MDT meeting. AR 4-5.

10. Edison was not a named party to the March 9, 2005 complaint. Tr. 5, 12.

11. On April 19, 2005, a hearing officer issued an HOD against DCPS ordering DCPS to convene the MDT meeting with an invitation to Edison, as ordered in the January 7, 2005 HOD. AR 4, 81, 102.

12. On May 13, 2005, the parent of A.S. filed another due process complaint against DCPS for their failure to comply with the April 19, 2005 HOD and convene the MDT meeting ordered in the January 7, 2005 HOD. AR 4-5.

13. Edison was not a named party to the May 13, 2005 complaint. Tr. 5, 12.

14. On June 23, 2005, a hearing officer issued an HOD ordering DCPS to convene the MDT meeting. AR 4, 31-34

15. On July 21, 2005, DCPS convened the MDT meeting ordered in the January 7, 2005 HOD. Edison was invited and attended the meeting. AR 4, 23-30.

16. Prior to the July 21, 2005 meeting, Edison was not made aware of the prior HODs issued on January 7, April 19, and June 23, 2005. Edison was not provided with copies of these

    HODs, even though Edison was included in the substance of two of the orders. AR 4, 20, 30, 33, 46, 103.

17. When Edison representatives arrived at the July 21, 2005 meeting, no one at the meeting, which included DCPS, the parent and her advocate, had a copy of the underlying January 7, 2005, HOD. The meeting, therefore, could not go forward because no one at the meeting had a copy of the HOD, and thus the parameters of what was to be discussed at the meeting was unknown. DCPS stated it would reconvene the meeting once it was provided with a copy of the relevant HOD. AR 4-6, 23-30.

18. On or around July 22, 2005, Edison received a copy of the January 7, 2005 HOD from DCPS. AR 20.

19. On July 25, 2005, Edison sent out a letter to DCPS to convene the meeting during the first week in August, 2005. AR 17.

20. On November 8, 2005, an MDT meeting was convened at the High Road School. Edison was not invited and thus was not in attendance at this meeting. AR 59-75.

21. At the November 8, 2005 MDT meeting, the IEP team developed a compensatory education plan for A.S. AR 62, 75.

22. On January 25, 2006, the parent of A.S. filed yet another due process hearing request, this time against Edison for failure to comply with the January 7, 2005 HOD. AR 4, 81-82.

23. On April 13, 2006, Edison filed a Motion to Dismiss based on *res judicata* and collateral estoppel. Edison argued that the hearing should be dismissed given that two additional hearings were conducted since the January 7, 2005 HOD was issued regarding the same issue. AR 10-12.

24. The due process hearing convened on April 20, 2006. AR 4, 7-8, 86, 141, Tr, 1-40.

25. On April 28, 2006, the hearing officer issued his HOD and denied Edison's motion to dismiss. The hearing officer ordered Edison to convene an MDT meeting within thirty days. AR 1-6.

26. The hearing officer also held that DCPS was responsible for not forwarding the prior HODs to Edison. AR 5-6.

27. The April 28, 2006 HOD was never provided to Edison or Edison's counsel. Edison only learned of the HOD when the parent filed her fifth due process hearing complaint on May 31, 2006.

28. When Edison received the April 28, 2006 HOD, it promptly filed an appeal with this Court.

Respectfully submitted,
/s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)