# District of Columbia Public Schools

*State Enforcement and Investigation Division*

***confidential***

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

2006 APR 28 AM 9: 03
DC PUBLIC SCHOOL SYSTEM

**In the Matter of**

A[redacted] S[redacted], student
Date of Birth: May 31, 1997
Attending: High Road Primary School,

Petitioner,

versus

**The District of Columbia Public Schools,**

and

**Friendship Edison Public Charter School,**
Chamberlain Campus,

Respondents.

**IMPARTIAL DUE PROCESS HEARING**

## DECISION AND ORDER

Request Date: January 25, 2006
Hearing Date: April 20, 2006

Held at: 825 North Capitol Street, NE
Eighth Floor, Hearing Room 1
Washington, D.C. 20002

**Parent:** Nina Suggs
2004 Maryland Avenue, NE Apt No 4
Washington, D.C. 20002

**Counsel for the Parent/Student:** Douglas Tyrka, Esq.
**Tyrka & Houck, LLP**
1726 Connecticut Avenue, NW Suite 400
Washington, D.C. 20009

**Counsel Friendship-Edison Public Charter School:**

Paul S. Dalton, Esq.
**Dalton, Dalton & Houston, P.C.**
1008 Pendleton Street
Alexandria, Virginia 22314-1837

**District of Columbia Public Schools:**

Rashida J. Wilson, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE 9th Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

**INDEX of NAMES for A[redacted] S[redacted]**
**Hearing Date:** April 20, 2006

Appearing on behalf of the parent/student:

1. Nina Suggs, mother

Appearing on behalf on Friendship-Edison Public Charter School: None.

Appearing on behalf of DCPS: None.

No testimony was received.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On January 25, 2006, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) and Friendship-Edison Public Charter School (FEPCS), its own LEA, denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation on the part of FEPCS of Paragraphs 1 & 2 of the Order in the Hearing Officer's Determination/ Decision (HOD) issued in the matter January 7, 2005, Parent Document No 1, wherein DCPS was ordered to convene an MDT meeting at which FEPCS was ordered to participate to determine the form and duration of compensatory education awarded against FEPCS. For relief, Counsel for the Parent requested an order against FEPCS in conformity with Paragraphs 1 & 2 of the January 7, 2005 HOD and an award of attorney's fees against DCPS.

At the time of the instant hearing the student was attending, a private school, the High Road Primary School of Washington, D.C.

On June 15, 2004, Counsel for the Parent filed a complaint on behalf of the parent and student against DCPS and FEPCS. A hearing (July 2004 hearing) took place on July 12 and 27, 2004 and November 8, 2004 in which Counsel for FEPCS represented FEPCS. On January 7, 2005 an HOD was issued wherein DCPS was ordered to convene an MDT meeting at which FEPCS was ordered to participate to determine the form and duration of compensatory education the HOD awarded the student against FEPCS. However, Counsel for FEPCS did not receive a copy of the January 7, 2005 HOD. On March 9, 2005, Counsel for the Parent who represented the parent in the July 2004 hearing filed a complaint against DCPS only alleging failure to convene the ordered MDT meeting; an HOD, Parent Document No 16, was issued on April 19, 2005 ordering DCPS to convene the meeting ordered in the January 7, 2005 HOD with an invitation to FEPCS. On May 13, 2005, Counsel for the Parent again filed a complaint against DCPS only alleging violation of the April 19, 2005 and January 7, 2005 HODs; a third HOD, Parent Document No 17, was issued on June 23, 2005, again ordering DCPS to convene the MDT meeting as ordered in the January 7, 2005 HOD.

On July 21, 2005, DCPS convened the ordered MDT meeting with an invitation to FEPCS; FEPCS attended the July 21, 2005 MDT meeting but declined to participate stating that, as FEPCS had not received the January 7, 2005 HOD, FEPCS was unaware of the parameters of the compensatory education award therein. See FEPCS Documents Nos 2, 3, 4 & 5.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., March 17, 2006. The hearing was subsequently rescheduled for 3:00 P.M., Thursday, April 20, 2006 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as rescheduled.

## SUMMARY of the EVIDENCE, ISSUE(S) and FINDINGS of FACT

By facsimile dated March 10, 2006, the parent disclosed 5 witnesses and 17 documents; Parent Document Nos 16 and 17 were disclosed at the hearing at the request of the hearing officer. Parent Document No 15 was a Motion for DEFAULT against FEPCS for failure to convene a resolution session and failure to file a response to the herein Complaint.

By facsimile dated April 13, 2006, FEPCS disclosed 5 witnesses and 6 documents. FEPCS Document No 1 was a Motion for DISMISSAL citing *res judicata* and *collateral estoppel*; that because Counsel for the Parent did not include FEPCS as a party-respondent in the March 9th and May 13th 2005 Complaints, the parent was barred from now asserting the herein Complaint for the delivery of the compensatory education awarded in the January 7, 2005 HOD. Concerning FEPCS's non-participation in the July 21, 2005 MDT meeting, Counsel for FEPCS asserted that FEPCS had not then received a copy of the January 7, 2004 HOD.

DCPS moved for a DISMISSAL as to DCPS. The motion was taken under advisement. Here, as explained below the DCPS motion was DENIED.

The documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent and Counsel for FEPCS stipulated that the FEPCS was not a party to either the March 9, 2005 or the May 13, 2005 Complaints.

**Is the parent's claim for delivery of the compensatory education awarded in Paragraph 1 of the Order in the January 7, 2005 HOD barred by *res judicata* and *collateral estoppel* because FEPCS was not a party-respondent in the March 9th and May 13th Complaints?** The hearing officer determined not. *Res judicata* applies to causes of action, and the herein cause of action against FEPCS did not arise until DCPS convened the July 21, 2005 MDT meeting as ordered in Paragraph 2 of the ORDER in the January 7, 2005 HOD and FEPCS refused to participate in the meeting to determine compensatory education for the student in violation of the same paragraph. DCPS was ordered to convene the MDT meeting; FEPCS was ordered to participate in the meeting. As the parent was successful with July 2004 hearing, the cause of action therein merged into the January 7, 2005 HOD; the herein cause of action is based on the failure of FEPCS to participate in the July 21, 2005 MDT meeting as ordered in the January 7, 2005 HOD. As to *collateral estoppe,* it applies to issues previously litigated between the same or one of the parties in a preceding litigation. The hearing officer did not identify an issue herein that was present, not to mention litigated, in the June 2004 hearing. Neither *res judicata* nor *collateral estoppel* were applicable in this proceeding. The FEPCS Motion for DISMISSAL was DENIED.

**Is the Parent entitled to a DEFAULT DECISION against FEPCS?** While a resolution session was not convened in this matter and a response to the herein Complaint was not filed, the hearing officer could not find persuasive authority under *IDEIA 2004* for entering a DEFAULT against FEPCS, its own LEA, and declined to do so. The Parent's motion was DENIED.

