DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, DC

MULTIDISCIPLINARY TEAM (MDT)
**CONTINUATION** MEETING NOTES
MEETING TYPE: _MDT_                                    Page: 4 of 6

STUDENT: ~~A████ S████~~
SCHOOL: _High Road P.S._                    DATE: _July 21, 2005_

MDT met ~~to~~ to discuss comp. ed. atty/advocate, DCPS, Friendship Edison Charter and High Roads Primary were present.

Reading. Working on decoding. _Reading is a strength._ _math_ = problem-solving. Has trouble following steps and processes. → Social skills also impede his progress. → Single-digit addition, one-digit subtraction. Has taken on a leadership role. Summer teacher - has not noticed a big problem with stuttering.

_Counseling_
1/2 = IND, 120 min/grp.
Classroom, can be a leader, has shown some maturity but also will associate with students who engage with negative behavior (to gain friendships) Therapist recommended a clinical evaluation but a clinical evaluation was done. Friendship produced a clinical psychological eval. completed in Aug, 2004. The team adjusted/added ~~A████~~ psych eval. hours to ~~the~~ 2.5 hours. High Roads stated that the is ____ included as counseling hours and is

incorporated into his regular programming at High Roads. Counsel offered no specific goal of the service, nor did counsel offer what educational benefit th[...] _____ _____ to the student.

<u>advocate</u>

Comped./counsel asked for 2 years of full time special education instruction missed at friendship El. and for OT/Counseling/S/L also 2 years years in question are 02-03 SY, 03-04.

<u>Friendship</u>

A[redacted] did have an IEP that was serviced during that time period.

1) How is the school accessing the general ed. curriculum?

2) Are there certified general education teachers for academics?

3) Are there certified general education teachers for PE/art/music/ and on all electives offered

4) Is the administrator (director, principal) certified to administrate this population?

5) Is there a provision for students eligible to receive a free or reduced lunch during each school day?

6) For students who need academic remediation, what specific, research-based intervention are in place that address the specific needs of the student?

7) How is student progress in these interventions being measured?

8) Is there a recreational area adjacent to the school facility?

9) Are teachers "highly qualified", that is, if a

11/21/05

Speech Pathologist recommended a
early voice program which would give
him services on a daily basis [of SLP]
and other services. Teamed [monitored by]
SLP. DCS requested [as such as]
[frequency model] prior to making the
change.

Therapist/Advocate requested a
Clinical [Edison] said this [needs ???]
that would [provide] and an FBA
with direct measures.

He has 2.75 hrs of counseling on his
IEP but is only formally getting 2.50
that HighRoads can document
DCS scheduled the meeting and did
not have the 11/05 doc's which is
specific to the [Comp Ed] Plan
[Ricardo Ana] Edison documented
requests to DCS hearing office
[as this ???]

Plan can be developed
DCS stated that [they are only]
responsible for [???]

7/21/05

The meeting convened pursuant to a June 23, 2005 HOD. This HOD does not mention Edison. A . . . . . . HOD orders Edison to attend an MDT meeting held by DCPS. Edison never received the 4/19/05 HOD. This HOD relates back to a 1/07/05 HOD which may have ordered Edison to provide comp. ed. Again, Edison never received any of these HOD's.

Upon learning of the existence of the 1/07/05 HOD, Counsel for Edison submitted a written request to the Student Hearing Office for the 1/07/05 HOD. To date, we have not received the HOD. Without this HOD, Edison does not have the appropriate information to all or any parameters to discuss comp. ed. Furthermore, Edison has never been given an opportunity to review this HOD with their client. Counsel for Edison will continue to attempt to obtain the 1/7/05 HOD from the Hearing Office, and other parties agreed to do the same.

Laura Dunn
Counsel for Edison

AS 5

District of Columbia Public
Schools Division of Special
Education Washington, D.C.

## NEW ADDENDUM MEETING PAGE
Attach to the IEP and check the box on page one.

Student Name ~~A_____~~

Student ID Number ~~_____~~

PARTICIPANTS: (Print Name)                    School _High Roads Primary_

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | DISCIPLINE |
|---|---|---|
| Paula Teavers | _Paula Harris_ | DCPS |
| Zorida Ann Allen | _____ | Assoc. Director |
| Tanya B. Washington | Tanya B. Washington | Special Ed. Teacher |
| PATRICE MARSHALL | Patrice Marshall | Social Worker |
| _____ | _____ | Advocate |
| Nina L. Suggs | Nina B. Suggs | mother |

**INSTRUCTIONS:** Use this addendum, in an IEP/MDT meeting, when changing level of services on an IEP section or part.
Discipline service providers must participate in the meeting. Attach addendum to the IEP and check the appropriate box on page one.

Purpose of this meeting is to:

Review/update a ~~_____~~ IEP, discuss compensatory
education

## SERVICES TO BE ADDED TO THE IEP

| SERVICES | SETTING GenEd SpEd Total | | | FREQUENCY Hr./ Min | D/W/M | PROVIDER (by discipline) | BEGINNING DATE mn/dd/yyyy | DURATION # wks/mos | DATE ADDED mn/dd/yyyy |
|---|---|---|---|---|---|---|---|---|---|
| Psychotherapy | | 2.5 | 2.5 | Hr | W | | 7/22/05 | 3 mos | 10/14/04 |
| Specialized Instruction | 23.25 | 23.25 | | Hr | W | Counselor | 7/22/05 | 3 mos | 10/14/04 |
| Speech/Lang. Therapy | 1.0 | 1.0 | | Hr | W | Special Education Tea | 7/22/05 | 3 mos | 10/14/04 |
| Occupational Therapy | | | | Hr | W | Speech/Lang Therapy | 7/22/05 | 3 mos | 10/14/04 |
| TOTAL | 27.5 | 27.5 | | Hr | W | Occupational Therapist | 7/22/05 | 3 mos | 10/14/04 |

**CURRENT IEP :** Percent of time in Special Services
☐ 0-20%  ☐ 21-60%  ☒ 61-100%    Hours Per Week

**THIS ADDENDUM :** Percent of time in Special Services
☐ 0-20%  ☐ 1-60%  ☒ 61-100%

Describe:

SIGNATURE FOR ADDITION(S) APPROVAL: _Nina B. Suggs_

DISTRICT OF COLUMBIA PUBLIC SCHOOLS                    DATE: 7/21/05

07-02-2001                    DIVISION OF _____

AS 6

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
STUDENT EVALUATION PLAN
(SEP)

**MDT
SEP**

STUDENT: ~~H____~~    DOB: 5-31-97    AGE: 8    GRADE: Un    MEETING DATE: 7/21/05    SCHOOL: High Road Primary

STUDENT IDENTIFICATION NUMBER: 9104722    TEACHER / HOMEROOM:

ADDRESS: 2004 Maryland Ave NE    10 Y    Washington    DC
Street #    Street Name    Quadrant    Apartment #    City,    State,    Zip Code

PARENT(S)/GUARDIAN: Nina Suggs    TELEPHONE (H) 202-398    (W):
2848

Summarize Area(s) of Concern:

Last speech/lang. evaluation report 6/14/02

Team Recommendations:

- Updated speech/lang. evaluation
- re-evaluation or psychiatric evaluation to rule out ADHD per
- psycho educational and clinical evaluation dated 8/16/04 & 8/19/04
- FBA to identify triggers

EVALUATION(S) IN AREA(S) OF LEARNING CONCERN(S)

| ASSESSMENT | ASSESSOR | TEST INSTRUMENT | TIMELINE ASSIGNED | DUE DATE |
|---|---|---|---|---|
| ☐ Psychological | | | | |
| ☑ Speech/Language | High Road Primary School | | | |
| ☐ Social History | | | | |
| ☐ Audiological | | | | |
| ☐ Vision Screening | | | | |
| ☐ Medical | | | | |
| ☐ Educational | | | | |
| ☐ Hearing Screening | | | | |
| ☑ Other | Other: Psychiatric Evaluation (DcPS)    Other: FBA | | | |

TEAM MEMBERS:    NAME    POSITION
Emelda Ghin Allen    Assoc. Director
Paula Traxes, CPS    Placement Spe[c].
Tonya D. Washington    Spec. Ed. Teacher
~~____~~    Social Worker.

