```
                    TRANSMISSION VERIFICATION REPORT

                                              TIME  : 03/10/2006 12:58
                                              NAME  : TYRKAHOUCK
                                              FAX   : 2022654264
                                              TEL   : 2022654260
                                              SER.# : 000L5J270918


         DATE,TIME              03/10  12:54
         FAX NO./NAME           SHO
         DURATION               00:03:11
         PAGE(S)                12
         RESULT                 OK
         MODE                   STANDARD
                                ECM
```

## TYRKA & HOUCK, LLP

1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: _____, Friendship Edison Public Charter School

Fax number: (202) 547- 4554

From: Doylas Tyrka

Regarding: A_____  S_____

Number of pages: 12   (including cover sheet)

Notes: Default Motion

CC: Paul Dalton (703) 739-2323

101

RECEIVED 05-14-05 6:28PM; HP LASERJET 3150; #292; PAGE 1

JUN-14-2005 05:23 PM   JACCI DONNELL                501 598 6253                P.01

04/20/2005 07:14    2024425556            STUDENT HEARINGS OFF        PAGE 02/06

(In the Matter of AS  DOB: 5/31/97  HOD: April 19, 2005)

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigation Division
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of A_____ S_____ ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: May 31, 1997 ) | **HEARING OFFICER'S DECISION** |
| ) | |
| ) | Hearing Date: April 19, 2005 |
| Petitioner (Student), ) | |
| ) | Held at: 825 North Capitol St. NE |
| v. ) | Washington, DC |
| ) | |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: HR Primary ) | |
| Respondent. ) | |

Hearing Participants:
Counsel for Student:

Douglas Tyrka, Esq.
1220 L Street NW  #700
Washington DC  20002

Counsel for DCPS:

Rhondalyn Primes, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on April 19, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed March 9, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC _____ Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

1

AS 16
AS

102

(In the Matter of A.S  DOB: 5/31/97  HOD: April 19, 2005)

## SUMMARY OF THE

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall, within fifteen (15) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to include Friendship Edison Public Charter School.
2. The MDT when it meets shall determine the form of compensatory education and develop a plan as ordered by the January 7, 2005, Hearing Officer's Determination (HOD).
3. All scheduling is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, his parent and/or representative(s).
5. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
Hearing Officer
Date: April 19, 2005

Issued: 4/19/05

2

103

# TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)

**CONFIDENTIALITY NOTICE**

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: *Hearing Officer Mr. St. Clair*

Fax number: *442-5554*

From: *Jacci Donnell*

Regarding: *A██████ S████*

Number of pages:         (including cover sheet)

Notes:

DC PUBLIC SCHOOL SYSTEM 2005 APR 20 PM 3: 49

104

04/20/2005 14:04 3022654264 Case 1:00-cv-01204-PLF Document 13-4 TYRKA HOUCK LLP Filed 05/13/2007 Page 5 of 48 PAGE 04/07

05/23/2005 13:59 2024424 56 STUDENT HEARIN OFF PAGE 02/06

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
## State Enforcement and Investigative Division
## <u>CONFIDENTIAL</u>

**Charles R. Jones, Esq., Due Process Hearing Officer**
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| A███████ S██████ Student, ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 05-13-97 ) | |
| ) | |
| Petitioner, ) | Hearing Date: June 21, 2005 |
| ) | |
| vs. ) | |
| ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Attending School: High Road Primary ) | Washington, D.C. 20002 |
| Respondent. ) | |

<u>**ORDER**</u>

**Parent(s):**                   Nina Suggs
                                 2004 Maryland Ave., Apt. 104
                                 Washington, D.C. 2004

**Counsel for Parent:**          Douglas Tyrka, Esq.
                                 Law Office of Carolyn W. Houck, Esq
                                 5505 Connecticut Ave., N.W.
                                 Suite 174
                                 Washington, D.C. 20015

**Counsel for School:**          Rashida Chapman, Attorney- Advisor
                                 Office of the General Counsel, DCPS
                                 825 North Capitol Street, N.E., 9th Floor
                                 Washington, D.C. 20002

AS 2   AS 17

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigative Division

### Special Education Due Process Hearing

## I. INTRODUCTION

On May 13, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Rashida Chapman, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination (HOD) dated April 20, 2005.

A Due Process Hearing was convened on June 21, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Douglas Tyrka, Esq., Attorney-Advisor, represented DCPS. Rashida Chapman, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated June 14, 2005: AS-1 through AS-7. On behalf of DCPS: Disclosure Letter dated June 14, 2005. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony in this matter as the parties settled this case on the record.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination (HOD) dated April 20, 2005?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

.............    .. the hearing, the parties represented that they had agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- Petitioner is the prevailing party in this matter. The following terms, as set forth in the record, are in the best interest of this student; therefore, the terms shall be incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) DCPS shall, within thirty- (30) calendar days of the issuance of HOD, convene a MDT meeting to develop a Compensatory Education Plan for A▮▮ S▮▮.

2) All communications and notices shall be sent through the parent's counsel including the resolution meeting.

3) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

3.

