THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NINA SUGGS, et al.** )<br>Defendants. )<br>) | Case No. 06-CV-1284<br>PLF<br>AK |

## DEFENDANT MS. SUGGS' STATEMENT OF FACTS IN DISPUTE

Ms. Suggs contends that there is no genuine dispute regarding the material facts of this case, and that she is entitled to summary judgment for the reasons presented in her Motion for Summary Judgment. However, Ms. Suggs presents this statement in the event that the Court determines any disputes noted herein to be material.

1. Disputed that A.S. is nine years old; he has turned ten since the filing of the Complaint.[1] Otherwise admitted.

2. Disputed; the record contains no indication of a due process complaint filed on that date. Ms. Suggs filed a due process hearing request against Edison[2] and the District of Columbia Public Schools ("DCPS") on June 15, 2004. R. at 37.

3. Undisputed that the June 15, 2004 hearing request was heard on the three dates noted; otherwise disputed.

4. Undisputed.

5. Undisputed.

---

[1] A.S.'s birthdate is confidential. If this fact is further disputed Ms. Suggs can present evidence under seal.
[2] Ms. Suggs is following the Plaintiff's convention of referring to itself as "Edison."

1

6. Disputed due to the absence of evidence in the record. In support of this statement of fact, Edison has cited only a statement in the hearing officer's determination ("HOD") of April 28, 2006, which statement was itself unsupported by any document in the record or any testimony from an individual with direct knowledge. R. at 4.

7. Disputed due to the absence of evidence in the record. In support of this statement of fact, Edison cites only to prior, unsworn statements of Edison's counsel, which constitute neither affidavits nor sworn testimony.

8. Undisputed that two due process hearings regarding A.S. occurred between January 7, 2005 and a meeting regarding A.S. held on July 21, 2005; otherwise disputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Disputed due to the absence of evidence in the record. See Statements #6 and #7, above.

17. Disputed, due to the absence of any evidence in the record, that "DCPS stated it would reconvene the meeting once it was provided with a copy of the relevant HOD." Otherwise undisputed.

18. Undisputed that Edison obtained a copy of the January 7, 2005 HOD on July 21, 2005 at the latest. R. at 20.

19. Disputed. The document cited by Edison is its written rejection of DCPS' proposal for a July 2005 meeting. In that rejection, Edison's counsel states that an August 2005 meeting may be possible, and promises to "contact [DCPS] by the end of the week" to inform DCPS whether Edison wished to convene a meeting in August 2005. R. at 17.

20. Undisputed that a meeting occurred on November 8, 2005. Disputed, due to the absence of any evidence in the record, that Edison was not invited to the meeting.

21. Undisputed.

22. Undisputed that on January 25, 2006 Ms. Suggs filed a due process complaint notice against Edison for failure to comply with the January 7, 2005 HOD; otherwise disputed.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed that the Hearing Officer held DCPS responsible for not forwarding the January 7, 2005 HOD to Edison. Disputed that the Hearing Officer held DCPS responsible for not forwarding any other HOD to Edison. R. at 1-6.

27. Disputed due to the absence of evidence in the record. Edison has provided no citation for these statements.

28. This statement is not a statement of fact, but a characterization of the speed with which Edison acted.

                                                          Respectfully submitted,

                                                          /s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260

3

(f) (202) 265-4264
**tyrka@tyrkalaw.com**