THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,<br>      Plaintiff,<br><br>v.<br><br>NINA SUGGS, et al.<br>      Defendants. | )<br>)<br>)<br>) Case No. 06-CV-1284<br>) PLF<br>) AK<br>)<br>)<br>) |

**DEFENDANT MS. SUGGS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Nina Suggs is the parent of A.S., a ten-year-old child who has been determined eligible for specialized instruction and related services. R. at 63; Exhibit 2.

2. Ms. Suggs and A.S. reside together in the District of Columbia. R. at 1-6; Exhibit 2.

3. A January 7, 2005 Hearing Officer's Determination ("HOD") ordered Edison,[1] inter alia, to provide A.S. with compensatory education for missed speech and language services from September 2003 to February 2004, for additional specialized instruction he should have received from January 2004 through June 2004, and for counseling services he did not receive in 2003. R. at 46.

4. The January 7, 2005 HOD ordered Edison to participate in a multidisciplinary team ("MDT") meeting convened by the District of Columbia Public Schools ("DCPS") in order to determine the form and duration of that compensatory education and to develop a compensatory education plan. R. at 46.

5. Edison has never developed a compensatory education plan pursuant to the terms of the January 7, 2005 HOD. R. at 1-148; Hr'g Tr. at 1-40.[2]

---

[1] Ms. Suggs is following the Plaintiff's convention of referring to itself as "Edison."
[2] At summary judgment, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

1

6. On January 25, 2006, Ms. Suggs filed an administrative "due process complaint" against Edison alleging, inter alia, that Edison had failed to comply with the terms and conditions of the January 7, 2005 HOD. R. at 81-85

7. Edison did not convene a resolution meeting regarding Ms. Suggs' January 25, 2006 complaint. Hr'g Tr. at 7-9.

8. Edison did not serve a response to the January 25, 2006 administrative complaint on Ms. Suggs. R. at 1-148; Hr'g. Tr. at 7-9.

9. Ms. Suggs requested the entry of a default and a default judgment against Edison at the administrative level. R. at 116-125.

10. The Hearing Officer denied Ms. Suggs motion for default. R. at 5.

11. An April 28, 2006 HOD regarding Ms. Suggs' January 25, 2006 administrative complaint ordered Edison to convene a multidisciplinary team ("MDT") meeting within thirty days to discuss and determine the form, amount, and delivery of compensatory education to A.S.. R. at 6.

12. Edison did not convene the ordered meeting within the required thirty days. Exhibit 2.

13. On May 31, 2006, Ms. Suggs filed an administrative "due process complaint" against Edison which alleged that Edison had failed to comply with the April 28, 2006 HOD. Exhibit 1.

14. On August 8, 2006, a hearing officer issued an interim HOD ordering a hearing to fully litigate the need for compensatory education. Exhibit 2.

15. On March 9, 2007, a full evidentiary hearing was held regarding the necessity of compensatory education, as ordered in the August 8, 2006 HOD. Exhibit 3.

16. On April 12, 2007, a hearing officer issued an HOD resolving the May 31, 2006 due process complaint, and ordering Edison to provide A.S. 250 hours of tutoring in total and to convene

2

a meeting within ten school days to "determine the detail of when and how the tutoring will be provided." Id.

17. Edison did not convene the meeting ordered in the April 12, 2007 HOD within the time period prescribed in that HOD. Exhibit 5 at 6.

18. On May 4, 2007, Ms. Suggs filed an administrative "due process complaint" against Edison which alleged that Edison had failed to comply with the April 12, 2007 HOD. Exhibit 4.

19. In a July 19, 2007 HOD, a hearing officer ordered Edison to fund the provision of the tutoring ordered in the April 12, 2007 HOD from independent providers. Exhibit 5.

20. Edison has never brought an action challenging either of the April 12, 2007 and July 19, 2007 HODs.

21. Edison has never contended that it complied with the January 7, 2005 HOD. R. at 1-148; Hr'g Tr. at 1-40; Pl.'s Motion Summ. J..

                                              Respectfully submitted,

/s/Douglas Tyrka
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com