In consideration of the motions, documents and arguments herein, the hearing officer determined that DCPS must bear the responsibility for the January 7, 2005 HOD not being forwarded to either Counsel for FEPCS or FEPCS. Moreover, realizing at the July 21, 2005 MDT meeting that FEPCS had not received a copy of the January 7, 2005 HOD, DCPS should

have rescheduled or continued the meeting to give FEPCS an opportunity to inform themselves of their obligation under the HOD. **A Finding for the Parent was directed against DCPS.**

The hearing officer further determined that, not having a copy of the January 7, 2005 HOD and not knowing the parameters of the compensatory education awarded in Paragraph 1 of the Order in the HOD, neither before nor during the July 21, 2005 MDT meeting, FEPCS could not be faulted for refusing to participate in the meeting; this excuse, however, ceased after FEPCS, its own LEA, had received a copy of the January 7, 2005 HOD and did not timely commence appeal. FEPCS remained fully liable for the compensatory education awarded to the student in Paragraph 1 of the Order in the January 7, 2005 HOD.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. Within 30 days hereof and as awarded in Paragraph 1 of the Order in the HOD issued in this matter January 7, 2005, FEPCS will convene an MDT meeting to discuss and determine the form, amount and delivery of compensatory education to the student.

2. For the said MDT meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, with the burden of proof on FEPCS documentation of the parties will be relied upon to determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

_______________________ Date: 4/-28-06

H. St. Clair, Esq., Hearing Officer

Issued: _______________________

Student Hearing Office, DCPS

TRANSMISSION VERIFICATION REPORT

TIME : 03/15/2006 13:14
NAME : STUDENT HEARINGS OFF
FAX : 2024425556
TEL : 2024425432
SER.# : BROH3J608601

| | |
|---|---|
| DATE,TIME | 03/15 13:13 |
| FAX NO./NAME | 92022654264 |
| DURATION | 00:00:28 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD ECM |

# District of Columbia Public Schools

***State Enforcement & Investigation Division***

**STUDENT HEARING OFFICE**

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556

X REVISED COPY

HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO: Parent (or Representative): D. TYRKA / P. DALTON Fax No.: 265-4264 (703) 739-2323

LEA Legal Counsel: R. CHAPMAN

RE: S[redacted], A[redacted] and (LEA) DOB: ______
Student's Name

FROM: SHARON NEWSOME
Special Education Student Hearing Office Coordinator

DATE SENT: 3/14/06

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on ______. Please be advised that the hearing has been scheduled for:

DATE: 4/20/06

TIME: 3:00 pm

con't 3/17/06

TRANSMISSION VERIFICATION REPORT

TIME : 03/15/2006 13:14
NAME : STUDENT HEARINGS OFF
FAX : 2024425556
TEL : 2024425432
SER.# : BROH3J608601

| | |
|---|---|
| DATE,TIME | 03/15 13:14 |
| FAX NO./NAME | 97037392323 |
| DURATION | 00:00:18 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD ECM |

# District of Columbia Public Schools

***State Enforcement & Investigation Division***

## STUDENT HEARING OFFICE

825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556

X REVISED COPY

HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO: Parent (or Representative): D. TYRKA / P. DALTON Fax No.: 265-4264 / (703) 739-2323

LEA Legal Counsel: R. CHAPMAN

RE: S[redacted], A[redacted] and (LEA) DOB: ____________
Student's Name

FROM: SHARON NEWSOME
Special Education Student Hearing Office Coordinator

DATE SENT: 3/14/06

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on ____________. Please be advised that the hearing has been scheduled for:

con't

DATE: 4/20/06

TIME: 3:00 pm

3/17/06

Apr.13. 2006 4:35PM Dalton, Dalton & Houston

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street

Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC Office:
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton* +
Ellen Douglass Dalton*+
William E. Houston^+°
Talib Abdus Shahid^+
Laura E. Duos~+
Jessica M. Smith[Y]

+ ADMITTED IN VA & W.VA
* ADMITTED IN D.C.
^ ADMITTED IN PA.
~ ADMITTED IN MD.
° ADMITTED TO THE U.S. SUPREME COURT

2006 APR 13 PM 5:00
DC PUBLIC SCHOOL SYSTEM

**FIVE DAY DISCLOSURE**
April 13, 2006

Mr. Douglas Tyrka, Esq.
1726 Connecticut Ave, NW
Suite 400
Washington, DC 20009

**VIA FAX: 202-265-4264**

RE: A[redacted] S[redacted] DOB 05/31/97

Dear Mr. Tyrka:

A Due Process Hearing has been scheduled for A[redacted] S[redacted] on April 20, 2006 at [redacted]pm. Pursuant to 34 C.F.R. 300.509(b)(1), the purpose of this letter is to provide you with the following list of witnesses and documents we may rely on in the hearing.

**WITNESSES:**

1. James Shepard, Principal, Friendship Edison PCS, Chamberlain Campus
2. Charlene Glymph, Director of Special Education, Friendship PCS
3. Roderick Moore, Special Education Coordinator, Friendship Edison PCS, Chamberlain Campus
4. Bronwan L. Millet, Clinical Psychologist
5. Michelle Young, Director, High Road Primary School

Some or all of the above witnesses may testify by phone or may use a designee.

---

* *Admitted only in Virginia. Practicing in D.C. pursuant to Rule 49(c)(8): Supervision by Ellen Douglass Dalton and Paul S. Dalton, Members of the D.C. Bar.*

## DOCUMENTS FOR 5 DAY

| | | |
|---|---|---|
| FEPCS - 01 | FEPCS Motion to Dismiss | 4/13/06 |
| FEPCS - 02 | Letter to Ms. Travers | 7/2[illegible]/05 |
| FEPCS - 03 | Letter to Ms. Travers | 7/25/05 |
| FEPCS - 04 | Letter to Student Hearing Office | 7/22/05 |
| FEPCS - 05 | MDT Meeting Notes | 7/21/05 |
| FEPCS - 06 | Hearing Officer's Determination | 6/23/05 |

* We reserve the right to examine any witnesses disclosed by DCPS or the Parent as if they were witnesses for our client and rely on any documents disclosed by DCPS or the Parent as if they were our documents.

* We object to any documents identified by DCPS or the Parent in their 5 Day Disclosure if copies are not physically produced with the 5 Day Disclosure letter.

Sincerely,

Paul S. Dalton, Esq.
Counsel for FEPCS

cc: Student Hearing Office
Ms. Rashida Chapman, Esq., Attorney Advisor, DCPS

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID) SPECIAL EDUCATION PROGRAMS

Nina Suggs
on behalf of
A[redacted] S[redacted]

v. April 13, 2005

District of Columbia Public Schools ("DCPS")

and

Friendship Edison, Chamberlain Campus

**Motion to Dismiss Action baesd *Res Judicata* and *Collateral Estoppel***

The parent brings this action based on the Order from a January 7, 2005, hearing officer's determination. The January 7, 2005, HOD ordered DCPS to convene an MDT meeting and for Edison to participate in the meeting. A copy of this HOD was never provided to Edison or counsel for Edison until July of 2005. Between January 2005 and July 2005, this same parent brought two different hearing requests seeking implementation of this HOD from DCPS. Two additional HOD's were issued, one on April 19, 2005, and one on June 23, 2005. Edison was not a party to either of these HOD's, and both order DCPS to convene a meeting at High Road pursuant to the January 7, 2005 HOD. Because the parent has already re-litigated this claim not once, but twice, without notice to Friendship Edison, this current due process hearing complaint should be dismissed as *res judicata.*

If the parent believed that Friendship Edison was responsible for the compensatory education, there was no need to split the claim between DCPS and Edison for over a year. Also, had the parent wanted Edison to attend one of the meetings ordered by the two most recent HOD's a courtesy copy of the HOD's should have been provided to Edison. Because this claim has three final judgments all ordering DCPS to convene a meeting, the hearing request should be dismissed with prejudice based on *res judicata*. .