TEAM MEMBERS:    NAME    POSITION
Nina L. Suggs    mother

The MDT meeting to discuss the evaluation results is scheduled on ____ at ____ in room ____

Place completed form in MDT folder.
DISTRICT OF COLUMBIA PUBLIC SCHOOLS    07-02-2001    DIVISION OF SPECIAL

AS 7

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

 **MDT**

**CONSENT FOR EVALUATION - INITIAL OR REEVALUATION**
**(*CHECK ONE ONLY - INITIAL OR REEVALUATION)**

**I.    INITIAL EVALUATION CONSENT**

As a result of the review of the screening information at the MDT meeting in _____

It was determined in a MDT meeting that your child, _____

is in need of a full and individual evaluation to assist us in developing the most appropriate educational program. You have been provided a copy of the "Procedural Safeguards - Parental Rights" booklet. We would like to remind you at this time that:

- granting consent for this evaluation is a voluntary action on your part;
- this consent may be revoked at any time although the school district is required to take all necessary action to provide an appropriate program and may be required to initiate due process procedures to obtain consent; and
- by granting consent in writing, you are agreeing to the evaluation(s) in Section III.

**II.    REEVALUATION** ☑  *Speech/Language, Functional Behavior Assessment, Psychiatric*

The MDT received the following request for a reevaluation for _____
by /for a:    ☐ **parent request**        ☐ **teacher request**        ☑ **3 year reevaluation**
The MDT will collect supportive documentation in the area of the disability to determine the need for continued special education and related services. The school is required to only evaluate in those areas of documented need or consensus of the MDT (parent is a member of team). Parents have the right to request assessments to determine if the child continues to be a child with a disability. DCPS may reevaluate your child, without your consent, if the school district can demonstrate that it has taken reasonable steps to get parental consent and the parent has not responded.

- granting consent for this evaluation is a voluntary action on your part;
- this consent may be revoked at any time although the school district is required to take all necessary action to provide a Free Appropriate Public Education program and may be required to initiate due process procedures to obtain consent; and
- by granting consent in writing, you are agreeing to the evaluation(s) on the student evaluation plan (SEP) .

**III.    I give permission for District of Columbia Public Schools to proceed with the evaluation(s) based on the Student Evaluation Plan (attached ) for my child, _____**

Within a reasonable period of time days after completion of the evaluation, we will hold another MDT meeting (to which you will be invited) to determine if your child is eligible for special education and related services. The written reports of all procedures administered will be provided to you at that meeting, along with explanations and interpretations. We will use this information to determine an appropriate program for your child. If records are to be obtained/released as part of this evaluation, the "Consent for Release of Records" form is completed and attached.
If you have questions or concerns at any time during the evaluation process, feel free to contact me at _____ (telephone number).

☐ INITIAL EVALUATION                    ☐ REEVALUATION

Parent Response Section:

_____ (I agree to the proposed evaluation(s))        ☐ I do NOT agree to the proposed evaluation(s)

_____                                         7/21/05
**Parent/Guardian Signature**                                    **Date**

DCPS    DIVISION OF SPECIAL EDUCATION    07-02-2001    MDT - CONSENT FOR EVALUATION    APPENDIX - A

58

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INDIVIDUALIZED EDUCATION PROGRAM
(IEP)
MEETING NOTES

STUDENT: ███████ ███  SCHOOL _HR Primary_  DATE: _11/8/05_

| PARTICIPANTS: | PARTICIPANTS: (Sign Name) | DISCIPLINE |
|---|---|---|
| Michelle Young | _Michelle Young_ | Director |
| Alberta Haskin | | SF Advocate |
| Nina Suggs | _Nina Suggs_ | Grand mother |
| SaShawna Bailey | _SaShawna Bailey_ | mother |
| Kathryn L. Fischer | _Kathryn L. Fischer_ | SPED Teacher |
| Erica Fields | _E. Fields_ | Speech Therapist |
| | | Social Worker |

The purpose of this meeting is to review and revise IEP. Introductions were made. DCPS and Friendship - Edison are not present. Procedural Safeguards was given to parent. There seems to be an issue as to who was responsible for completing the independent Speech + Language Evaluation. HR has agreed to complete it ASAP. Friendship-Edison stated in the 7/21/05 MDT meeting that they have a clinical eval. however we have not received it. The team decided that a clinical was needed and

AS 8

59

of the 7/21/05 DCPS was responsible for the functional Behavior Assess. and Psychiatric Eval. It has not been completed. We will, thes ~~~~~~~~~~~~~. Ms. Juggs will finalize and complete neurological eval. by the end of November.

Ms. Fields - in the last few weeks has been improving with behavior levels. He has better behavior when there are less students in the classroom. However, he can maintain with 10 students. Some behaviors: disrespect towards peers, getting out of seat, addressing students appropriately, and dishonesty. Bus issues continues to be a problem.

Ms. Young - spoke w/ father about the messages sent by him to A██████. The message to defend and retaliate and to take matters into his own hands. It was reiterated to the father that this is a very "bad" message to send.

Ms. Fields - In group tries to tap into his individual talents.

60

young the two households (Grandparents + home) need to come together and consistently deal with him the same way.

Suggs - has started keeping him home when punished for weekend. He will not be disciplined at Grandparents house. He tantrums at home.

Fields & Ms. Millus - suggest other ways in dealing with A████ when tantruming. Take away the attention and audience.

Millus - get father, grandparents and mother in to create communication. It has to happen for A███'s sake.

Fields - has new individual social worker and is making a positive transition. Social Emotional goals will remain the same.

Bailey - In reading he is 1st grade. He's working on phonemes and chunking and long vowel sounds. In math he is mastering 2 digit by 2 digit. His math assessment indicates that he is weakest in measurement, data analysis, probability and problem solving

61

academic goals were hear
and accepted.

Sam — Comp. Ed. plan. Speech + Language
per 1/7/05 HOD ... ... ... ...
Specialized Instruction — 575 hrs and
Counseling 65 hrs. all per 1/7/05 HOD)

3. Fischer — Screened ██████ w/ SELF —
strong receptive and expressive skills.
The area of trouble was following
directions. Will be working on
fluency. Speech goals were present.

3. Young — presented OT summary and
goals.

62

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**WASHINGTON, D.C.**
**INDIVIDUALIZED EDUCATIONAL PROGRAM**

DCPS - IEP  Page 1 of 4

Additional Comments: ☐

## I. IDENTIFICATION INFORMATION

Student Name: Last ~~[redacted]~~     First ~~[redacted]~~     MI

Student ID 9104722   Soc. Sec. No. ~~[redacted]~~

Address 5004 Maryland Ave NE 104
House No.   Street Name   Quadrant   Apartment #

Washington   DC   20002
City   State   Zip Code

Birth 2-21-97   Ethnic Group African American

☐ Non-attending

Attending School High Rd Primary School   Home School

☒ Elem.  ☐ Mid/JHS  ☐ SHS  ☐ CWS /
Parent Nina Suggs

Address of (if different from student):   ☑ Parent  ☐ Guardian  ☐ Surrogate

House No.   Street Name   Quad.   Apt. No.   City   State   Zip Code
Telephone: Home 202 398 2848   Work

## II. CURRENT INFORMATION

Date of IEP Meeting: 11/8/05

Date of Last IEP Meeting: 10/19/04

Date of Most Recent Eligibility Decision: 10/14/04

Purpose of IEP Conference:
☐ Initial IEP   ☒ Review of IEP
☐ Requested Eval.   ☐ 3yr ReEval.