107

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

Charles R. Jones, Esq. Hearing Officer

Date Filed: _06-23-05_

Date Issued: _6/23/05_

4.

```
                  ┌─────────────────────────────────────┐
                  │  TRANSMISSION VERIFICATION REPORT    │
                  └─────────────────────────────────────┘

                                  TIME  : 03/10/2006 15:59
                                  NAME  : TYRKAHOUCK
                                  FAX   : 2022654264
                                  TEL   : 2022654260
                                  SER.# : 000L5J270918

    ┌────────────────────────────────────────────────────────────────────┐
    │   DATE,TIME            03/10  15:39                                  │
    │   FAX NO./NAME         7037392323                                    │
    │   DURATION             00:20:08                                      │
    │   PAGE(S)              66                                            │
    │   RESULT               OK                                            │
    │   MODE                 STANDARD                                      │
    │                        ECM                                          │
    └────────────────────────────────────────────────────────────────────┘
```

## TYRKA & HOUCK, LLP

1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: Paul S. Dalton, Esq

Fax number: (703) 739-2323

From: Douglas Tyrka

Number of pages: 66 (including cover sheet)

Notes:

109

4/20/06
3pm

Law Offices
**DALTON, DALTON & HOUSTON, P.C.**

1008 Pendleton Street

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~

Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington D.C. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD & DC

## MOTION FOR CONTINUANCE OF DUE PROCESS HEARING

March 10, 2006

By Mail _____
By Fax ___X___

Student Hearing Office
ATTN: Ms. Sharon Newsome
825 North Capitol Street, N.E. 8th Floor
Washington, DC 20002

RE: A███ S███         Date of Birth:      05/31/97

Dear Ms. Newsome:

On behalf of Friendship Edison, I respectfully request that the Due Process Hearing set for March 17, 2006, be rescheduled. The first time I received the hearing complaint notice was today in the parent's 5-day disclosure. I never received a scheduling memorandum, and therefore, have not had an opportunity to answer the complaint or hold a resolution meeting.

Additionally, I will be out of the country from March 17th to March 28th. Given that my client has not had time to adequately prepare for this hearing and because I will be unavailable for the proposed hearing date, I am requesting that the hearing be continued. Please contact me to schedule a new date.

Sincerely,

Paul S. Dalton, Esq.

cc: Roderick Moore, Friendship Edison Chamberlain Campus
    Douglas Tyrka, Esq. Parent's Attorney
    Roshida Chapman, DCPS Attorney Advisor

2006 MAR 13 AM 7: 39
DC PUBLIC SCHOOL SYSTEM

110

# FAX TRANSMISSION COVER SHEET
## Dalton, Dalton & Houston P.C.
### Attorneys at Law

### Alexandria, Virginia 22314
### (703) 739-4300
### FAX (703) 739-2323

DATE:      March 10, 2006

TO:        Sharon Newsome

AT FAX:    202-442-5556

FROM:      Paul Dalton, Esq.

RE:        S████ – Request for Continuance

NUMBER OF PAGES INCLUDING THIS PAGE:       2

ADDITIONAL INFORMATION:

---

PLEASE DELIVER ASAP.
************************************************************************

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECI-
PIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNI-
CATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELE-
PHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS.
************************************************************************

```
TRANSMISSION VERIFICATION REPORT
```

```
                          TIME  : 03/02/2006 09:55
                          NAME  : STUDENT HEARINGS OFF
                          FAX   : 2024425556
                          TEL   : 2024425432
                          SER.# : BROH3J608601
```

```
DATE,TIME                     03/02  09:55
FAX NO./NAME                  97037392323
DURATION                      00:00:19
PAGE(S)                       01
RESULT                        OK
MODE                          STANDARD
                              ECM
```

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

MEMORANDUM VIA: [✓] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:    Parent (or Representative): *D. TYRKA/ P. DALTON*    Fax No.: *265 - 4264*
                                                                     *(703) 739-2323*

        LEA Legal Counsel: *R. CHAPMAN*

RE:    S████, A████    and (LEA) DOB: *5/31/97*
        Student's Name

FROM:   SHARON NEWSOME
        Special Education Student Hearing Office Coordinator

DATE SENT:   *3/1/06*

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
*1/25/06*. Please be advised that the hearing has been scheduled for:

DATE:   *3/17/06*

TIME:   *11:00 AM*

```
TRANSMISSION VERIFICATION REPORT
```

```
                        TIME : 03/02/2006 09:55
                        NAME : STUDENT HEARINGS OFF
                        FAX  : 2024425556
                        TEL  : 2024425432
                        SER.# : BROH3J608601
```

```
DATE,TIME          03/02  09:54
FAX NO./NAME       92654264
DURATION           00:00:28
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

# District of Columbia Public Schools
### *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

MEMORANDUM VIA: [✓] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:  Parent (or Representative): *D. TYRKA / P. DALTON*   Fax No.: *265- 4264*
     *(703) 739-2323*

     LEA Legal Counsel: *R. CHAPMAN*

RE:  ▓▓▓▓, *A▓▓▓▓*_____ and (LEA) DOB: *5/31/97*
     Student's Name

FROM: **SHARON NEWSOME**
      Special Education Student Hearing Office Coordinator

DATE SENT: *3/1/06*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
*1/25/06*. Please be advised that the hearing has been scheduled for:

DATE: *3/17/06*

TIME: *11:00 AM*

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| A▮▮▮ S▮▮▮("Student") | ) | **HEARING OFFICER'S DECISION** |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | |
| Washington, DC 20002 | ) | |
| ("DCPS" or "District") | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S MOTION TO DISMISS

Parent's Representative:         Douglas Tyrka, Esq.
                                 1726 Connecticut Ave.,
                                 Suite 400
                                 Washington, DC 20002

Counsel for DCPS:               Office of the General Counsel
                                District of Columbia Public Schools,
                                9th Floor
                                825 North Capitol Street, NW
                                Washington, DC 20002

## PETITIONER'S MOTION FOR DEFAULT JUDGMENT

## SUMMARY

A Complaint was filed by the Petitioner on January 9, 2006 that DCPS had failed to provide the student with FAPE. On January 27, 2006, Petitioner filed "Petitioner's Motion for Entry of Default and Default Judgment." (hereinafter "Motion"). Petitioner contends that because DCPS had not filed a response to the Complaint within 10 days of the filing of the Complaint a default order should be entered.

1

## DISCUSSION

1.    Petitioner seeks a pre-hearing remedy not available under the Individuals with Disabilities Education Improvement Act ("IDEIA") 20 U.S.C. 1400 et. seq., particularly since less than [illegible] days [illegible] at the time Petitioner [illegible] the Motion. Although the statute requires [illegible] file a response, there is no mention of a default judgment being available to the party who files a complaint due to the failure of the non-filing party to file a response. However, since Respondent bears the burden of proof, it is clearly in its best interest to file a timely response.

2.    Furthermore, the undersigned does not find that the case law and regulations cited by Petitioner in the Motion as relevant as to whether or not DCPS should be held in default for its failure to file a response to a Complaint under the provisions of the IDEIA. The most analogues provision is the administrative requirements of the District of Columbia Office of Administrative Hearings ("OAH"), D.C. Mun. Regs. tit. 1 §§ 2813.5, that Petitioner refers to in the Motion. However, the regulation cited is easily distinguishable with the specific requirement of the IDEIA that in fact requires a response to a complaint, in this regard, the specific Federal requirement of the IDEIA would control over a general rule promulgated by a local municipality. Even so, there is nothing that justifies the granting of a pre-hearing Motion for default unless the requirements of the IDEIA with regard to procedural violations are met.

3.    With regard to procedural violations, the Motion fails to set forth specific facts sufficient for a hearing officer's finding of a denial of FAPE on based on the failure to file a timely response to a Complaint. Although a hearing officer may have broad discretion to fashion appropriate relief based on a denial of FAPE, such discretion is not unlimited.

4.    In accordance with the IDEIA, a hearing officer may make a finding of a denial of FAPE based on procedural violations if a procedural violation (1) impeded the child's right to FAPE, (2) significantly impeded the parents' opportunity to participate in the decision making process regarding FAPE, or (3) caused a depravation of educational benefits. 20 U.S.C. 1415 (f)(3)(E)(ii). The allegations in the Motion do not led to the conclusion that there was a denial of FAPE based on procedural violations.

## ORDER

1.    Petitioner's Motion is **DENIED**;

2.    If Respondent has not already done so, a response to the Complaint is to be filed within 7 calendar days of the issuance of this Order.

DATE: _2 - 6 - 0 6_

Issue Date:_____

David R. Smith, Esq.
Impartial Special Education Hearing Officer

2

115

Before the
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**OFFICE OF MANAGEMENT SERVICES**

In re A███ S███,          )
       Special Education Student,     )
                                    )

## PETITIONER'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

The Petitioner respectfully moves for an entry of default for the Petitioner for the failure of the Respondent to file a response to the Petitioner's Complaint as required by 20 U.S.C. § 1415(c)(2)(i).

### BACKGROUND

On January 9, 2006, the Petitioner filed a "due process complaint" under 20 U.S.C. § 1415(b), the relevant section of the Individuals with Disabilities Act ("IDEA"), alleging violations of the IDEA. As of the time of the filing of the Complaint, the Respondent, the District of Columbia Public Schools ("DCPS"), had not served a "prior written notice" according to 20 U.S.C. § 1415(c)(1) on the Petitioner regarding the actions complained of in the Complaint. As of the date of the filing of this Motion, the Respondent has not served a response to the Complaint on the Petitioner.

### APPLICABLE LAW

The IDEA requires that:

> [i]f the local educational agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, such local educational agency shall, within 10 days of receiving the complaint, send to the parent a response that shall include –
> (aa) an explanation of why the agency proposed or refused to take the action raised in the complaint;
> (bb) a description of other options that the IEP Team considered and the reasons why those options were rejected;

116

(cc) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and
(dd) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(2)(B)(i)(I).

The IDEA dictates that a "prior written notice," which would negate the need for a response under 20 U.S.C. § 1415(c)(2)(B)(i)(I), contain all of the following:

(A) a description of the action proposed or refused by the agency;
(B) an explanation of why the agency proposes or refuses to take the action and a description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action;
(C) a statement that the parents of a child with a disability have protection under the procedural safeguards of this part [20 USCS §§ 1411 et seq.] and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained;
(D) sources for parents to contact to obtain assistance in understanding the provisions of this part [20 USCS §§ 1411 et seq.];