Lastly, it is unclear whether or not Friendship Edison was named in the two previous hearing requests and simply not given notice of the hearings. If in fact Edison was not a named party in the April 19, 2005 and June 23, 2005 actions this claim is also barred by the doctrine of collateral estoppel, or issue preclusion. This doctrine bars relitigation of factual and legal issues determined in a prior proceeding which were "essential to that judgment". *Oubre v. Distr. of Columbia*, 630 A.2d 699, 703 (D.C. 1993). As stated in one case, "collateral estoppel or issue preclusion is appropriate

when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision". *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272. The doctrine, therefore, is not limited in its [illegible] or whether the actual application to the [illegible] issue was previously litigated. The issue in this case, the convening an MDT meeting, has not only been litigated once, but twice. In both instances the parent chose to have DCPS convene an MDT meeting. The parent cannot now request that Edison be ordered to offer the same relief that DCPS has been ordered to implement three times, once in January 2005, once in April 2005 and once in June 2005. Consequently, this hearing request should be dismissed with prejudice.

Respectfully submitted,

Paul S. Dalton, Esq.
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
703-739-4300
703-642-2323 – fax

<u>Certificate of Service</u>

I certify that a copy of this document was faxed to Douglas Tyrka , Esq. at 202-265-4264 and Rhoshida Chapman at 202-442-5098.

Paul S. Dalton, Esq.

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street

Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~
*ALSO ADMITTED IN D.C. & W.VA
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

July 29, 2005

Paula Travers
District of Columbia Public Schools
825 North Capitol Street, N.E.8th Floor
Washington, DC 20002

RE: A[redacted] S[redacted]

Dear Ms. Travers:

We have had an opportunity to review the January 7, 2005 HOD with our client. At this time we are prepared to go forward with the compensatory education meeting at High Roads. Please propose potential dates for the meeting and someone from our office will be available to attend the meeting for A[redacted]. Thank you for your assistance with this matter.

Sincerely,

Laura E. Duos, Esq.

cc: Roderick Moore, Special Education Coordinator
Carolyn Houck, Esq.

**FAX TRANSMISSION COVER SHEET**
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**

**Alexandria, Virginia 22314**
**(703) 739-4300**
**FAX (703) 739-2323**

**DATE:** July 29, 2005

**TO:** Paula Travers

**AT FAX:** 202-442-5517

**FROM:** Laura Duos, Esq.

**RE:** A[redacted] S[redacted]

**NUMBER OF PAGES INCLUDING THIS PAGE:** 2

**ADDITIONAL INFORMATION:**

---

**PLEASE DELIVER ASAP.**

****************************************************************************

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

****************************************************************************

**HP Officejet 7410**
Personal Printer/Fax/Copier/Scanner

**Log for**
DALTON

Jul 29 2005 11:28AM

Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| Jul 29 | 11:27AM | Fax Sent | 2024425517 | 0:36 | 2 | OK |

**FAX TRANSMISSION COVER SHEET**

**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**
[illegible] Pendleton Street
Alexandria, Virginia [illegible]
**(703) 739-4300**
**FAX (703) 739-2323**

**DATE:** July 29, 2005

**TO:** Carolyn Houck, Esq.

**AT FAX:** 301-951-4248

**FROM:** Paul S. Dalton, Esq.

**RE:** A[redacted] S[redacted]

**NUMBER OF PAGES INCLUDING THIS PAGE:** 2

**ADDITIONAL INFORMATION:**

---

**PLEASE DELIVER ASAP.**

*****************************************************************************

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

*****************************************************************************

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street

Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC Office:
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~
*ALSO ADMITTED IN D.C. & W.VA
+ADMITTED IN D.C. & PA
~ADMITTED IN MD

July 25, 2005

Paula Travers
District of Columbia Public Schools
825 North Capitol Street, N.E.8th Floor
Washington, DC 20002

RE: A[redacted] S[redacted]

Dear Ms. Travers:

Thank you for forwarding the January 7, 2005 HOD. As you know, neither our office nor our client received this HOD before last week. I have written to the student hearing office requesting any information they have to the contrary.

Now that our office has had an opportunity to review the HOD, we are in the process of consulting our client as to whether or not they wish to appeal this decision. We will make a decision regarding appeal by the end of this week. Consequently, we cannot agree to attend an MDT meeting on the 26th or 28th of this month. If we choose not to appeal the decision we can be available to meet during the first week in August. I will contact you by the end of the week once we know how our client wishes to proceed with this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

Laura E. Duos, Esq.

cc: Roderick Moore, Special Education Coordinator
Carolyn Houck, Esq.

FEPCS - 03

# FAX TRANSMISSION COVER SHEET

Dalton, Dalton & Houston P.C.
Attorneys at Law

Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE: July 25, 2005

TO: Paula Travers

AT FAX: 202-442-5517

FROM: Laura Duos, Esq.

RE: A[redacted] S[redacted]

NUMBER OF PAGES INCLUDING THIS PAGE: 2

ADDITIONAL INFORMATION:

---

PLEASE DELIVER ASAP.

********************************************************************************

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

********************************************************************************

Apr. 13. 2006 4:36PM Dalton, Dalton & Houston No. 1093 P. 13

P 1

* * * Transmission Result Report (MemoryTX) ( Jul 25. 2005 3:51PM ) * * *

1) Dalton. Dalton & Houston
2)

Date/Time: Jul 25. 2005 3:41PM

| File No. | Mode | Destination | Pg (s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 3557 | Memory TX | 2024425517 | P. 2 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE: July 25, 2005

TO: Paula Travers

AT FAX: 202-442-5517

FROM: Laura Duos, Esq.

RE: [illegible]

NUMBER OF PAGES INCLUDING THIS PAGE: 2

ADDITIONAL INFORMATION:

PLEASE DELIVER ASAP.

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Telephone: (703) 
Facsimile: (703)-642-3101
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~
*ALSO ADMITTED IN D.C. & W.VA
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

Washington DC Office:
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

July 22, 2005

By Mail ___
By Fax _X_

Student Hearing Office
ATTN: Sharon Newsome
825 North Capitol Street, N.E.8th Floor
Washington, DC 20002

RE: A[redacted] S[redacted]

Dear Ms. Newsome:

I am writing on behalf of Friendship Edison Public Charter School (FEPCS) concerning the January 7, 2005, Hearing Officer's Determination for A[redacted] S[redacted], which our office never received. Additionally, there are two subsequent HOD's, one dated April 19, 2005, and one from June 2005, concerning A[redacted] which order FEPCS to participate in a MDT meeting. Our office never received any of these HOD's when they were issued. If you have confirmations showing that these HOD's were sent to our office please forward me that information. To date, the only HOD we received from the student hearing office was the November HOD which placed A[redacted] at High Roads School.

Yesterday, we were able to obtain the January 7, 2005, HOD from the special education department. For the first time we became aware that the hearing officer made findings against Edison. We will need additional time to confer with our client to determine if appeal is necessary. Because we did not receive the HOD within the thirty day timeframe to appeal, FEPCS is asserting that the thirty day timeline for appeal started to run yesterday, which is the first time we were able to review the HOD. Please contact me if you have any additional information that would help resolve this matter.

Sincerely,

Paul S. Dalton, Esq.