Indicate Level of Standardized Assessment: III

ADDENDA TO BE ATTACHED AS NEEDED
Check the appropriate box(es)

| BEHAVIOR | | ☒ TRANSPORTATION |
| ESY | | TRANSITION |

## III. LANGUAGE

| | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | none | Oral |
| Parent | English | English | English | none | Rdg./ Written |
| Home | English | English | English | none | Instrument: |
| | | | | | Date: |

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd SpEd Total | | | FREQUENCY Hr./ Min  D/W/M. | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|---|---|
| Specialized Instruction | | 23.5 | 23.5 | hr   W | Special Education Teacher | 11/9/05 | 10 mos |
| Psychological Services | | 2.5 | 2.5 | hr   W | School Social Worker | 11/9/05 | 10 mos |
| Speech/Lang Therapy | | 1.0 | 1.0 | hr   W | Speech/Lang Therapist | 11/8/05 | 10 mos |
| Occupational Therapy | | .75 | .75 | hr   W | Occupational Therapist | 11/9/05 | 10 mos |
| | | | | | | | |
| | | | | | | | |
| TOTAL | | 27.5 | 27.5 | Hours Per Week | | | |

## V. Disability(ies)

ND   Learning Disabled / SLI

☐ (Check if setting is general Ed.)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%   ☐ 21-60%   ☒ 61-100%

Percent of time NOT in a Regular Education Setting 100%

## VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

Director   Enfield, social worker

ESL Instr.

Nina Suggs Nina Su

Sashawna Bailey   SPED Teacher

Dorothy L. Fisher   Speech Therapist

✓ I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.

Parent/Guardian Signature Nina Suggs   Date 11/08/05

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 1 of 4

| Student Name | A_____ S_____ | | |
|---|---|---|---|
| Student ID Number 9104722 | | DOB 5/31/97 | Managing School High Road School of Wash. D. |
| | | | Attending School High Road School of Wash. D.( |

DCPS - IEP
Page 2 of 4

## VII. Present Educational Performance L_____

Additional Comments: ☐

**_____ Areas: (Evaluator)** *Special Education Teacher*

**Math Strengths:**
A_____ has mastered double digit addition and counting rote numbers to 100. He has mastered telling time by the hour.

**Impact of disability on educational performance in general education curriculum:**
A_____ needs more practice with double digit subtraction, and counting by 5's. He also needs more work with regrouping.

**Reading Strengths:**
A_____ is able to break down the title, author, main character, and illustrator of a book

**Impact of disability on educational performance in general education curriculum:**
His attention inability is so severe, that it enables him to focus on his educational goals.

(ME)

| | Score(s) When Available |
|---|---|
| Math Cal. | _____ |
| Math Rea. | _____ |
| See goal page: | _____ |
| Date: | _____ |
| | |
| Rdg. Com | _____ |
| Rdg. Basic | _____ |
| Written Ex. | _____ |
| See goal page: | _____ |
| Date: | _____ |

**Communication (Speech & Language) (Evaluator)**
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

| | Score(s) When Available |
|---|---|
| Exp. Lang. | _____ |
| Rec- Lang. | _____ |
| Artic | _____ |
| Voice | _____ |
| Fluency | _____ |
| Exp. Voc. | _____ |
| Rec. Voc. | _____ |
| See goal page: | _____ |
| Date: | _____ |

**Motor/Health (Evaluator)** Kristal Weems-Bradner, OTR/L
**Strengths:**
improving fine motor skills
enthusiastic participant in OT sessions

**Impact of disability on educational performance in general education curriculum:**
deficient skills in visual motor integration and sensory regulation negatively impact performance in the academic setting

| | Score(s) /Results When Available |
|---|---|
| | n/a |
| | _____ |
| | _____ |
| See goal page: | _____ |
| Date: | 11/05 |

**Social Emotional Behavioral Areas: (Evaluator)** *Erica Fields, MSW*
**Strengths:**
Ability to connect behaviors with consequences

**Impact of disability on educational performance in general education curriculum:**
Unable to accept responsibility for behavior,
Difficulty remaining on task, focusing on himself

| | Score(s) When Available |
|---|---|
| | _____ |
| | _____ |
| See goal page: | _____ |
| Date: | _____ |

**Cognitive/Adaptive Behavior: (Evaluator)**
**Strengths:**

**Impact of disability on educational performance in general education curriculum:**

| | Score(s) When Available |
|---|---|
| | _____ |
| | _____ |
| | _____ |
| See goal page: | _____ |
| Date: | _____ |

**Prevocational Skills: (Evaluator)**

**Impact of disability on educational performance in general education curriculum:**

| | Score(s) When Available |
|---|---|
| | _____ |
| | _____ |
| | _____ |
| See goal page: | _____ |
| Date: | _____ |

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 2 of 4

64

Student Name ▓▓▓▓▓▓▓▓
Student ID Number 9104722   DOB 5-31-97

Managing School High Road Primary
Attending School High Road Primary

DCPS - IEP
Page 3 of 4

**VIII. SPECIALIZED SERVICES**   Additional Comments: ☐

Goal Number: ☐

Area addressed by goal: *Reading*

**ANNUAL GOAL:** (including mastery criteria.)

▓▓▓▓ will improve decoding skills demonstrating satisfactory progress mastering the following short-term objectives given 4 out of 5 attempts.

Provider(s): Special Education Teacher, Teacher Asst.

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Segment spoken phonemes contained in one-syllable words of 2-5 phonemes into individual phonemes ex /f/ /i/ /n/ /d/ | | Quarterly |
| Read and spell one syllable words with long vowel sounds formed by -e. | | Quarterly |
| Use strategies to decode full words such as finding individual words in compound words. | | Quarterly |
| Read initial blends using consonants. | | Quarterly |
| Read commons words from second grade sight word vocabulary. | | Quarterly |
| Read aloud grade-appropriate text fluently, accurately, and with comprehension. | | Quarterly |

**EVALUATION PROCEDURE(S)**

☑ Portfolio   ☐   ☐   ☑ Documented Observation   ☐ Report   ☐ Other _____

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix - A     IEP Page 3 of 4

65

Student Name ▓▓▓▓▓▓
Student ID Number 9104722    DOB 5-31-97

Managing School High Road
Attending School High Road

DCPS - IEP
Page 3 of 4

**VIII. SPECIALIZED SERVICES**    Additional Comments: ☐

Area addressed by goal: __Written Expression__

Goal Number: ☐

**ANNUAL GOAL:**

▓▓▓▓ will demostrate one year's growth in the area of written expression by mastering the following short-term objectives with 80% accuracy

Provider(s): Special Education Teacher and Teacher Asst.

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Write in complete sentences. | | Quarterly |
| Distinguish among declarative, exclamatory, and interrogative sentences, and correctly use . , ? , ! at the end of sentences. | | Quarterly |
| Demonstrate basic knowledge of capitalization such as; first word of sentence, names of people, "I", months of year, etc. | | Quarterly |
| Correctly spell first grade high frequency words! | | Quarterly |
| Write a short story of a personal experience containing a logical sequence. | | Quarterly |
| Print legibly in manuscript upper and lower case letters of the alphabet. | | Quarterly |

**EVALUATION PROCEDURE(S)**

☐ Portfolio  ☐ Log  ☐ Chart  ☐ Test  ☐ Documented Observation  ☐ Report  ☐ Other _____

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

| Student Name | A███████ J████ | Managing School | High Road Primary | DCPS - IEP |
|---|---|---|---|---|
| Student ID Number | 9104722 | DOB | 5-31-97 | Attending School | High Road Primary | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**   Additional Comments: ☐   Goal Number: ☐

Area addressed by goal: _Mathematics_

**ANNUAL GOAL:** (including mastery criteria.)

████████ will demonstrate one year's growth in math by mastering the following short-term objectives.