(E) a description of other options considered by the IEP Team and the reason why those options were rejected; and
(F) a description of the factors that are relevant to the agency's proposal or refusal.

20 U.S.C. § 1415(c)(1)(brackets in original).

The IDEA is silent on the question of the proper remedy for the failure of a local educational agency ("LEA") to file a response under 20 U.S.C. § 1415(2)(B)(i)(I).

## ARGUMENT

The federal courts have ruled that where the IDEA is silent regarding a procedural rule, the most closely analogous state rule must be applied. The state rules most closely analogous to this situation are District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a), which provide the remedy for a civil defendant's failure timely to file an answer to a complaint. Because those rules require that a court enter a default in the event that a defendant fails timely to file an answer, the Office of Manos....... Services should grant the Petitioner a default for the Respondent's failure to serve a response.

2

## I.   In the Absence of a Clear Procedure in the IDEA, the Most Closely Analogous State Rules Should be Applied.

analogous state rule should be applied, provided that the state rule is consistent with the policies of the IDEA. *See, e.g., Spiegler v. Dist. of Columbia*, 866 F.2d 461 (D.C. Cir. 1989)(applying local limitations period for appeals of administrative decision to federal actions brought following adverse administrative decisions under predecessor to IDEA).

In *Spiegler*, the Court of Appeals held that the District of Columbia 30-day statute of limitations for review of agency orders applied to federal cases challenging hearing officers' decisions under the Education of the Handicapped Act ("EHA"), the predecessor to the IDEA. 866 F.2d at 462-470. Congress had not provided a statute of limitations in the text of the EHA, so the Court of Appeals applied the local limitations period because it was closely analogous and consistent with the policies underlying the EHA. *Id.*

The Court in *Spiegler* applied a two-part analysis: 1) identifying the most closely analogous state rule; and 2) determining whether the application of that rule was consistent with the federal policies underlying the EHA. In performing the first part of the analysis, the Court held that a substantive federal claim challenging the findings and decision of an EHA hearing officer was "sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30-day local limitations period for such appeals." 866 F.2d at 466. In the second part of the analysis, the Court concluded "that a 30-day limitations period, when combined with a duty by the District to inform hearing participants of the short [limitations] period, was not so harsh as to be

3

Though the *Spiegler* Plaintiffs had argued for the application of the District of Columbia's default 3-year statute of limitations, the Court of Appeals found the 30-day limitations period consistent with federal policies: "Because the Act emphasizes the prompt resolution of disputes, we find at the outset that a shorter rather than longer statute of limitations would be more consistent with the policies underlying the Act." *Id.* at 467.

According to the *Spiegler* decision, in forming a remedy for the Respondent's failure to serve a response to the complaint, the Office of Management Services should determine the state rules most closely analogous to this situation, and should apply them if they are not inconsistent with the federal policies underlying the IDEA.

## II.    The State Rules Most Closely Analogous to this Situation are District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a).

Generally, the two best sources for analogous rules in IDEA hearings are the District of Columbia Office of Administrative Hearings Procedural Rules ("OAH rules"), D.C. Mun. Regs. tit. 1 §§ 2800 *et seq.*, and the District of Columbia Superior Court Rules of Civil Procedure ("Civil Rules").

In *Spiegler*, the Court of Appeals used the OAH rules, but they are not very helpful here because OAH procedure has no analogue to the response to a complaint required by the IDEA. While the IDEA now requires a response containing very specific information within 10 days of the filing of the complaint, the OAH rules state that "[u]nless otherwise ordered, no responsive pleading is required in cases commenced by a request for a hearing." *Compare* 20 U.S.C. § 1415(2)(B)(i)(I)(requiring response to IDEA

complaint within 10 days of notice) *with* D.C. Mun. Regs. tit. 1 §§ 2813.5.

Because the OAH Rules do not require an agency to serve any responsive pleadings to a

4

complaint filed by a private party, they are not analogous to the circumstances presented in this case.

The Civil Rules, on the other hand, deal extensively with every aspect of pleading practice, including the procedures for serving initial and responsive pleadings and the consequences of violations of those procedures. *See* Super. Ct. Civ. R. 3, 7, 8, 12 & 55. The Civil Rules dictate the necessary contents of answers, the timelines for filing answers and the penalties for failure to file. *See* Super. Ct. Civ. R. 12 & 55.

Because the OAH rules do not require responsive pleadings and the Civil Rules do, the Civil Rules are the state rules most closely analogous to the IDEA response requirement. The Office of Management Services should therefore apply the Civil Rules by analogy as long as they are consistent with the federal policies underlying the IDEA.

**III.**    **By Analogy, the Civil Rules Require the Office of Management Services to Rule by Default for the Petitioner.**

District of Columbia Superior Court Rule of Civil Procedure 12(a)(5) and 55(a) are the state rules most closely analogous to the Respondent's failure to serve a response, as argued *supra*. The rules require that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the Clerk or the Court shall enter the party's default." Super. Ct. Civ. R. 55(a); *see also* Super. Ct. Civ. R.12(a)(5)("Except where the time to respond to the complaint has been extended as provided in Rule 55(a), failure to comply with the requirements of this Rule shall result in the entry of a default by the Clerk or the Court *sua sponte* unless otherwise ordered by the Court.")

The courts do not have any discretion in the entry of a default for failure to respond to a complaint; "the Clerk or the Court *shall* enter the party's default." Super. Ct.

5

120

Civ. R. 55(a)(emphasis added). The comment to Rule 12 makes clear the intent that default be automatic in those circumstances. *See* Super. Ct. Civ. R. 12, cmt ("[P]aragraph (5) has been added to preserve the existing Superior Court rule of automatic entry of default against a defendant who does not timely respond to the complaint.").

The District of Columbia Court of Appeals has addressed this issue, and has enforced the clear text of the Rules in favor of automatic and non-discretionary default. *See Digital Broadcast Corp. v. Rosenman & Colin, LLP*, 847 A.2d 384, 388-89 (D.C. App. 2004)(holding that Rule 55(a) default is automatic and non-discretionary); *Restaurant Equip. and Supply Depot, Inc. v. Gutierrez*, 852 A.2d 951, 954-56 (D.C. App. 2004)(holding that default for failure to file answer was automatic even where defendant had filed motion to dismiss).