FEPCS - 04

**FAX TRANSMISSION COVER SHEET**
**Dalton, Dalton & Houston P.C.**
**Attorneys at Law**

**Alexandria, Virginia 22314**
**(703) 739-4300**
**FAX (703) 739-2323**

**DATE:** July 22, 2005

**TO:** Sharon Newsome

**AT FAX:** 202-442-5556

**FROM:** Paul S. Dalton, Esq.

**RE:** [redacted]

**NUMBER OF PAGES INCLUDING THIS PAGE:** 2

**ADDITIONAL INFORMATION:**

---

**PLEASE DELIVER ASAP.**

*********************************************************************************

**THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.**

**IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.**

*********************************************************************************

* * * Transmission Result Report (MemoryTX) ( Jul 22. 2005 5:13PM ) * * *

1) Dalton Dalton.& Houston
2)

Date/Time: Jul 22. 2005 4:48PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 3517 | Memory TX | 2024425556 | P. 2 | OK | |

Reason for error
E.1) Hang up or line fail
E.3) No answer
E.2) Busy
E.4) No facsimile connection

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE: July 22, 2005

TO: Sharon Newsome

AT FAX: 202-442-5556

FROM: Paul S. Dalton, Esq.

RE: Antoine Saggs

NUMBER OF PAGES INCLUDING THIS PAGE: 2

ADDITIONAL INFORMATION:

PLEASE DELIVER ASAP.

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

**(MDT)**
**MEETING NOTES**

MDT REFERRAL DATE: _____

STUDENT: A█████ S█████    SCHOOL: High Road: Primary   DATE: 7/21/2005

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Paula Travers | Paula Travers | Parent Spec/Mem, DCPS |
| Kathryn L. Fischer | Kathryn L. Fischer | Speech Pathologist |
| Tonya D. Washington | Tonya D. Washington | Spec. Ed. Teacher |
| PATRICE MARSHALL | Patrice A. Marshall | Social Worker |
| ███████ | ███████ | ███ Advocate |
| Laura Dues | ███████ | Educ. counsel |
| █████ Sugg █ | █████ Sugg | mother |
| Rodrick K. Noble | Rodrick K. Noble | SPC/Chairperson |

This met met to review a████'s IEP and to discuss
comp. ed.

SVCS S/L = 1 hr./wk.

SPEECH

Twice a week, fluency, fluent when he reads, in
conversation less fluent. Trying to get him to relax
his vocal chords, (may use a metronome) to help
him with verbal fluency. a████ stuttered. DCPS
asked for research-based information on research
therapy in relationship to stuttering. Therapist
feels that a "carryover" program would be more
beneficial. S/L therapist will provide specific
information about the "carryover" program.
(Classroom Teacher)

R/R = 1st grade = Level # = 97% accuracy. Working   running record
on self-monitoring skills. Concerns-while reading

DISTRICT OF COLUMBIA PUBLIC SCHOOLS   07-02-2001   DIVISION OF SPECIAL E___

FEPCS - 05

03/Apr. 13. 2006 4:37PM 2265 Dalton, Dalton, & Houston RKAHOUCK No. 1093 P. 18 16/66

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: MDT

Page: 2 of 6

STUDENT: [redacted] DATE OF BIRTH: 5/13/1997

DATE: 7/21/2005

The team will reconvene to discuss the disability classification after receiving the results of a neurological consult being doing independently by the parent.

Last S/L evaluation was done June, 2002. DCPS will fund an independent speech/language eval, as well as a psychiatric

~~Friendship~~

Comp. ed. discussion did not go forward because both Friendship Edison and advocate from Houck's office would not discuss comp. ed. because they felt ~~that~~ the case had been ~~heard~~ heard and ~~that~~ a specific amount comp. ed. may have been awarded in the January 7, 2005 order.

Comp. Ed.

advocate asked for 15 minutes/wk that was not provided from 11/2004 - July, 2004.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS 02-12-02 DIVISION OF SPECIAL EDUCATION ~ NON-PUBLIC MDT MEETING NOTES APPENDIX A

07/21/2005 15:45 3018705715

24

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES

Page: 3 of 6

MEETING TYPE: MDT

STUDENT: A[redacted] W[redacted] DATE OF BIRTH: [redacted]/97

current IEP include programming that is ~~inap~~ incorporated into ~~his~~ a classroom routine that ~~are~~ directly involves a counsellor. The advocate stated that because a[redacted] did not get the individualized 15 minutes of counseling at Highland that time/ service was missed and needs to be addressed in a comp. ed. discussion.

Advocate

~~A~~ stated that the appropriate documentation, namely a January 7, 2005 ordering a comp. ed. discussion

Friendship Edison

also stated that they could not go forward because of the missing documentation HOD

DCPS = was ordered to a ~~June 7~~ April 19, 2005 to convene a meeting via a January 7, 2005 ~~IEP~~ HOD to discuss comp ed.

Neither Friendship nor the attorney nor DCPS was able to produce the January 7, 2005 HOD.

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES
MEETING TYPE: MDT

Page: 4 of 6

STUDENT: [redacted]
DATE OF BIRTH: 2/18/1997
SCHOOL: High Roads Primary
DATE: July 21, 2005

MDT met to discuss comp. ed. atty/advocate, DCPS, Friendship Edison Charter and High Roads Primary were present.

[illegible] wonder. Working on decoding. Reading is a strength. Math = problem-solving. Has trouble following steps and processes. Social skills also impede his progress. → Single-digit addition, one-digit subtraction. Has taken on a leadership role. Summer teacher - has not noticed a big problem with stuttering.

Counseling

1/2 - IND, 1/2 30 min/grp.

Classroom, can be a leader, has shown some maturity but also will associate with students who engage with negative behavior (to gain friendships). Therapist recommended a clinical evaluation but a clinical evaluation was done. Friendship produced a Clinical Psychological Eval. completed in Aug, 2004. The team adjusted/added a [redacted] psychotherapy hours to the 2.5 hours, High Roads stated that the 15 minutes included as counseling hours on 1.5

DCPS denied the request because the services were incorporated into his regular programming at High Roads. Counsel offered no specific goal of the service, nor ... appear what benefit the extra 15 minutes would bring to the student.

advocate

Compel./counsel asked for 2 years of full time special education instruction missed at Friendship. E.l. and for OT/Counseling/S/L = also 2 years years in question are 02-03 SY, 03-04.

Friendship

A[redacted] did have an IEP that was serviced during that time period.

APR. 13. 2006 4:37PM 2265 Dalton, Dalton & Houston P.C. RKAHOUCK NO. 1093 P. 22 20/66

Questions for nonpublic

1) How is the school accessing the general ed. curriculum?

2) [illegible] teachers for academics?

3) are there certified general education teachers for PE/art/music/ and/or all electives offered

4) Do the administrator ~~certified~~ director/principal certified to administrate this population?

5) Is there a provision for students eligible to receive a free or reduced lunch ~~each day?~~ during school day?

6) For students who need academic remediation, what specific, research-based interventions are in place that address the specific needs of the student?

7) How is student progress in these interventions being measured?

8) Is there a recreational area adjacent to the school facility?

9) Are all teachers "highly qualified"; that is, if a

07/21/2005 15:45 3018496715

A[redacted] S[redacted] MDT 7/21/05

Speech pathologist recommended a computer based program which would give him services on a daily basis at DP and [illegible] Trained/monitoring. DP DCPS requested a session as a [illegible] model to making the change.