Provider(s): _Special Education Teacher_

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| Count, read, and write whole numbers to 110 and relate them to quantities they represent. | | Quarterly |
| Improve addition skills by adding 2-digit numbers with regrouping given 4 out of 5 trials. | | Quarterly |
| Antoine will use numbers to represent the separating of objects given 4 out of 5 trials. | | Quarterly |
| Subtract a 2-digit number from a 2-digit number given 4 out of 5 trials w/o regrouping. | | Quarterly |
| Identify coins and their values: penny, nickel, dime, and quarter given 4 out of 5 trials. | | Quarterly |
| Tell time to the ½ hour, then quarter hour on a conventional clock given 4 out of 5 trials. | | Quarterly |

**EVALUATION PROCEDURE(S)**

☐ _____   ☐ Test   ☐ Documented Observation   ☐ Report   ☐ Other _____

District of Columbia Public Schools       07-02-2001       Division of Special Education       Appendix - A       IEP Page 3 of 4

67

| Student Name: A_____ S_____<br>Student ID Number: 9104722 | Managing School: The High Road Primary School of Washington DC<br>Attending School: The High Road Primary School of Washington DC | DCPS –IEP |

## VIII. SPECIALIZED SERVICES

Additional Comments:                Goal Number: [ IV ]

ANNUAL GOAL: (including mastery criteria.)            ...... Addressed by goal: Social Emotional: Individual

A_____ will demonstrate the presence of self-awareness, self-confidence, and positive self-esteem with a mastery level of 80%

Provider(s): _Social Worker_

Consider audience, behavior, condition, degree and evaluation.

|  | Date Mastered | Evaluation Schedule |
|---|---|---|
| A_____ will use counseling sessions to increase his sense of self, and build his self-esteem and confidence. |  | QUARTERLY |
| A_____ will use positive means to seek support and attention. |  | QUARTERLY |
| A_____ will make positive self-statements when prompted 80% of the time. |  | QUARTERLY |
| A_____ will identify triggers that elicit feelings of frustration, anger and sadness. |  | QUARTERLY |
| A_____ will enhance and/or develop the ability to communicate and verbalize his feelings of frustration, anger and sadness in a positive and constructive manner. |  | QUARTERLY |
| A_____ will develop and use positive, age-appropriate coping strategies when he encounters conflicts with others, with 80% accuracy. |  | QUARTERLY |

## EVALUATION PROCEDURE (S)

Portfolio    Log    Chart    Test    (Documented Observation)    (Report)    Other _____

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix – A   IEP Page 3 of 4

68

Student Name: A_____ S_____
Student ID number: 9104722

Managing school: High Road Primary School of Washington, DC
Attending School: High Road Primary School of Washington DC

DCPS –IEP
Page 3 of 4

**VIII. SPECIALIZED SERVICES**    Additional Comments:    Goal Number: ☑

*(... ing mastery criteria.)*

A_____ will demonstrate improvement in impulse control and sustained attention and concentration, with 80% mastery.

Provider(s): Social Worker

Consider audience, behavior, condition, degree and evaluation.

|  | Date Mastered | Evaluation Schedule |
|---|---|---|
| A_____ will decrease motor activity as evidenced by the ability to stay still and on task for 10 minute intervals. |  | Quarterly |
| A_____ will recognize appropriate and inappropriate ways to gain approval and acceptance from family members, authority figures and peers. |  | Quarterly |
| A_____ will seek out staff assistance to help resolve peer conflicts/issues prior to initiating verbal or physical conflicts. |  | Quarterly |
| A_____ will increase the frequency of socially appropriate behaviors with students and staff in the classroom and on the bus. |  | Quarterly |
| A_____ will identify stressors that trigger increases in hyperactivity and impulsivity and seek out staff assistance to help maintain focus as needed. |  | Quarterly |
|  |  |  |

**EVALUATION PROCEDURE (S)**

Portfolio    Log    Chart    Test    Documented Observation    Report    Other

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix – A    IEP Page 3 of 4

| Student Name: A▓▓▓ ▓▓▓▓ | Managing school: High Road Primary School of Washington, DC | DCPS –IEP |
|---|---|---|
| Student ID number: 9104722 | Attending School: High Road Primary School of Washington DC | Page 3 of 4 |

**VIII. SPECIALIZED SERVICES**     Additional Comments:     Goal Number: ▢VL▢

Area Addressed by goal: Social Emotional

ANNUAL GOAL: (Including mastery criteria.)

A▓▓▓▓ will demonstrate increased honesty, compliance with rules, and acceptance of responsibility for his behavior, with 80% mastery.

Provider(s): Social Worker

Consider audience, behavior, condition, degree and evaluation.

| | Date Mastered | Evaluation Schedule |
|---|---|---|
| A▓▓▓ will increase the number of statements that reflect the acceptance of responsibility for his misbehavior. | | Quarterly |
| A▓▓▓ will decrease the frequency of lying and misrepresenting his role in conflicts or issues with peers to staff or parents. | | Quarterly |
| A▓▓▓ will increase compliance with rules at home, school and on the bus. | | Quarterly |
| A▓▓▓ will express anger through appropriate verbalizations and healthy physical outlets. | | Quarterly |
| A▓▓▓ will reduce the frequency of aggressive, destructive and antisocial behaviors. | | Quarterly |

**EVALUATION PROCEDURE (S)**

Portfolio     Log     Chart     Test     Documented Observation     Report     Other

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix – A     IEP Page 3 of 4

Student Name A██████ S████
Student ID Number 9104722          DOB 5/31/97

Managing School  High Road School of Wash. D.█
Attending School  High Road School of Wash. D █

DCPS - IEP
Page 3 of 4

**VIII. SPECIALIZED SERVICES**

Goal Number: | I/II |

Area addressed by goal: Sensory Regulation

**ANNUAL GOAL:** (including mastery criteria.)

To demonstrate improved ability to regulate his arousal level to allow for optimal participation in the school environment with 80% success.

Provider(s): Occupational Therapist and Educational Team

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| 1. Will accurately identify arousal level upon request on 3 of 4 attempts with 90% success. | | quarterly |
| 2. Will select and utilize appropriate sensory strategy to regulate arousal level on 4 of 5 observations with 80% success. <br> a. when given 3 choices <br> b. independently | | quarterly |
| | | |
| | | |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Documented Observation   ☒ Report   ☐ Other

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix - A     IEP Page 3 of 4

Student Name  A██████ S██████
Student ID Number 9104722          DOB 5/31/97

Managing School  High Road School of Wash. D.
Attending School  High Road School of Wash. D.

DCPS - IEP
Page 3 of 4

VIII. SPECIALIZED SERVICES

Goal Number: | VIII |

Area addressed by goal:  Visual Motor Integration Skills

**ANNUAL GOAL: (including mastery criteria.)**

To demonstrate improved visual motor integration skills needed to participate in the school environment with 80% success.

Provider(s): Occupational Therapist and Educational Team

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| 1. Will assemble 50 piece puzzle independently in 25 minutes on 2 of 3 attempts with 90% success. | | quarterly |
| 2. Will reproduce 2-D and 3-D forms of moderate to maximal complexity on 4 of 5 attempts with 90% success. | | quarterly |
| 3. Will reproduce a paragraph of 3-5 sentences from near-point with appropriate alignment and spacing on 2 of 3 attempts with 80% success. | | quarterly |
| 4. Will produce cursive signature with appropriate stroke sequence on 4 of 5 attempts with 90% success. | | quarterly |
| 5. Will demonstrate proper keyboarding finger placement while typing at a rate of 10 words per minute on 3 of 4 attempts with 80% success. | | quarterly |
| | | |

**EVALUATION PROCEDURE(S)**

☐ Test  ☒ Documented Observation  ☒ Report  ☐ Other

Student Name: ~~R_____ S____~~
Student ID Number: 9104722          5/31/97

Managing School: High Road PS
Attending School: High Road PS

DCPS - IEP
Page 3 of 4

**VIII. SPECIALIZED SERVICES**     Additional Comments:

Area addressed by goal:

Goal Number: | IX |

(mastery criteria.)

Will increase fluent speech by achieving 80% accuracy on the following goals and objectives during structured and unstructured tasks in the therapy and classroom settings

Provider(s): Speech Therapist, Special Ed Team.

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| 1) Will use fluency shaping techniques when repeating words, phrases, and sentences modeled by the clinician. | | Quarterly |
| 2) Will use fluency shaping techniques to name pictures/objects. | | Quarterly |
| 3) Will use fluency shaping techniques to form phrases/short sentences of 3-7 words in length. | | Quarterly |
| 4) Will explore feelings associated with dysfluency and discuss situations that exacerbate/ decrease dysfluency. | | Quarterly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

Portfolio     (Log)     (Chart)     Test     (Documented Observation)     (Report)     Other Consult E SET

District of Columbia Public Schools     07-02-2001     Division of Special Education     Appendix - A     IEP Page 3 of 4

| Student Name | A |  | Managing School | High Road Primary School | DCPS - IEP |
|---|---|---|---|---|---|
| Student ID Number | 9104722 | DOB 5-31-97 | Attending School | High Road Primary School | Page 4 of 4 |

**Additional Comments:** ☐

## IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION
**SERVICE ALTERNATIVES**

Can curricular modification, accommodation and/or supplemental aids ... ☐ Yes ☐ No
... of regular education classroom.