An entry of default is not a final judgment terminating a proceeding. "[T]he entry of default does not constitute a judgment, but simply precludes the defaulting party from offering any further defense on the issue of liability." *Lockhart v. Cade*, 728 A.2d 65, 68 (D.C. 1999). "[T]he defaulted party retains the right to contest and mitigate unliquidated damages." *Digital* at 389 n.7. In other words, the default resolves all liability questions against the defaulting party, but does not determine ultimate relief.

Because the serving of a "response" under the IDEA is a perfect analogue to the filing of an answer under the Civil Rules, and the Respondent has in this case failed to serve a response, by analogy to the Civil Rules the Office of Management Services must issue the equivalent to a default against the Respondent. The equivalent to a default in IDEA administrative hearings is a finding, as a matter of law, that the Respondent has committed all of the violations identified in the Complaint.

6

Where a violation is all that is necessary to justify relief, the Office of

Management Services may simply order the relief requested in the Complaint. In the

alternative, where further evidence is necessary before specific relief can be ordered, the

Office of Management Services should schedule a hearing for the sole purpose of

adjudicating the issues relevant to relief.

IV. **An Order of Default After an LEA has Failed to Serve a Response is Wholly Consistent with the Policies Underlying the IDEA in that it Protects the Rights of Children, Encourages Prompt Resolution of Disputes, Promotes Administrative Efficiency and Preserves Procedural Equity.**

The application of the Civil Rules to this situation and the consequential order of

default against the Respondent comports with the policies underlying the IDEA.

The primary purposes of the IDEA are, of course, "to ensure that all children with

disabilities have available to them a free appropriate public education" and "to ensure

that the rights of children with disabilities and parents of such children are protected." 20

U.S.C. § 1400(d)(1).

Additionally, it is clear from the statute and the caselaw that certain policies

underlie the procedural aspects of the IDEA. In *Spiegler*, the Court of Appeals noted that

Congress' intent in passing the EHA was "to ensure the prompt resolution of disputes

regarding the appropriate education for handicapped children." 866 F.2d 461, 467. The

recent amendments to the IDEA, most notably the clauses regarding the complaint, the

response and the resolution session, indicate a Congressional intent to improve

administrative efficiency by narrowing issues and limiting unnecessary hearings. *See* 20

U.S.C. § 1415(b)(6), (c)(2)(B)(i)(I) & (f)(1)(B). Finally, Congress' respect for the

adversarial process and intent to establish basic procedures to ensure fairness in hearings

7

can be found in the IDEA's rights to counsel, to disclosure of evidence, to subpoenas, to cross-examination and to attorneys' fees; the Act's new clauses enabling the dismissal of inadequately drafted complaints; and the Act's new provisions regarding the training and competence of hearing officers. *See* 20 U.S.C. § 1415(c)(2)(A), (f)(3)(A) & (h).

These four purposes – protection of the rights of children with disabilities, prompt resolution of special education disputes, administrative efficiency and procedural fairness – are all furthered by an order of default against the Respondent for failing to serve a response.

Obviously, a ruling in favor of a parent or child, particularly a ruling that prevents the LEA from violating the IDEA and sandbagging a petitioner at hearing, helps to protect the rights of children with disabilities. It is equally obvious that a default for failure to respond to a complaint furthers prompt resolution and administrative efficiency, both in the short term, in that the parties and the hearing officer are not forced to litigate issues regarding which the respondent has offered no defense, and in the long term, in that the respondent will be more likely to serve a proper response in future cases.

The impact of a default on procedural equity deserves a bit more consideration, because the recent amendments to the IDEA have changed the balance of procedural obligations. Under the old version of the law, a petitioner needed only to file a minimum hearing request, and the respondent did not need to file a response. Under the current version of the law, by the time a respondent has failed to serve a response and thereby made itself subject to default, a petitioner has had to file a substantially more comprehensive complaint, which has had to withstand a judgment of its sufficiency. *See* 20 U.S.C. § 1415(b)(7) & (c)(2)(D). If the complaint is found sufficient, the petitioner is

8

123

granted a hearing, but cannot raise any issue not identified in the complaint. *See* 20 U.S.C. § 1415(f)(3)(B). While petitioners now bear that new burden, respondents bear a new burden of their own – the response to the complaint.

A default against an LEA for failure to serve a response would enforce the policy of procedural fairness evident in the IDEA's new requirements of a reciprocal information exchange prior to the resolution session and the hearing. To decline to issue a default would confound Congress' clear intent to require LEAs to provide the same level of information that petitioners must provide, and would create a fundamentally unfair system in which a petitioner is denied his/her opportunity to make a case if he/she fails to provide information according to IDEA procedure, but an LEA is allowed to make its case in the opposite situation.

## CONCLUSION

Because a default against the Respondent in this case is wholly consistent with the policies underlying the IDEA, and the denial of a default would frustrate Congress' intent, the Office of Management Services should apply the most closely analogous state rule to this situation and grant the Petitioner a default by applying Civil Rules 12(a)(5) and 55(a) by analogy.

Respectfully submitted,

Douglas Tyrka #467500
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Avenue N.W., Suite 400
Washington, D.C. 20009

f. (202) 265-4264

9

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)

## Certificate of Service

Counsel for the Petitioner hereby certifies that a copy of this MOTION has been

filed with the Student Hearing Office and sent via facsimile to Counsel for the

Respondent.

Respectfully Submitted by,

Douglas Tyrka, #467500
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260

**DATE FILED:     January 27, 2006**

10

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)

**CONFIDENTIALITY NOTICE**

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:    Student Hearing Office

Fax number:    202-442-5556

From:    Camille McKenzie

Regarding:    A████ S████

Number of pages:  11    (including cover sheet)

Notes:

2006 JAN 27 PM 3: 03
DC PUBLIC
SCHOOL SYSTEM

126

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400

(202) 265-4260 (ph)
(202) 265-4264 (fax)

## Certificate of Service

Counsel for the Petitioner hereby certifies that a copy of this MOTION has been

filed with the Student Hearing Office and sent via facsimile to Counsel for the

Respondent.

Respectfully Submitted by,

Douglas Tyrka, #467500
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260

**DATE FILED:    January 27, 2006**