The parent/Advocate requested a Clinical Ed. session and they had one that would be provided by an ERA with direct [illegible].

He has 2.75 hrs of counseling on his IEP but is only currently getting 2.50 that High Roads can document. DCPS scheduled the meeting and did not have the 1705 [illegible] which is specific to the Comp Ed Plan. [illegible] Edison documented requests to DCPS having a copy of this document so a [illegible] plan can be developed. DCPS stated that it was only responsible for [illegible]

7/21/05

The meeting convened pursuant to a June 23, 2005 HOD. This HOD does not mention [illegible]

A previous 4/19/05 HOD orders Edison to attend an MDT meeting held by DCPS. Edison never received the 4/19/05 HOD. This HOD relates back to a 1/07/05 HOD which may have ordered Edison to provide comp. ed. Again, Edison never received any of these HOD's.

Upon learning of the existence of the 1/07/05 HOD, Counsel for Edison submitted a written request to the Student Hearing Office for the 1/07/05 HOD. To date, we have not received the HOD. Without this HOD, Edison does not have the appropriate information ~~to date~~ or any parameters to discuss comp. ed. Furthermore, Edison has never been given an opportunity to review this HOD with their client. Counsel for Edison will continue to attempt to obtain the 1/7/05 HOD from the Hearing Office, and other parties agreed to do the same.

[signature]

Counsel for Edison

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

## *State Enforcement and Investigative Division*

## CONFIDENTIAL

**Charles R. Jones, Esq., Due Process Hearing Officer**
**825 North Capitol Street, N.E. 8th Floor**
**Washington, D.C. 20002**
**Facsimile: (202) 442-5556**

| | |
|---|---|
| **In the Matter of** | **IMPARTIAL DUE PROCESS** |
| **A[redacted] S[redacted], Student,** | **HEARING OFFICER'S DECISION** |
| **Date of Birth: 05-13-97** | |
| **Petitioner,** | **Hearing Date: June 21, 2005** |
| **vs.** | Held at: 825 North Capitol Street, NE<br>Eighth Floor<br>Washington, D.C. 20002 |
| **The District of Columbia Public Schools,**<br>**Attending School: High Road Primary**<br>**Respondent.** | |

## ORDER

**Parent(s):**
Nina Suggs
2004 Maryland Ave., Apt. 104
Washington, D.C. 2004

**Counsel for Parent:**
Douglas Tyrka, Esq.
Law Office of Carolyn W. Houck, Esq
5505 Connecticut Ave., N.W.
Suite 174
Washington, D.C. 20015

**Counsel for School:**
Rashida Chapman, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**State Enforcement and Investigative Division**

**Special Education Due Process Hearing**

## I. INTRODUCTION

On May 13, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Rashida Chapman, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination (HOD) dated April 20, 2005.

A Due Process Hearing was convened on June 21, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Douglas Tyrka, Esq., Attorney-Advisor, represented DCPS. Rashida Chapman, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated June 14, 2005: AS-1 through AS-7. On behalf of DCPS: Disclosure Letter dated June 14, 2005. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony in this matter as the parties settled this case on the record.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination (HOD) dated April 20, 2005?

## IV. SUMMARY OF RELEVANT EVIDENCE

... that they had agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

## V. FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- Petitioner is the prevailing party in this matter. The following terms, as set forth in the record, are in the best interest of this student; therefore, the terms shall be incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **DCPS shall, within thirty- (30) calendar days of the issuance of HOD, convene a MDT meeting to develop a Compensatory Education Plan for A[redacted] S[redacted]**

2) **All communications and notices shall be sent through the parent's counsel including the resolution meeting.**

3) **Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.**

Apr. 13. 2006 4:38PM Dalton, Dalton & Houston NO. 1093 P. 20
08/03/2005 13:06 2024425556 STUDENT HEARINGS OFF PAGE 05/05

## VI. APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION**. Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

Charles R. Jones, Esq., Hearing Officer

Date Filed: 06-23-05

Date Issued: 6/23/05

4.

34

TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

March 10, 2006

Paul S. Dalton, Esq.
Law Offices Dalton, Dalton & Houston, P.C.
1008 Pendleton Street
Alexandria, VA 22314-1837
By Fax: 703-739-2323

**RE: A[redacted] S[redacted] (D.O.B. 05/31/97)**

Mr. Dalton:

A hearing has been scheduled for **11:00 a.m. on March 17, 2006**, to adjudicate a due process complaint filed on behalf of the above-captioned student, **A[redacted] S[redacted]**. In addition to any documents and witnesses disclosed by DCPS, the parent reserves the right to rely on the following witnesses and documents, as well as any other documents previously disclosed or offered into evidence in any other matter concerning this student.

Documents:

1. 03/10/06 Disclosure Letter
2. 01/07/05 Hearing Officer's Determination
3. 07/21/05 MDT Meeting Notes
4. 07/21/05 Advocate's MDT Meeting Notes
5. 07/21/05 FEPCS MDT Meeting Notes
6. 07/21/05 Addendum to IEP
7. 07/21/05 MDT Student Evaluation Plan
8. 11/08/05 IEP Meeting Notes
9. 11/08/05 IEP
10. 11/08/05 DCPS Compensatory Education Plan
11. 01/25/06 Cover Letter to Friendship Edison Public Charter School ("FEPCS")
12. 01/25/06 Due Process Complaint Notice
13. 01/25/06 Fax Confirmations
14. 03/01/06 Hearing Notice
15. 03/10/06 Petitioner's Motion for Default
16. 4-17-05 HOD
17. 6-23-05 HOD

– AS 1

Witnesses:[1]

1. Ms. Sharon Millis, Special Education Advocate & Expert
2. Ms. Jacqueline Donnell, Special Education Advocate & Legal Assistant
3. Ms. Alisha Bolden, Paralegal
4. [illegible]
5. Ms. Nina Suggs, Parent

Sincerely,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

[1] Some witnesses may be telephone and/or use a designee.

Thomas/Anitra

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of Compliance

CONFIDENTIAL

## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of A[redacted] S[redacted]<br>Date of Birth: May 31, 1997<br><br>Petitioner,<br><br>v.<br><br>District of Columbia Public Schools<br>("DCPS" or "District")<br>Attending School: FEPCS<br>Respondent. | **IMPARTIAL DUE PROCESS**<br><br>**HEARING OFFICER'S DECISION**<br><br>Hearing Dates: July 12, 2004<br>July 27, 2004<br>November 8, 2004<br><br>Held at: 825 North Capitol St. NE<br>Washington, DC |

Counsel for Student:

Douglas Tyrka, Esq.
Carolyn Houck, Esq.
5505 Connecticut Ave. NW #174
Washington DC 20015

Counsel for DCPS:

Karen Jones Herbert, Esq.
Michael Levy, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC 20002

**JURISDICTION:**

A Due Process Hearing was convened on July 12, 2004, July 27, 204, and November 8, 2004, at the headquarters of the District of Columbia Public Schools, 825 [illegible] in response to a hearing request submitted by counsel for the student and parent filed June 15, 2004. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

AS2

**DUE PROCESS RIGHTS:**

The parent's counsel waived a formal reading of the due process rights.