The student requires a small structured environment to accommodate disability and is significantly below grade level, which requires intensive/individualized instruction.

## X. Supplementary Aids and Services
**Classroom Needs**
(Do not name products or companies.)

| | GenEd | SETTING SpEd | Total | FREQUENCY Hr./ Min | D/W/M. | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|---|
| Crisis Intervention | | | | | | | |
| Daily Point Sheet | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Check and list modifications and/or accommodations for testing:** ☐ None needed

| | |
|---|---|
| Timing/Scheduling: | extended time; break task into parts; test sessions spread over several days |
| Setting: | preferential seating |
| Presentation: | entire test read to student |
| Response: | specific praise for appropriate behavior; |
| Equipment: | calculator |

## XI. STATE AND DISTRICT ASSESSMENTS:

☐ Level I  Tested with non-disabled peers under standard conditions without accommodations

☐ Level II  (Describe accommodations for level II) Tested under standard conditions with special accommodations.

☑ Level III  (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations

☐ Level IV  (Describe the alternative assessment)

☐ Level V  Portfolio:

## XII. Areas Requiring Specialized Instruction and Related Services:

☑ Reading
☑ Mathematics
☑ Written Expression
☐ Other:
☐ None

☑ Physical/Sensory (OT)
☑ Social Emotional
☐ Physical Development

☐ Transition
☐ Vocational
☐ Independent Living
☑ Speech/Language

**Modifications:**
☐ Language Arts/English
☐ Social Sciences
☐ Biological & Physical Sciences
☐ Fine Arts

Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above.

## XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| in general education classroom settin | reject | |
| combination general ed and resource  classroom | reject | continued school failure |
| out of general education classroom | accept | continued school failure |
| | | time away from non-disabled peers |
| | | |

... accommodation(s) to address the harmful effects:

specific scheduling to accommodate for related service sessions and participation in counseling to address self esteem issues

| Location for Services | High Road Primary School |
|---|---|

District of Columbia Public Schools      07-02-2001      Division of Special Education      Appendix - A      IEP Page 4 of 4

**COMPENSATORY EDUCATION PLAN***

**Section 1:**

Student Name _A____ S____

Age _8_   Date of IEP _11/05_   Date of Proposal _11/05_   DOB _5/3/97_   Sex _M_   Grade ____

Attending School: _Hendley Elementary_   Disability: _LD_   Home School) _Watkins_

Language _English_   Address: _1004 Kirkland Ne 104_

Parent Name: _Nina Surgg_   Phone (H) _202-388-0248_ (W)

Instructional/Related Services Missed: _Splang Counseling Specialst D__ __ __

Description of Compensatory Education due to

_Splang + langs___   HOD** _4/7/05_ SA** ____other: DCPS agrees to provide
_Specialized Instruction - 575 hours_
_Counseling - 12 hours_

**Section II: Compensatory Services to be provided:**

| Skill Area | Provider | Beginning Date | Duration |
|---|---|---|---|
| Splang | Provider of Parent Choice | 12/05 | 12/06 |
| Specialized Inst | ↓ | 12/05 | 12/06 |
| Counseling | ↓ | 12/05 | 12/06 |

Parent Signature _Nina Surgg_   Principal Signature ____

MDT Members: _Alberta Biggins_   Position: _Sped Advocate_

_Mfull_   _Social Worker_

_Jashawna Bailey_   _SPED Teacher_

_Kathryn L. Fischer_   _Speech Therapist_

**Section III: Signature for Services Rendered:**

| Provider | Service | Total Hrs. Recd. | Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Principal's Signature: ____   Date ____

**Section IV:** If the services on the plan are not completed by the end of the school year, or if the student transfers before the services are concluded, the IEP/MDT completes the bottom portion of this proposal, attaches the proposal, lesson objectives, and progress report to the new or current IEP, and files the IEP in the student's special education folder. For the transferring student, the special education records, inclusive of the IEP and compensatory education documents, are forwarded to the receiving school. Copies of documents must be forwarded to the Mediation and Compliance Unit.

| Services | | Frequency | | Setting | Total Hrs. or Wks. Of |
|---|---|---|---|---|---|
|  |  | Hr/Min | Wk/Mo |  | Service Remaining |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

*Complete a MDT/IEP Meeting Note Page and attach meeting page and Compensatory Education Plan to IEP. Copy of the Plan must be forwarded to the Mediation and Compliance Unit, Division of Special Education Within five (5) school days. **HOD/SA must be attached

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

January 25, 2006

Paul Dalton
Friendship Edison Public Charter School
Chamberlain Elementary School
1345 Potomac Avenue, S.E.
Washington, D.C. 20003
(202) 547-5800
By Fax: (202) 393-1555

RE:   In re A██████ S██████

Mr. Dalton:

Please be advised that the enclosed due process complaint concerns violations of the petitioner's rights under the IDEA while he was attending the Chamberlain Elementary School campus of Friendship Edison Public Charter School.

Sincerely,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for Petitioner
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

Cc:   DCPS Student Hearing Office
825 North Capitol Street, N.E.
Washington, D.C.

AS 11

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

**CONFIDENTIALITY NOTICE**

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: _____, Friendship Edison Public Charter School

Fax number: (202) 547-4554

From: Douglas Tyrka

Regarding: A█████ S█████

Number of pages: 12   (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323
    SHO (202) 442-5556

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 03/10/2006 12:46
                              NAME  : TYRKAHOUCK
                              FAX   : 2022654264
                              TEL   : 2022654260
                              SER.# : 000L5J270918
```

```
DATE,TIME                      03/10  12:40
FAX NO./NAME                   5474554
DURATION                       00:05:08
PAGE(S)                        12
RESULT                         OK
MODE                           STANDARD
                               ECM
```

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: _____, Friendship Edison Public Charter School

Fax number: (202) 547- 4554

From: Douglas Tyrka

Regarding: A_____ S_____

Number of pages: 12 (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323

78

TRANSMISSION VERIFICATION REPORT

```
TIME : 03/10/2006 12:51
NAME : TYRKAHOUCK
FAX  : 2022654264
TEL  : 2022654260
SER.# : 000L5J270918
```

```
DATE,TIME          03/10  12:48
FAX NO./NAME       7037392323
DURATION           00:03:12
PAGE(S)            12
RESULT             OK
MODE               STANDARD
                   ECM
```

## TYRKA & HOUCK, LLP

1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: _____, Friendship Edison Public Charter School

Fax number: (202) 547-4554

From: Douglas Tyrka

Regarding: A██████ S██████

Number of pages: 12  (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323

TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 03/10/2006 12:58
                                    NAME   : TYRKAHOUCK
                                    FAX    : 2022654264
                                    TEL    : 2022654260
                                    SER.#  : 000L5J270918
```

| DATE,TIME | 03/10  12:54 |
| FAX NO./NAME | SHO |
| DURATION | 00:03:11 |
| PAGE(S) | 12 |
| RESULT | OK |
| MODE | STANDARD |
|  | ECM |

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: ████████, Friendship Edison Public Charter School

Fax number: (202) 547-4554

From: Douglas Tyrka

Regarding: A████ S████

Number of pages: 12 (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323

████ (███)███-████

# DUE PROCESS COMPLAINT NOTICE
### In re A██████ S█████
## January 25, 2006

**Petitioner:**   Nina Speas

Student:   A████ S████
**DOB:**    05/31/97
**Current School:** High Road Primary
**Residence:**   2004 Maryland Avenue, N.E., #104
       Washington, D.C. 20002

**Petitioner's Contact Information for Special Education Purposes:**
    Tyrka & Houck, LLP
    1726 Connecticut Ave. N.W. Suite 400
    Washington, D.C.  20009
    Tel:  202-265-4260
    Fax: 202-265-4264

**Violations:**

1.  Failure to comply with the terms and conditions of a January 7, 2005 HOD.

**Facts:**

1.  A January 7, 2005 HOD ordered Friendship Edison Public Charter School ("Friendship") to:
    a)  provide A████ with compensatory education for missed:
        i)   speech and language services from September 2003 to February 2004,
        ii)  specialized instruction from January 2004 to June 2004,
        iii) and missed counseling services for September 2003,
    b)  and to convene a MDT Meeting to determine the form, amount and duration of this compensatory education within sixty (60) days.
2.  Friendship did not determine the form, amount and duration of compensatory education owed to A████ within 60 days in violation of the January 7, 2005 HOD.
3.  An April 19, 2005 HOD ordered DCPS and Friendship to convene and attend a MDT Meeting within fifteen (15) schools days to determine the form and develop a plan for compensatory education owed to A████ pursuant to the terms and conditions of the January 7, 2005 HOD.
4.  Friendship did not convene and attend a MDT meeting within 15 school days to determine the form and develop a plan for compensatory education owed to A████ under the terms and conditions of the January 7, 2005 HOD.
5.  At a MDT Meeting held on July 21, 2005, Friendship refused to discuss the provision of the outstanding compensatory education owed to A████ under the terms and conditions of the January 7, 2005 HOD.
6.  Friendship did not attend a subsequent MDT Meeting held on November 8, 2005.
7.  Friendship has never determined the form, amount and duration of compensatory education owed to A████ pursuant to the terms and conditions of the January 7, 2005 HOD.