```
TRANSMISSION VERIFICATION REPORT
```

```
                                        TIME  : 01/27/2006 14:49
                                        NAME  : TYRKAHOUCK
                                        FAX   : 2022554264
                                        TEL   : 2022554260
                                        SER.# : 000L5J270918
```

| | |
|---|---|
| DATE,TIME | 01/27  14:46 |
| FAX NO./NAME | OGC1 |
| DURATION | 00:02:54 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

## TYRKA & HOUCK, LLP

1726 Connecticut Ave., NW, Suite 400
Washington, DC  20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:   **Office of General Counsel**

Fax number:    202-442-5097/8

From:    Camille McKenzie

Regarding:    ⬛ s⬛

Number of pages: 11    (including cover sheet)

Notes:

128

```
┌─────────────────────────────────────────┐
│   TRANSMISSION  VERIFICATION  REPORT     │
└─────────────────────────────────────────┘
                              TIME  : 01/27/2006 15:00
                              NAME  : TYRKAHOUCK
                              FAX   : 2022654264
```

```
┌────────────────────────────────────────────────────────────┐
│   DATE,TIME              01/27  14:57                        │
│   FAX NO./NAME           SHO                                 │
│   DURATION               00:02:56                           │
│   PAGE(S)                11                                  │
│   RESULT                 OK                                  │
│   MODE                   STANDARD                           │
│                          ECM                                │
└────────────────────────────────────────────────────────────┘
```

## TYRKA & HOUCK, LLP

1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:    Student Hearing Office

Fax number:    202-442-5556

From:    Camille McKenzie

Regarding:    A███ S███

Number of pages: 11    (including cover sheet)

Notes:

129

Jan 25 2006 3:15PM    HP LASERJET 3330

## DUE PROCESS COMPLAINT NOTICE
### In re Antoine Suggs

| | |
|---|---|
| **Petitioner:** | Nina Suggs |
| **Student:** | A____ S____ |
| **DOB:** | 05/31/97 |
| **Current School:** | High Road Primary |
| **Residence:** | 2004 Maryland Avenue, N.E., #104 |
| | Washington, D.C. 20002 |

**Petitioner's Contact Information for Special Education Purposes:**

Tyrka & Houck, LLP
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

**Violations:**

1. Failure to comply with the terms and conditions of a January 7, 2005 HOD.

**Facts:**

1. A January 7, 2005 HOD ordered Friendship Edison Public Charter School ("Friendship") to:
   a) provide A____ with compensatory education for missed:
      i) speech and language services from September 2003 to February 2004,
      ii) specialized instruction from January 2004 to June 2004,
      iii) and missed counseling services for September 2003,
   b) and to convene a MDT Meeting to determine the form, amount and duration of this compensatory education within sixty (60) days.
2. Friendship did not determine the form, amount and duration of compensatory education owed to A____ within 60 days in violation of the January 7, 2005 HOD.
3. An April 19, 2005 HOD ordered DCPS and Friendship to convene and attend a MDT Meeting within fifteen (15) schools days to determine the form and develop a plan for compensatory education owed to A____ pursuant to the terms and conditions of the January 7, 2005 HOD.
4. Friendship did not convene and attend a MDT meeting within 15 school days to determine the form and develop a plan for compensatory education owed to A____ under the terms and conditions of the January 7, 2005 HOD.
5. At a MDT Meeting held on July 21, 2005, Friendship refused to discuss the provision of the outstanding compensatory education owed to A____ under the terms and conditions of the January 7, 2005 HOD.
6. Friendship did not attend a subsequent MDT Meeting held on November 8, 2005.
7. Friendship has never determine ____ owed to A____ pursuant to the terms and conditions of the January 7, 2005 HOD.

**Proposed resolution:**

1. Friendship to immediately develop an appropriate compensatory education plan with full parent participation pursuant to the terms and conditions of the January 7, 2005 HOD and to present and discuss the plan at a MDT Meeting to be convened within ten (10) days.
2. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of the LEA with authority to immediately develop an appropriate compensatory education plan with full parent participation and to convene a MDT Meeting within ten (10) days is a necessary attendee at any resolution meeting.
2. If this individual is not going to be in attendance, Petitioner requests that Friendship provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.
3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.
4. Any statements by the Petitioner or his or her attorney during any resolution meeting or other settlement discussion subsequent to the filing of this complaint are for the purposes of compromise only.

Respectfully Submitted,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel:  202-265-4260
Fax: 202-265-4264

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400

(202) 265-4260 (ph)
(202) 265-4264 (fax)

January 25, 2006

Paul Dalton
Friendship Edison Public Charter School
Chamberlain Elementary School
1345 Potomac Avenue, S.E.
Washington, D.C. 20003
(202) 547-5800
By Fax: (202) 393-1555

RE:   In re A███ S████

Mr. Dalton:

Please be advised that the enclosed due process complaint concerns violations of the petitioner's rights under the IDEA while he was attending the Chamberlain Elementary School campus of Friendship Edison Public Charter School.

Sincerely,

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for Petitioner
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel:  202-265-4260
Fax: 202-265-4264

Cc:   DCPS Student Hearing Office
825 North Capitol Street, N.E.
Washington, D.C.
By Fax: 202-442-5556

# TYRKA & HOUCK, LLP

1726 Connecticut Ave., NW, Suite 400

(202) 265-2060 (ph)
(202) 265-4264 (fax)

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: Paul Dalton

Fax number: (202) 893-1555

From: Alisha Bolden

Regarding: A████████ S██████

Number of pages: 4    (including cover sheet)

Notes:  CC : SHO
         (202) 442-5556

JAN 25 PM 2:16
DC PUBLIC
SCHOOL SYSTEM

**TYRKA & HOUCK, LLP**
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009

(202) 265-4264 (fax)

## Certificate of Service

Counsel for the Petitioner hereby certifies that a copy of this MOTION has been

filed with the Student Hearing Office and sent via facsimile to Counsel for the

Respondent.

Respectfully Submitted by,

Douglas Tyrka, #467500
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260

**DATE FILED:    January 27, 2006**

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient: *Hearing Officer Mr. St. Clair*

Fax number: *442-5554*

From: *Jacci Donnell*

Regarding: *A█████ S█████*

Number of pages: (including cover sheet)

Notes:

2005 APR 20 PM 3: 53
DC PUBLIC SCHOOL SYSTEM

RECEIVED: 6/14/05  6:25PM; →HP LASERJE 3100; #208; PAGE 1
JUN-14-2005 05:23 PM  JACCIDONNELL          301 598 6253        P.01
                                    STUDENT HEARINGS OFF       PAGE 02/06
  04/20/2005  07:14   2024425555

In the Matter of AS   DOB: 5/31/97   HOD: April 19, 2005)



DISTRICT OF COLUMBIA
State Enforcement and Investigation Division
CONFIDENTIAL
Coles B. Ruff, Jr., Due Process Hearing Officer

In the Matter of A____ S____     )   IMPARTIAL DUE PROCESS
Date of Birth: May 31, 1997      )
                                 )   HEARING OFFICER'S DECISION
                                 )
          Petitioner (Student),  )   Hearing Date: April 19, 2005
                                 )
              v.                 )   Held at: 825 North Capitol St. NE