**SUMMARY OF THE RELEVANT EVIDENCE:**

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (AS 1-38, FE 1-33 and DCPS 1) which were admitted into the record.[1] The due process hearing convened on July 12, 2004, and resumed on July 27, 2004. Testimony was taken but not concluded and the matter was continued. The parties reached partial agreement on actions to be taken prior to the resumption of the hearing. That agreement was incorporated in a Hearing Officer's Determination (HOD) issued August 11, 2004. The hearing was continued several times thereafter by agreement of all parties. The hearing concluded on November 8, 2004.[2]

Pursuant to the August 11, 2004, HOD, a multi-disciplinary team (MDT) meeting convened to review and revise the student's individualized education program (IEP) and determine placement. All parties acknowledged at the November 8, 2004, hearing that based on the IEP revision Friendship Edison Public Charter School Chamberlain campus (Edison) was an inappropriate placement for the student. No placement was proposed for the student by DCPS at the hearing. Consequently, an interim HOD issued in this matter on November 17, 2004, placing the student at High Road School.

**FINDINGS OF FACT:**

The student was first determined to be eligible for special education on December 7, 2000, while attending the University of District of Columbia early childhood education program (UDC). The IEP developed at UDC provided for the student to receive the following weekly services: 45 minutes of specialized instruction, 45 minutes of occupational therapy and 90 minutes of speech therapy. The student received these services while attending UDC. However, in January 2001, the parent enrolled the student in the Head Start program at Rosedale Recreation Center where he remained until he completed that program in June 2002. (Parent's testimony, Grandmother's testimony, AS 3)

The parent had a speech/language evaluation conducted of the student in July 2002 at the UDC Speech and Hearing Clinic. That evaluation indicated the student had a speech disorder and recommended he receive speech therapy. At the start of the 2002-03 school

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[2] Edison counsel represented after the hearing that two persons offered testimony who the Hearing Officer, after reviewing the tape recorded record, concluded did not testify.

The student demonstrated minimal academic progress during the 2003-04 school year due to his short attention span and poor behavior in the classroom. Edison provided the student specialized instruction through his special education teacher Mr. Johnson. Mr. Johnson provided an IEP report card for the four quarters of the school year indicating the student's progress relative to his IEP goals and objections. Mr. Johnson in the progress reports as early as the second quarter indicated that the student was showing minimal progress due to his continuous short attention span and behaviors in the classroom. Edison conducted a functional behavioral assessment of the student in February 2004. (AS 6, A 12, AS 13, FE 9, FE 10, FE 11)

On June 21, 2004, the student's IEP was reviewed and revised. The revised IEP prescribed the following weekly services: 1 hour of speech/language, 24.75 hours of specialized instruction and 2.25 hours of counseling. The MDT determined based on the student's behavior that additional evaluations would be conducted including a clinical psychological evaluation. Edison determined at a meeting was held on June 30, 2004, that the student would be retained in the first grade. Edison determined that 14 hours of speech language were not provided the student and offered to provide these services during summer 2004. (Ms. Whitehead's testimony, AS 13, FE 9, FE 10, FE 11)

The parent filed the current hearing request on June 14, 2004. Pursuant to the agreement reached by the parties the additional evaluations recommended by the MDT were conducted. The student returned to Edison at the start of the 2004-05 school year. A MDT convened in October 2004 reviewed the student's evaluations and revised the student's disability classification to multiply disabled – learning disabled and speech language impaired (LD/SLI). The student remained at Edison until he was placed at High Road pursuant to the November 17, 2004, HOD. (AS 14, FE 33)

The High Road School (High Road) interviewed and accepted the student for admission. The school can provide the student the counseling prescribed in his IEP. The therapist of full time and on site and has DC certification. The school provides speech/language and occupational therapy on site. There are ten students in the classroom in which the student has been placed. These students have various disability classifications. There is one teacher and teacher assistant; the teacher is provisionally certified in special education. (Ms. Young's testimony)

**ISSUE(S):**

Did Edison deny the student FAPE by:

1. Failing to assess the student in all areas of suspected disabilities, specifically learning disabilities (LD) and speech/language impairment (SLI) by failing to conduct the following evaluations: speech/language, clinical, and psycho-educational when the student first began attending Edison?
2. Failing to develop an IEP for the 2002-03 school year?
3. Failing to implement an IEP in the 2002-03 school and provide related services?

year the parent enrolled the student in kindergarten at Edison ... she indicated the student was not in need of special education services. However, she indicated the student received speech therapy. The student was not enrolled as a special education student and was placed in a general education class room. (AS 4, FE 18)

During his kindergarten year at Edison the student demonstrated language, academic and behavioral difficulties. As a result, the student did not successfully meet kindergarten requirements for promotion at the end of the 2002-03 school year. (AS 6)

In May 2003, at the request of the student's teacher and the student's parent Edison conducted evaluations of the student to determine his eligibility for special education. The psycho-educational evaluator concluded the student was functioning in the average range of cognitive ability and recommended the student remain in a general education setting and that his academic performance be closely monitored and that the student be re-assessed after summer 2003. A multi-disciplinary team (MDT) convened on June 30, 2003, and reviewed the student's July 2002 speech/language evaluation and the psycho-educational evaluation. The MDT determined the student to be eligible with a disability classification of speech language impairment (SLI) and concluded the student would remain in a general education classroom and receive speech/language services in a resource room. The IEP developed prescribed one hour per week of speech/language therapy. The parent attended the MDT meeting a signed the IEP. (AS 5, FE 1)

Ms. Whitehead, Edison's special educator coordinator, nor any one else at Edison, to Ms. Whitehead's knowledge, was aware the student had a previous IEP prior to attending Edison. Had Edison had access to the previous IEP the student's level of services might have been increased by the MDT when the June 30, 2003, IEP was developed. (Ms. Whitehead's testimony)

At the student's grandparent's request Edison made an exception to its policy of kindergarten students not attending summer school and allowed the student to attend. The student received speech/language services through UDC during summer 2003. Based upon the student's lack of academic progress during summer 2003, a MDT reconvened on August 25, 2003, and amended the student's IEP to include two hours of specialized instruction with reading and writing goals and objectives and 30 minutes of counseling per week. The parent attended this meeting and signed the IEP. The student was promoted to the first grade for the 2003-04 school year. (Ms. Whitehead's testimony, AS 6, AS 7, AS 9, FE 2)

The ... counseling services during the 2003-04 school year by Mr. Carothers starting in October 2004. The student was not provided speech language services until February 2004. (AS 18 – meeting notes, FE 13)

(In the Matter of AS DOB 5/31/97 HOD January 5, 2005)

4. Failing to develop an appropriate IEP in June 2003; specifically was the June 2003 IEP inadequate because it did not provide specialized instruction or counseling to address the student's behavior issues and did not prescribe full time special education placement?
5. Failing to implement the IEP and provide services to the student in the 2003-04 school year; specifically failing to provide specialized instruction, speech language until February 2004 and counseling until October 2003?
6. Failing to provide the student an appropriate placement?
7. Failing to conduct manifestation hearings prior to the student being suspended.
8. Failing to develop a FBA and BIP in violation of 34 CFR 300.346(a)(2)(i)?
9. Failing to seek assistance from DCPS in order to program for the student pursuant to 5 DCMR 3019.9

As remedy the parent seeks compensatory education for these violations back to September 2002.