AS 17    81

**Proposed resolution:**

1. Friendship to immediately develop an appropriate compensatory education plan with full parent participation pursuant to the terms and conditions of the January 7, 20.. ... ... discuss the plan at a MDT Meeting to be convened within ten (10) days.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of the LEA with authority to immediately develop an appropriate compensatory education plan with full parent participation and to convene a MDT Meeting within ten (10) days is a necessary attendee at any resolution meeting.
2. If this individual is not going to be in attendance, Petitioner requests that Friendship provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.
4. Any statements by the Petitioner or his or her attorney during any resolution meeting or other settlement discussion subsequent to the filing of this complaint are for the purposes of compromise only.

Respectfully Submitted,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: Friendship Edison PCS Spec Ed. Coordinator

Fax number: (202) 547-4554

From: Alisha Bolden

Regarding: A██████ S██████

Number of pages: 4    (including cover sheet)

Notes:

AS 13    83

# HP LaserJet *3330*



HP LASERJET 3330

Jan-25-2006   3:29PM

Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 157 | 1/25/2006 | 3:28:16PM | Send | 2023931555 | 0:00 | 0 | No Answer |

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

**CONFIDENTIALITY NOTICE**

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: Paul Dalton

Fax number:(202) 893-1555

From: Alisha Bolden

Regarding: A▪▪▪▪ S▪▪▪▪

Number of pages: 4   (including cover sheet)

Notes:   CC : SHO
              (202) 442-5556

84

# HP LaserJet *3330*



HP LASERJET 3330

Jan-25-2006   3:20PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 115 | 1/23/2006 | 3:16:56PM | Send | 7035197221 | 1:28 | 4 | OK |
| 116 | 1/23/2006 | 3:20:30PM | Send | 2023336255 | 0:59 | 4 | OK |
| 117 | 1/23/2006 | 3:55:26PM | Receive | | 0:41 | 2 | OK |
| 118 | 1/23/2006 | 5:06:16PM | Send | 2023320038 | 0:44 | 0 | Stop |
| 119 | 1/23/2006 | 5:07:56PM | Send | 2023320039 | 1:21 | 2 | OK |
| 120 | 1/23/2006 | 5:37:12PM | Send | 3018705715 | 3:23 | 6 | Comm Error 350 |
| 121 | 1/23/2006 | 5:41:44PM | Send | 3018705715 | 1:09 | 1 | Comm Error 350 |
| 122 | 1/23/2006 | 5:44:05PM | Send | 3018705715 | 4:17 | 8 | Comm Error 350 |
| 123 | 1/23/2006 | 5:49:34PM | Send | 3018705715 | 6:07 | 13 | OK |
| 124 | 1/24/2006 | 11:09:50AM | Send | 2026453426 | 0:49 | 2 | OK |
| 125 | 1/24/2006 | 12:20:03PM | Send | 2023336255 | 0:25 | 1 | OK |
| 126 | 1/24/2006 | 1:12:50PM | Send | 2026736411 | 0:51 | 0 | Comm Error 387 |
| 127 | 1/24/2006 | 1:14:54PM | Send | 2026736411 | 1:52 | 7 | OK |
| 128 | 1/24/2006 | 3:59:34PM | Receive | | 0:34 | 0 | No Fax Detected |
| 129 | 1/24/2006 | 4:47:20PM | Send | 2024425556 | 0:59 | 2 | OK |
| 130 | 1/24/2006 | 4:48:47PM | Send | 2024425098 | 0:41 | 2 | OK |
| 131 | 1/24/2006 | 5:15:45PM | Send | 2024425517 | 1:03 | 0 | Comm Error 386 |
| 132 | 1/24/2006 | 5:17:57PM | Send | 2024425517 | 1:24 | 4 | OK |
| 133 | 1/24/2006 | 5:28:17PM | Receive | 2025766386 | 0:44 | 2 | OK |
| 134 | 1/24/2006 | 5:57:01PM | Receive | 2024670053 | 2:32 | 16 | OK |
| 135 | 1/24/2006 | 6:08:03PM | Receive | 2024674949 | 7:12 | 45 | OK |
| 136 | 1/24/2006 | 6:17:41PM | Receive | 2024674949 | 3:49 | 20 | OK |
| 137 | 1/24/2006 | 6:25:31PM | Receive | 2024670053 | 6:56 | 29 | OK |
| 138 | 1/24/2006 | 6:36:51PM | Receive | 2024674949 | 6:41 | 29 | OK |
| 139 | 1/25/2006 | 9:23:41AM | Receive | 3019514248 | 0:26 | 1 | OK |
| 140 | 1/25/2006 | 2:02:05PM | Send | 2023333452 | 2:42 | 3 | OK |
| 141 | 1/25/2006 | 2:21:31PM | Send | 2024425556 | 1:11 | 3 | Comm Error 442 |
| 142 | 1/25/2006 | 2:23:52PM | Send | 2024425556 | 1:03 | 3 | Comm Error 442 |
| 143 | 1/25/2006 | 2:26:04PM | Send | 2024425556 | 0:44 | 1 | Comm Error 441 |
| 144 | 1/25/2006 | 2:27:58PM | Send | 2024425556 | 1:13 | 3 | Comm Error 442 |
| 145 | 1/25/2006 | 2:30:20PM | Send | 2024425556 | 1:37 | 3 | Comm Error 442 |
| 146 | 1/25/2006 | 2:33:04PM | Send | 2024425556 | 1:18 | 3 | Comm Error 442 |
| 147 | 1/25/2006 | 2:37:07PM | Send | 2024425556 | 1:13 | 3 | OK |
| 148 | 1/25/2006 | 2:43:29PM | Send | 2024425556 | 1:09 | 4 | OK |
| 149 | 1/25/2006 | 2:48:23PM | Send | 2024425556 | 0:45 | 1 | Comm Error 441 |
| 150 | 1/25/2006 | 2:50:19PM | Send | 2024425556 | 0:45 | 1 | Comm Error 441 |
| 151 | 1/25/2006 | 2:52:13PM | Send | 2024425556 | 1:21 | 3 | OK |
| 152 | 1/25/2006 | 3:00:13PM | Send | 2024425556 | 1:01 | 3 | OK |
| 153 | 1/25/2006 | 3:04:56PM | Receive | 7035197221 | 4:12 | 13 | OK |
| 154 | 1/25/2006 | 3:15:07PM | Send | 2024425556 | 1:40 | 4 | OK |

Faxed letter and OPC notice to SHO for A███ S███

85

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002

FAX: (202) 442-5556



### HEARING NOTICE

| MEMORANDUM VIA: [✓] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
|---|

TO:     Parent (or Representative): *D. TYRKA / P. DALTON*     Fax No.: **265 - 4264**

          LEA Legal Counsel: *R. CHAPMAN*     **(703) 739 - 2323**

RE:     ~~S████, A████~~          and (LEA) DOB: **5/31/97**
          Student's Name

FROM:     **SHARON NEWSOME**
          Special Education Student Hearing Office Coordinator

DATE SENT:     **3/1/06**

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on **1/25/06**. Please be advised that the hearing has been scheduled for:

          DATE:     **3/17/06**

          TIME:     **11:00 AM**

          AT:     825 North Capitol Street, NE, Washington, DC
                    8th Floor

          ASSIGNED HEARING OFFICER: _____

[✓] THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request in *writing on the attached form* to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

[ ] THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the SHO does not receive a response from you within three business days of your receipt of this provisional notice, the notice becomes a final notice of hearing that may be modified with only a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least **five business days** prior to the hearing with copies to the Special Education Student Hearing Office.