                                 )            Washington, DC
District of Columbia Public Schools )
("DCPS" or "District")           )
Attending School: HR Primary     )
              Respondent.        )

Hearing Participants:
Counsel for Student:

                              Douglas Tyrka, Esq.
                              1220 L Street NW  #700
                              Washington DC 20002

                              Rhondalyn Primes, Esq.
                              Office of General Counsel
Counsel for DCPS:             825 North Capitol St. NE
                              Washington, DC 20002

## INTRODUCTION:

A Due Process Hearing was convened on April 19, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed March 9, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC ___ ___ 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

1

AS4
136

(In the Matter of AS   DOB: 5/31/97   HOD: April 19, 2005)

## SUMMARY OF THE ~~~~~~~~~~:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall, within fifteen (15) school days of the issuance of this Order, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to include Friendship Edison Public Charter School.
2. The MDT when it meets shall determine the form of compensatory education and develop a plan as ordered by the January 7, 2005, Hearing Officer's Determination (HOD).
3. All scheduling is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, his parent and/or representative(s).
5. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
Hearing Officer
Date: April 19, 2005

4/19/05

2

**State Enforcement and Investigative Division**
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| A⬛⬛⬛ S⬛⬛⬛, Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 05-13-97 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: June 21, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending School: High Road Primary | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

### ORDER

Parent(s):                    Nina Suggs
                              2004 Maryland Ave., Apt. 104
                              Washington, D.C. 2004

Counsel for Parent:           Douglas Tyrka, Esq.
                              Law Office of Carolyn W. Houck, Esq
                              5505 Connecticut Ave., N.W.
                              Suite 174
                              Washington, D.C. 20015


                              Office of the General Counsel, DCPS
                              825 North Capitol Street, N.E., 9th Floor
                              Washington, D.C. 20002

                              AS 2

138

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigative Division

### Special Education Due Process Hearing


## I.  INTRODUCTION

On May 13, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Rashida Chapman, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination (HOD) dated April 20, 2005.

A Due Process Hearing was convened on June 21, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Douglas Tyrka, Esq., Attorney-Advisor, represented DCPS. Rashida Chapman, Esq., represented the parent. Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated June 14, 2005: AS-1 through AS-7. On behalf of DCPS: Disclosure Letter dated June 14, 2005. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony in this matter as the parties settled this case on the record.


## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.


## III.  ISSUES

Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination (HOD) dated April 20, 2005?

2.

## IV. SUMMARY OF RELEVANT EVIDENCE

agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

## V. FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- Petitioner is the prevailing party in this matter. The following terms, as set forth in the record, are in the best interest of this student; therefore, the terms shall be incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **DCPS shall, within thirty- (30) calendar days of the issuance of HOD, convene a MDT meeting to develop a Compensatory Education Plan for A▮▮▮▮ S▮▮▮▮.**

2) **All communications and notices shall be sent through the parent's counsel including the resolution meeting.**

3) **Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.**

3.

HR
3P

# DUE PROCESS HEARING
## SIGN-IN SHEET

STUDENT'S NAME: 

HEARING DATE:

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| Douglas Tyrka | student | Counsel for Parent |
| PAUL S. DALTON | F.E.P.C.S | SCHOOL COUNSEL |
| Rashida Wilson | DCPS | Atty-Advisor |
| Nina Suggs | Student | Mother of Student |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
*SPECIAL EDUCATION STUDENT HEARING OFFICE*

_____
**HEARING OFFICER**

8/2000

141

# FAX TRANSMISSION COVER SHEET
## Dalton, Dalton & Houston P.C.
### Attorneys at Law

### Alexandria, Virginia 22314-1837
### (703) 739-4300
### FAX (703)739-2323

**DATE:**  April 13, 2006

**TO:**  Mr. David Smith, Esq., Hearing Officer, Student Hearing Office

**AT FAX:**  202-442-5556

**FROM:**  Paul S. Dalton, Esq.

**RE:**  A██████ S████, DOB 05/31/97

**NUMBER OF PAGES INCLUDING THIS PAGE:** 28

---

**COMMENTS:**

**Five Day Disclosure**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE
ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE. IF THE READER OF THIS
MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Office of Mediation &
Early Dispute Resolution
Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 442-5467**



# Fax

# Time Sensitive Materials Attached

**Prompt Attention: Principal/Administrator
                  Special Education Coordinator**

Telephone Number: **722-7900**                 Pages : **07**
Fax Number: **722-7936**                        Date: **January 25, 2006**

---

**Please find attached a copy of a Scheduling Memorandum and a copy of the Due
Process Complaint Notice regarding:**

Student:   **A█████ S█████**

School: **Public / High Road Primary**

**Please contact the Complaint Intake Unit @ (202) 442-5253 regarding any
Questions related to this correspondence.  Also this is a phone/fax line.**

                                        **Thank You,
                                         Cassandra McDowell
                                         Legal Assistant**

The document(s) accompanying this telecopy transmission contains information which is legally
privileged.  The information is intended only for use of the individual or entity named Above, if you are not the
intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in
reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please
immediately notify us by telephone For return of the original document to us.

TRANSMISSION VERIFICATION REPORT

TIME : 01/25/2006 15:42

| | |
|---|---|
| DATE,TIME | 01/25 15:39 |
| FAX NO./NAME | 97227936 |
| DURATION | 00:03:02 |
| PAGE(S) | 07 |
| RESULT | OK |
| | ECM |

Office of Mediation &
Early Dispute Resolution
Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 442-5467



# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Attorney:  Douglas Tyrka, Esq
            Parent:  Ms. Nina Suggs**


Telephone Number: **(202) 265-4260**          Pages: **3**
Fax Number: **(202) 265-4262**               Date: **January 25, 2006**

---

**Please find attached a copy of a Scheduling Memorandum regarding:**


Student:    **A██████ S██████**

School :  **Public /High Road Primary**


**Please contact the Complaint Intake Unit @ (202) 442-5253 regarding any
Questions related to this correspondence.  Also this is a phone/fax line.**




                                        **Thank You,
                                        Ms. Cassandra McDowell
                                        Legal Assistant**

The document(s) accompanying this telecopy transmission contains confidential information that is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

145