**CONTENTIONS OF THE PARTIES:**

Edison counsel asserted the following:

1. Because the IEP developed prior to the student attending Edison was not provided when the student enrolled, Edison was justified in its course of action regarding the student and there was no denial of FAPE.
2. The parent indicated upon the student's enrollment at Edison that the student had not had special education previously; this information was critical in establishing what services should have been provided the student.
3. Young students develop differently and this information was critical in determining whether the level of services to be provided should have been graduated.
4. The student had a high IQ which did not indicate a higher level of services when he was initially evaluated.
5. The record and testimony support a finding that the IEPs were appropriate.
6. The student's services being increased over time is no indication that the full level of services should have been provided initially.
7. The law mandates that a student be placed in the least restrictive environment and the level of services that were first attempted were appropriate given the data of the student's abilities that Edison had at the time.
8. Had Edison been provided the IEP when the student enrolled it could have differentiated between what might be [illegible] disability or need for services.
9. After experience with the student Edison determined specialized instruction was necessary and the school eventually decided to provide full time special education.

(In the Matter of AS DOB 5/31/97 HOD January 5, 2005)

10. With ... disability, counsel acknowledged the parent provided Edison a copy of the student's speech/language evaluation when he enrolled; therefore there was no need for Edison to conduct this evaluation.
11. Conducting a clinical psychological evaluation of the student is not the first course of action when a student displays behavioral problems; the student's behavior was being addressed through behavioral interventions.
12. The student's suspensions did not exceed the threshold of ten days and therefore manifestation hearings were not required.
13. Edison had personnel problems and could not provide the student all the speech/ language services he was to be provided; however, Edison offered to provide these services during summer 2004.
14. The parent agreed at the MDT that all compensatory education claims were resolved except the 14 hours of speech/language services.
15. The documents admitted are sufficient evidence that services were provided to the student and parent waived any right to assert the validity of the information contained the documents.
16. The Hearing Officer should apportion any compensatory education that might be found to be warranted between DCPS and Edison according to their respective responsibility because the claim against DCPS was alleged in the hearing request.

The parent's counsel asserted the following:

1. The parent's counsel withdrew alleged violations against DCPS and/or any claims alleged prior to fall 2002 when the student began attending Edison.
2. There was conflicting testimony that the student's mother provided Edison the previous IEP.
3. Ms. Whitehead's testimony is irrelevant to refute the mother's testimony; she was not the student's teacher and was not special education coordinator at the time.
4. There was no other testimony that contradicted the mother's testimony.
5. When the student arrived at Edison in September 2002 his speech/language problems were evident and soon thereafter behavioral issues emerged.
6. At a minimum Edison should have provided the services in the previous IEP or evaluated the student.
7. Instead, Edison put the student in a general education classroom and sat by documenting each quarter the student's behavior and academic problems but took no other action.
8. There were no new evaluations conducted in fall 2002, no tutoring or specialized instruction provided; instead Edison determined the student should ... the end of the school year.
9. Finally, in May 2003 the school conducted evaluations, although there were complaints back in 2002 of the student's inattentiveness and disruptive behavior.
10. The psycho-educational evaluation recommendations were not followed. The school did nothing to address the student's behavior and academics.

11. The protections and services ... [illegible] ... below average academically.
12. When asked about what changed to warrant the increase in services from 2003 to 2004 Ms. Whitehead indicated that the changes were made because of inattentiveness and behavior.
13. These concerns date back to fall 2002; to say that information just became apparent is erroneous.
14. Something changed between June 2003 and June 2004 but there was no testimony which justified the change.
15. Either the student took a significant downturn or Edison did not obtain the information it should have had to make an appropriate determination at the outset.
16. Because the student's June 2004 IEP and October 2004 IEP prescribe a full time special education placement is indication that full time services should have been provided all along.
17. Ms. Millis' notes indicated that the compensatory education plan could not be finalized; therefore, the parent's or advocate's presence at the MDT meeting does not prove that the statements in the meeting notes were accurate.
18. There was no review or witness in the hearing that spoke to the facts represented by the meeting notes.
19. The burden of proof is on the school to indicate what services were provided, the parent's counsel is not asserting that the student did not get any services during 2003-04 but that there was insufficient proof by Edison that the services were in fact provided.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3022.16 Edison bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

1. Did Edison deny the student FAPE by failing to assess the student in all areas of suspected disabilities, specifically for emotional disturbance (ED) and speech/language impairment (SLI) by failing to conduct the following evaluations: speech/language, clinical, and psycho-educational when the student first began attending Edison? Conclusion: Edison sustained its burden of proof.

Edison counsel acknowledged the parent provided Edison a copy of the student's 2002 speech language evaluation upon his enrollment; therefore, there was at the time no need for Edison to perform such an evaluation. It appears from the ... [illegible] ... therapy during his first year at Edison; however, at the time he had not yet been determined by Edison to be a student in need of special education services. Edison conducted a psycho-educational evaluation when evaluations were requested by the parent and student's teacher in spring 2003. The Hearing Officer concludes that based upon the information available to Edison at the time it was not unreasonable for the initial evaluations to be limited to speech language and

psycho-educational. Although the student ... prior to the start of the 2003-04 school year; however, there was no indication, especially given the student's young age, that the severity of his behavior warranted a clinical evaluation at the time for assessment of emotional disturbance.

2. Failing to develop an IEP for the 2002-03 school year? Conclusion: Edison sustained it its burden of proof.

The parent claimed that she gave Edison the student's previous IEP and the speech language evaluation and discussed with staff the services the student received at the previous schools when she enrolled the student at Edison. However, the Hearing Officer does not credit the part of her testimony that she gave Edison the IEP. The parent did not indicate the student needed special education services on the enrollment application. Other than the parent's testimony that she inquired whether the student could receive speech services when she enrolled the student at Edison, there is no indication that the parent requested the student receive any special education services prior to the request that he be evaluated when evaluations were conducted by Edison in May 2003. The parent testified that the student was given some form of related service during his first year at Edison; however, she did not recall whether it was speech therapy or counseling. Based upon the uncertainty of this testimony, the application submitted upon enrollment and Ms. Whitehead's testimony that she was not aware of the student's previous IEP prior to the due process hearing, the Hearing Officer concludes the Edison did not have the student's IEP when the student began attending Edison and Edison was not aware that the student had been provided special education services prior to him being evaluated in May 2003.

3. Failing to implement an IEP in the 2002-03 school and provide related services? Conclusion: Edison sustained its burden of proof. Based on the foregoing conclusion the Hearing Officer concludes that there was no basis for the student to have been provided special education services prior to him being evaluated by Edison in May 2003.

4. Failing to develop and appropriate IEP in June 2003; specifically was the June 2003 IEP inadequate because it did not provide specialized instruction or counseling to address the student's behavior issues and did not prescribe full time special education placement? Conclusion: Edison did not sustain its burden of proof.

Although Edison counsel asserts that Edison was justified in providing the student with the least restrictive environment and it was reasonable to have attempted lesser services first prior to increasing services, the Hearing Officer is unpersuaded ...

The student's 2003 psycho-educational evaluation indicated the student functioned at average cognitive ability. It also recommended that the student's performance be closely monitored and recommended the student be reassessed. There was clear indication that the student was performing poorly at the beginning and throughout the 2003-04 school year. The student's teachers including his special education teacher commented that the

student was performing poorly due to his inattentive [illegible] were strongly reflected in the student's IEP report cards as early as the second quarter of the 2003-04 school year. There was clear indication to Edison that would warrant the student being reevaluated to determine whether he had been programmed properly. Yet, he was not. Consequently, the student was due to be retained in the first grade year.