AS 14

86

**Before the**
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## OFFICE OF MANAGEMENT SERVICES

```
                                    )
    ████  ████,                     )
    Special Education Student,       )
                                    )
─────────────────────────────────── )
```

## PETITIONER'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

The Petitioner respectfully moves for an entry of default for the Petitioner for the failure of the Respondent to file a response to the Petitioner's Complaint as required by 20 U.S.C. § 1415(c)(2)(i).

### BACKGROUND

On January 25, 2006, the Petitioner filed a "due process complaint" under 20 U.S.C. § 1415(b), the relevant section of the Individuals with Disabilities Act ("IDEA"), alleging violations of the IDEA. As of the time of the filing of the Complaint, the Respondent, Friendship Edison Public Charter School, had not served a "prior written notice" according to 20 U.S.C. § 1415(c)(1) on the Petitioner regarding the actions complained of in the Complaint. As of the date of the filing of this Motion, the Respondent has not served a response to the Complaint on the Petitioner.

### APPLICABLE LAW

The IDEA requires that:

[i]f the local educational agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, such local educational agency shall, within 10 days of receiving the complaint, send to the parent a response that shall include –
(aa) an explanation of why the agency proposed or refused to take the action raised in the complaint;
(bb) a description of other options that the IEP Team considered and the reasons why those options were rejected;

AS IS

87

(cc) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and

(dd) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(2)(B)(i)(I).

The IDEA dictates that a "prior written notice," which would negate the need for a response under 20 U.S.C. § 1415(c)(2)(B)(i)(I), contain all of the following:

(A) a description of the action proposed or refused by the agency;

(B) an explanation of why the agency proposes or refuses to take the action and a description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action;

(C) a statement that the parents of a child with a disability have protection under the procedural safeguards of this part [20 USCS §§ 1411 et seq.] and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained;

(D) sources for parents to contact to obtain assistance in understanding the provisions of this part [20 USCS §§ 1411 et seq.];

(E) a description of other options considered by the IEP Team and the reason why those options were rejected; and

(F) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(1)(brackets in original).

The substantive and procedural contours of the IDEA's ten-day written response were recently addressed by the District Court in *Massey*:

"Under the statute, if DCPS had not previously issued a Prior Notice . . ., it was required to respond in writing to the request for a due process hearing. Furthermore, DCPS may not determine the form of its response:  the required content of the written response is precisely detailed in the IDEA. . . [T]he IDEA does not allow DCPS to respond generally to the substance of the complaint in whatever form it deems appropriate."

400 F.Supp. 2d 66, (D.D.C. 2005)(citations omitted).

Second, and more importantly, the District Court specifically noted that DCPS's failure, *inter alia*, to issue a proper response called into question the adequacy of the entire administrative process and the Plaintiff's entitlement to some form of appropriate relief:

"Surely Congress did not intend for parents to be left with no remedy when the school district fails to observe the procedural safeguards in the IDEA. In this Court's opinion, the litany of DCPS failures reveals that it is apparently unable to follow statutory procedures in the first place. Worse yet, DCPS appears incompetent to address in the proper complaints about those failures. Therefore, the Courts find that the plaintiffs have demonstrated that pursuing their claim through the administrative process would be inadequate".

*Id.* (citations omitted)

The IDEA is silent on the question of the proper remedy for the failure of a local educational agency ("LEA") to file a response under 20 U.S.C. § 1415(2)(B)(i)(I).

## ARGUMENT

The federal courts have ruled that where the IDEA is silent regarding a procedural rule, the most closely analogous state rule must be applied. The state rules most closely analogous to this situation are District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a), which provide the remedy for a civil defendant's failure timely to file an answer to a complaint. Because those rules require that a court enter a default in the event that a defendant fails timely to file an answer, the Office of Management Services should grant the Petitioner a default for the Respondent's failure to serve a response.

## I.    In the Absence of a Clear Procedure in the IDEA, the Most Closely Analogous State Rules Should be Applied.

The federal courts have ruled that where the IDEA is silent, the most closely analogous state rule should be applied, provided that the state rule is consistent with the policies of the IDEA. *See, e.g., Spiegler v. Dist. of Columbia*, 866 F.2d 461 (D.C. Cir. 1989)(applying local limitations period for appeals of administrative decision to federal actions brought following adverse administrative decisions under predecessor to IDEA).

3

In *Spiegler*, the Court of Appeals held that the District of Columbia 30-day statute of limitations for review of agency orders applied to federal cases challenging hearing officers' decisions under the EHA to the IDEA. 866 F.2d at 462-470. Congress had not provided a statute of limitations in the text of the EHA, so the Court of Appeals applied the local limitations period because it was closely analogous and consistent with the policies underlying the EHA. *Id.*

The Court in *Spiegler* applied a two-part analysis: 1) identifying the most closely analogous state rule; and 2) determining whether the application of that rule was consistent with the federal policies underlying the EHA. In performing the first part of the analysis, the Court held that a substantive federal claim challenging the findings and decision of an EHA hearing officer was "sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30-day local limitations period for such appeals." 866 F.2d at 466. In the second part of the analysis, the Court concluded "that a 30-day limitations period, when combined with a duty by the District to inform hearing participants of the short [limitations] period, was not so harsh as to be inconsistent with [the EHA's underlying] policies." *Id.*

Though the *Spiegler* Plaintiffs had argued for the application of the District of Columbia's default 3-year statute of limitations, the Court of Appeals found the 30-day limitations period consistent with federal policies: "Because the Act emphasizes the prompt resolution of disputes, we find at the outset that a shorter rather than longer statute of limitations would be more consistent with the policies underlying the Act." *Id.* at 467.

According to the *Spiegler* decision, in forming a remedy for the Respondent's failure to serve a response to the complaint, the Office of Management Services should determine the state rules most closely analogous ... ... ...

if they are not inconsistent with the federal policies underlying the IDEA.

## II.   The State Rules Most Closely Analogous to this Situation are District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a).

Generally, the two best sources for analogous rules in IDEA hearings are the District of Columbia Office of Administrative Hearings Procedural Rules ("OAH rules"), D.C. Mun. Regs. tit. 1 §§ 2800 *et seq.*, and the District of Columbia Superior Court Rules of Civil Procedure ("Civil Rules").

In *Spiegler*, the Court of Appeals used the OAH rules, but they are not very helpful here because OAH procedure has no analogue to the response to a complaint required by the IDEA. While the IDEA now requires a response containing very specific information within 10 days of the filing of the complaint, the OAH rules state that "[u]nless otherwise ordered, no responsive pleading is required in cases commenced by a request for a hearing." *Compare* 20 U.S.C. § 1415(2)(B)(i)(I)(requiring response to IDEA complaint and listing necessary elements in response); D.C. Mun. Regs. tit. 1 §§ 2813.5. Because the OAH Rules do not require an agency to serve any responsive pleadings to a complaint filed by a private party, they are not analogous to the circumstances presented in this case.

The Civil Rules, on the other hand, deal extensively with every aspect of pleading practice, including the procedures for serving initial and responsive pleadings and the consequences of violations of those procedures. *See* Super. Ct. Civ. R. 3, 7, 8, 12 & 55.

The Civil Rules dictate the necessary contents of answers, the timelines for filing answers and the penalties for failure to file. *See* Super. Ct. Civ. R. 12 & 55.

Because the OAH rules do not require responsive pleadings as the civil rules do, the Civil Rules are the state rules most closely analogous to the IDEA response requirement. The Office of Management Services should therefore apply the Civil Rules by analogy as long as they are consistent with the federal policies underlying the IDEA.

### III.     By Analogy, the Civil Rules Require the Office of Management Services to Rule by Default for the Petitioner.