```
              TRANSMISSION VERIFICATION REPORT

                                          TIME : 01/25/2006 15:50


     DATE,TIME              01/25 15:48
     FAX NO./NAME           92654264
     DURATION               00:01:22
     PAGE(S)                03

                            ECM
```

# STATE EDUCATION AGENCY
# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| S███, A | ) | |
| | | |
| | ) | HEARING OFFICER |
| Vs. | ) | |
| | ) | |
| Public | ) | |
| High Road Primary | ) | DISTRICT OF COLUMBIA |
| | | |
| Respondent | ) | PUBLIC SCHOOLS |

## SCHEDULING MEMORANDUM

1.   A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings**.

2.   The complaint notice was filed on **January 25, 2006**

3.   The deadline for the resolution meeting is **February 9, 2006**      unless the parent and

   Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.   ***Prior Written Notice Not Issued by the Local Educational Agency***.  If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

1.   An explanation why the Local Educational Agency proposed or refused to take the action raised in the complaint;
2.   A description of other options that the IEP Team considered and the reasons why those options were rejected;

Rev'd. 7/6/05

3.    A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and

4.    A description of the factors that is relevant to the agency's proposal or refusal.

B.    Prior written notice, if not already provided to the parent, must be sent by the Local

Educational Agency to the complaining party no later than  **February 4, 2006**

C.    ***Deficiency Notice***.  A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.    The deadline for filing a deficiency notice  **February 9, 2006**

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.  A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice.  The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.  The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

Rev'd. 7/6/05