The MDT determined after the student had essentially failed both his first and second year at Edison that the student was in need of full time special education programming. Based upon the student's reevaluation in 2004 a MDT determined that the student should also be classified as learning disabled. The Hearing Officer concludes that the student should have had additional evaluations conducted at least at the mid point of the 2003-04 school year to determine whether the additional programming that was eventually provided should have been provided earlier. The Hearing Officer concludes that the student should have, therefore, been in a full time special education program at least by the start of the second half of the 2003-04 school year.

5. Failing to implement the IEP and provide services to the student in the 2003-04 school year; specifically failing to provide specialized instruction, speech language services until February 2004 and counseling until October 2003? Conclusion: Edison did not sustain its burden of proof.

There was sufficient evidence in the record based on the student's IEP report card and the tracking forms to conclude that the student was provided specialized instruction. In addition, there was sufficient proof in the tracking forms that the student was provided counseling during the 2002-03 school year starting in October 2003. There was no evidence that the student was provided speech language therapy during the 2003-04 school year prior to February 2004. Edison indicated that it offered the parent 14 hours of compensatory education for the missed speech language services. There was no agreement by the parent to this offer. Edison did not provide any other evidence of the actual amount of speech language services delivered or missed. Absent such evidence the Hearing Officer must conclude that the student was not provided these services for the time that was alleged - from September 2003 through February 2004, and the student is due compensatory education for the missed services.

6. Failing to provide the student an appropriate placement? Conclusion: Edison did not sustain its burden of proof. Based upon the foregoing the Hearing Officer concludes the student should have been provided a fulltime special education placement as of the mid point of the 2003-04 school year.

[illegible] manifestation hearings prior to the student being suspended? Although there were representations made by Edison that the student's suspensions did not exceed ten days, there was no evidence presented by Edison on this issue. However, there was also no evidence presented by the parent for the Hearing Officer to determine

what if [illegible] ...ght be due because there was no evidence as to the number of days of school missed by the student because of suspensions.

8. Failing to develop a FBA and BIP in violation of 34 CFR 300.346(a)(2)(i)? Conclusion: Edison sustained its burden of proof. There was sufficient documentation in the record that Edison conducted an FBA of the student in February 2004 and that based on the counseling tracking forms and the teacher comments in the record that a BIP had been developed for the student.

9. Failing to seek assistance from DCPS in order to program for the student pursuant to 5 DCMR 3019.9? Once additional evaluations were conducted the parties agreed that Edison was an inappropriate placement for the student. The student has now been placed with DCPS funding in an alternative placement. The Hearing Officer concludes that there was no violation of this provision by Edison.

Although Edison counsel asserted that any award of compensatory education should be attributed proportionally between DCPS and Edison the Hearing Officer concludes based upon the parent's counsel's withdrawal of claims prior to fall 2002, when the student began attending Edison, there is no basis for any compensatory education to be attributed to DCPS.

**ORDER:**

1. Edison shall provide the student compensatory education for the missed speech language services from September 2003 to February 2004, for the additional specialized instruction the student should have received from January 2004 through June 2004 when the student should have been in a full time special education placement, and for the counseling services he did not receive in September 2003.

2. Within sixty (60) calendar of the issuance of this Order DCPS shall convene, and Edison shall participate in, a MDT meeting to determine the form and duration of compensatory education the student will be provided and develop a compensatory education plan.

3. DCPS shall continue to place and fund the student at Rock Creek Academy and provide transportation services until such time as DCPS convenes a MDT/placement meeting and issues a [illegible]

4. Edison and DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, his guardian and/or representative(s).

(In the Matter of AS DOB 5/31/97 HOD January 5, 2005)

APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: January 5, 2005**

Issued: 1-7-05

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM (MDT) MEETING NOTES

MDT

MDT REFERRAL DATE: ________

STUDENT: A[redacted] S[redacted]

SCHOOL: High Road Primary DATE: 7/21/2005

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Paula Travers | Paula Travers | Placement Spec/Mun DCPS |
| Kathryn L. Fischer | Kathryn L. Fischer | Speech Pathologist |
| Tonya D. Washington | Tonya D. Washington | Spec. Ed Teacher |
| PATRICE MARSHALL | Patrice Y. Marshall | Social Worker |
| [illegible] | [illegible] | Ed Advocate |
| Laura Duos | Laura Duos | Edison counsel |
| Nikki Suggs | Nikki Suggs | mother |
| Roderick K. Moore | Roderick K. Moore | SEC/Chairperson |

This mdt met to review A[redacted]'s IEP and to discuss comp. ed.

Svcs S/L = 1 hr./wk.

Speech

Twice a week, fluency, fluent when he reads, in conversation less fluent. Trying to get him to relax his vocal cords. (may use a metronome) to help him with verbal fluency. A[redacted] stutters. DCPS asked for research-based information on research S/L therapy in relationship to stuttering. Therapist feels that a "carryover" program would be more beneficial. S/L therapist will provide specific information about the "carryover" program.

Classroom Teacher

[illegible] Level H = 97% accuracy. Working on self-monitoring skills. Concerns - while reading

DISTRICT OF COLUMBIA PUBLIC SCHOOLS 07-02-2001 DIVISION OF SPECIAL ED

AS 3

07/21/2005 15:45 3018705715 PAGE 03

WASHINGTON, DC

MULTIDISCIPLINARY TEAM (MDT)
CONTINUATION MEETING NOTES

Page: 2 of 6

MEETING TYPE: MDT

STUDENT: [redacted]

SCHOOL: High Roads Primary

DATE OF BIRTH: 5/13/1997

DATE: 7/21/2005

[illegible]

disability classification after reviewing the results of a neurological consult being doing independently by the parent.

Last S/L evaluation was done June, 2002. DCPS will fund an independent speech/language eval, as well as a psychiatric

~~Friendship~~

Comp ed. discussion did not go forward because both Friendship Edison and advocate from Houck's office would not discuss comp. ed. because they felt ~~that~~ the case had been ~~h~~ heard and ~~that~~ a specific amount comp. ed. may have been awarded in the January 7, 2005 order.

Comp Ed.

advocate asked for an 15 minutes/wk that was not provided from 11/2004 - July, 2004.

WASHINGTON, DC

MULTIDISCIPLINARY TEAM (MDT)
**CONTINUATION** MEETING NOTES
MEETING TYPE: MDT

Page: 2 of 2

STUDENT: A[redacted] W[redacted]
SCHOOL: High Roads Primary
DATE OF BIRTH: [redacted]
DATE: July 21, 2005

Current IEP ... incorporated into ~~his~~ a classroom routine that ~~his~~ directly involves a counsellor. The advocate stated that because a [redacted] did not get the individualized 15 minutes of counseling at High Road that time/service was missed and needs to be addressed in a comp. ed. discussion.

Advocate

stated that the appropriate documentation, namely a January 7, 2005 ordering a comp. ed. discussion

Friendship Edison also stated that they could not go forward because of the missing documentation

DCPS = was ordered to a HOD ~~June 7~~ April 19, 2005 to convene a meeting via a January 7, 2005 ~~IEP~~ HOD to discuss comp. ed.

Neither Friendship nor the attorney nor DCPS was able to produce the January 7, 2005 HOD.