District of Columbia Superior Court Rule of Civil Procedure 12(a)(5) and 55(a) are the state rules most closely analogous to the Respondent's failure to serve a response, as argued *supra*. The rules require that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the Clerk or the Court shall enter the party's default." Super. Ct. Civ. R. 55(a); *see also* Super. Ct. Civ. R.12(a)(5)("Except where the time to respond to the complaint has been extended as provided in Rule 55(a), failure to comply with the requirements of this Rule shall result in the entry of a default by the Clerk or the Court *sua sponte* unless otherwise ordered by the Court.")

The courts do not have any discretion in the entry of a default for failure to respond to a complaint; "the Clerk or the Court *shall* enter the party's default." Super. Ct. Civ. R. 55(a)(emphasis added). The comment to Rule 12 makes clear the intent that default be automatic in those circumstances. *See* Super. Ct. Civ. R. 12, cmt ("[P]aragraph (5) has been added to preserve the existing Superior Court rule of automatic entry of default against a defendant who does not timely respond to the complaint.").

The District of Columbia Court of Appeals has addressed this issue, and has enforced the clear text of the Rules in favor of automatic and non-discretionary default. *See Digital Broadcast Corp. v. Rosenman & Colin, LLP, 847 A.2d 384, 389 (D.C. App. 2004)(holding that Rule 55(a) default is automatic and non-discretionary); Restaurant Equip. and Supply Depot, Inc. v. Gutierrez*, 852 A.2d 951, 954-56 (D.C. App. 2004)(holding that default for failure to file answer was automatic even where defendant had filed motion to dismiss).

An entry of default is not a final judgment terminating a proceeding. "[T]he entry of default does not constitute a judgment, but simply precludes the defaulting party from offering any further defense on the issue of liability." *Lockhart v. Cade*, 728 A.2d 65, 68 (D.C. 1999). "[T]he defaulted party retains the right to contest and mitigate unliquidated damages." *Digital* at 389 n.7. In other words, the default resolves all liability questions against the defaulting party, but does not determine ultimate relief.

Because the serving of a "response" under the IDEA is a perfect analogue to the filing of an answer under the Civil Rules, and the Respondent has in this case failed to serve a response, by analogy to the Civil Rules the Office of Management Services must issue the equivalent to a default against the Respondent. The equivalent to a default in IDEA administrative hearings is a finding, as a matter of law, that the Respondent has committed all of the violations identified in the Complaint.

Where a violation is all that is necessary to justify relief, the Office of Management Services may simply order the relief requested in the Complaint. In the alternative, where further evidence is necessary before specific relief can be ordered, the

7

Office of Management Services should schedule a hearing for the sole purpose of adjudicating the issues relevant to relief.

## IV. An Order of Default After an LEA has Failed to Serve a Response is Consistent with the Policies Underlying the IDEA in that it Protects the Rights of Children, Encourages Prompt Resolution of Disputes, Promotes Administrative Efficiency and Preserves Procedural Equity.

The application of the Civil Rules to this situation and the consequential order of default against the Respondent comports with the policies underlying the IDEA.

The primary purposes of the IDEA are, of course, "to ensure that all children with disabilities have available to them a free appropriate public education" and "to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d)(1).

Additionally, it is clear from the statute and the caselaw that certain policies underlie the procedural aspects of the IDEA. In *Spiegler*, the Court of Appeals noted that Congress' intent in passing the EHA was "to ensure the prompt resolution of disputes regarding the appropriate education for handicapped children." 866 F.2d 461, 467. The recent amendments to the IDEA, most notably the clauses regarding the complaint, the response and the resolution session, indicate a Congressional intent to improve administrative efficiency by narrowing issues and limiting unnecessary hearings. *See* 20 U.S.C. § 1415(b)(6), (c)(2)(B)(i)(I) & (f)(1)(B). Finally, Congress' respect for the adversarial process and intent to establish basic procedures to ensure fairness in hearings can be found in the IDEA's rights to counsel, to disclosure of evidence, to subpoenas, to cross-examination and to attorneys' fees; the Act's new clauses enabling the dismissal of

8

inadequately drafted complaints; and the Act's new provisions regarding the training and competence of hearing officers. *See* 20 U.S.C. § 1415(c)(2)(A), (f)(3)(A) & (h).

These four purposes — protection of the rights of children, prompt resolution of special education disputes, administrative efficiency and procedural fairness — are all furthered by an order of default against the Respondent for failing to serve a response.

Obviously, a ruling in favor of a parent or child, particularly a ruling that prevents the LEA from violating the IDEA and sandbagging a petitioner at hearing, helps to protect the rights of children with disabilities. It is equally obvious that a default for failure to respond to a complaint furthers prompt resolution and administrative efficiency, both in the short term, in that the parties and the hearing officer are not forced to litigate issues regarding which the respondent has offered no defense, and in the long term, in that the respondent will be more likely to serve a proper response in future cases.

The impact of a default on procedural equity deserves a bit more consideration, because the recent amendments to the IDEA have changed the balance of procedural obligations. Under the old version of the law, a petitioner needed only to file a minimum hearing request, and the respondent did not need to file a response. Under the current version of the law, by the time a respondent has failed to serve a response and thereby made itself subject to default, a petitioner has had to file a substantially more comprehensive complaint, which has had to withstand a judgment of its sufficiency. *See* 20 U.S.C. § 1415(b)(7) & (c)(2)(D). If the complaint is found sufficient, the petitioner is granted a hearing, but cannot raise any issue not identified in the complaint. *See* 20

9

U.S.C. § 1415(f)(3)(B). While petitioners now bear that new burden, respondents bear a new burden of their own – the response to the complaint.

A default against an LEA for failure to ... ... ... ... of procedural fairness evident in the IDEA's new requirements of a reciprocal information exchange prior to the resolution session and the hearing. To decline to issue a default would confound Congress' clear intent to require LEAs to provide the same level of information that petitioners must provide, and would create a fundamentally unfair system in which a petitioner is denied his/her opportunity to make a case if he/she fails to provide information according to IDEA procedure, but an LEA is allowed to make its case in the opposite situation.

## CONCLUSION

Because a default against the Respondent in this case is wholly consistent with the policies underlying the IDEA, and the denial of a default would frustrate Congress' intent, the Office of Management Services should apply the most closely analogous state rule to this situation and grant the Petitioner a default by applying Civil Rules 12(a)(5) and 55(a) by analogy.

Respectfully Submitted by,


Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

10

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

## Certificate of Service

Counsel for the Petitioner hereby certifies that a copy of this MOTION has been filed with the Student Hearing Office and sent via facsimile to Counsel for the Respondent.

Respectfully Submitted by,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

**DATE FILED:**   March 10, 2006

11

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: ........., Friendship Edison Public Charter School

Fax number: (202) 547-4554

From: Douglas Tyrka

Regarding: A██████ S██████

Number of pages: 12   (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323

SHO (202) 442-5556

98

TRANSMISSION VERIFICATION REPORT

```
                              TIME : 03/10/2006 12:46
                              NAME : TYRKAHOUCK
                              FAX  : 2022654264
                              TEL  : 2022654260
                              SER.# : 000L5J270918
```

```
DATE,TIME               03/10  12:40
FAX NO./NAME            5474554
DURATION                00:05:08
PAGE(S)                 12
RESULT                  OK
MODE                    STANDARD
                        ECM
```

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: _____, Friendship Edison Public Charter School

Fax number: (202) 547-4554

From: Douglas Tyrka

Regarding: A_____ S_____

Number of pages: 12   (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323

99

```
                          TRANSMISSION VERIFICATION REPORT

                                              TIME  : 03/10/2006 12:51
                                              NAME  : TYRKAHOUCK
                                              FAX   : 2022654264
                                              TEL   : 2022654260
                                              SER.# : 000L5J270918


  DATE,TIME                      03/10  12:48
  FAX NO./NAME                   7037392323
  DURATION                       00:03:12
  PAGE(S)                        12
  RESULT                         OK
  MODE                           STANDARD
                                 ECM
```

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

**CONFIDENTIALITY NOTICE**

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: _____, Friendship Edison Public Charter School

Fax number: (202) 547-4554

From: Douglas Tyrka

Regarding: A_____ S_____

Number of pages: 12   (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323

100