# District of Columbia Public Schools
## *State Enforcement Investigative Division*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: April 12, 2007

TO: Douglas Tyrka

FROM: STUDENT HEARING OFFICE

RE: S———, A———

TOTAL NUMBER OF PAGES, INCLUDING COVER: 11

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

**Exhibit 5**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of A●●● S●●● ) | IMPARTIAL DUE PROCESS |
| Date of Birth: ●●●, 1997 ) | FINAL |
| ) | HEARING OFFICER'S DECISION |
| Petitioner, ) | Hearing Dates: July 28, 2006 |
| ) | October 11, 2006 |
| ) | March 9, 2007 |
| v. ) | Held at: 825 North Capitol St. NE |
| Friendship FEPCS Public Charter ) | Washington, DC 20002 |
| School (FEPCS)[1] ) | |
| Attending School: High Road ) | |
| Respondent. ) | |

Counsel for Student:        Douglas Tyrka, Esq.
                            5505 Connecticut Ave. NW #174
                            Washington DC 20015

Counsel for FEPCS           Paul Dalton, Esq.
                            1008 Pendleton Street
                            Alexandria, Virginia, 22314

Counsel for DCPS:           Rashida Wilson, Esq.
                            Office of General Counsel
                            825 North Capitol St. NE
                            Washington, DC 20002

**JURISDICATION:**

A Due Process Hearing was convened on July 28, 2006, in response to a due process complaint submitted by counsel for the student and parent filed May 31, 2006. A Hearing Officer's Determination (HOD) issued August 8, 2006, as a result of that hearing. The HOD directed that the hearing be reconvened for a presentation of evidence on the issue of compensatory education. The hearing was reconvened on October 11, 2006, and concluded on March 9, 2007, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

---

[1] This matter was brought to enforce an HOD issued against FEPCS. The parties agreed DCPS was not a party to this complaint. The most recent issues involving DCPS with regard to this student were adjudicated at a due process hearing convened July 14, 2006, and an HOD issued July 17, 2006.

1

**Exhibit 5**

**DUE PROCESS RIGHTS:**

The parent's counsel waived a formal reading of the due process rights.

**SUMMARY OF THE RELEVANT EVIDENCE:**

The Hearing Officer considered the representations made on the record by each counsel, the testimony of witness, and the documents submitted in the parties' disclosures (AS 1-29 and FEPCS 1) which were admitted into the record.

**FINDINGS OF FACT:** [2]

1. The student is currently age nine and now attends High Road Primary School (High Road).[3] The student attended Friendship FEPCS Public Charter School, Chamberlain campus (FEPCS) during school year (SY) 2002-03, SY 2003-04 and during part of SY 2004-05. The student was eligible for special education services while attending FEPCS. The student first had a disability classification of speech language impairment (SLI) only. (Findings of Fact – January 7, 2005, HOD)

2. His August 25, 2003, individualized educational program (IEP) developed at FEPCS prescribed 2 hours of specialized instruction with reading and writing goals and objectives and 30 minutes of counseling per week. On June 21, 2004, FEPCS revised the student's IEP to prescribe 24.75 hours of specialized instruction weekly in stead of 2 hours. The IEP also prescribed 1 hour of speech/language, and 2.25 hours of counseling weekly. (Findings of Fact – January 7, 2005, HOD)

3. A January 7, 2005, HOD concluded FEPCS had denied the student a Free and Appropriate Public Education (FAPE) and should have provided the student 24.75 hours[4] of specialized instruction in January 2004, the start of the second half of the 2003-04 school year, rather than on June 21, 2004, when FEPCS revised the IEP and started providing the additional specialized instruction. (January 7, 2005, HOD)

4. The January 7, 2005, HOD directed FEPCS to provide the student compensatory education for the following:

---

[2] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[3] In November 2005 the student began attending High Road pursuant to a Hearing Officer's Determination and Order (HOD) issued November 17, 2004.

[4] 24.5 hours of specialized instruction approximates a full time special education placement.

2

**Exhibit 5**

   a. the additional specialized instruction the student should have received from January 2004 through June 21, 2004, when the student should have been in a full time special education placement,
   b. missed speech language services from September 2003 to February 2004,
   c. counseling services the student did not receive in September 2003.

5. The parent sought enforcement of the January 7, 2005, HOD, against FEPCS, which resulted in a May 2006 HOD issued by a different Hearing Officer. FEPCS allegedly did not comply with May 2006 HOD and the parent's counsel filed the current due process complaint seeking enforcement of the May 2006 HOD. Prior to the hearing on the current complaint, and within the required 90 day time frame, FEPCS appealed the May 2006 HOD. This Hearing Officer concluded in a HOD issued August 8, 2006, that FEPCS's appeal of the May 2006 HOD did not stay enforcement of the HOD and enforcement of the compensatory education determination directed by the January 7, 2005, HOD.

6. The Hearing Officer concluded that is in the best interest of the student in light of **Reid v. DC, 401 F.3d 516 (D.C. Cir. 2005)** that there to be no further delay in defining the award of compensatory education under the January 7, 2005, HOD. The Hearing Officer, therefore, directed the parties to present evidence sufficient for the Hearing Officer to determine the amount and form of compensatory education to be granted pursuant to the January 7, 2005, HOD.

7. That hearing on compensatory education was convened October 11, 2006. At the October 11, 2006, hearing the parent's counsel presented the testimony of Ms. Sharon Millis, the student's educational advocate, as to the services that would compensate the student for the missed specialized instruction. The parties agreed that FEPCS would conduct an educational evaluation of the student to determine his present levels of academic performance to assist in the compensatory education determination. That evaluation was conducted in October 2006 and presented by FEPCS's evaluator, Ms. Sharon Piner, when the hearing reconvened March 9, 2007.

8. During the period from January 2004, through June 2004, with a full time special education placement of 24.5 hours of specialized instruction per week rather than 2 hours of specialized instruction per week, the student missed 22.5 hours of instruction for period of 22 weeks for a total of 495[5] hours.

9. Ms. Millis, the parent's educational advocate, reviewed the student's evaluations and met with the student, his mother, and his teachers at his current school, High Road to develop a proposed compensatory education plan. Based on the hours missed, Ms. Millis offered an opinion that 250 hours of one to one tutoring would bring the student to the point he would have been had he not missed the specialized instruction at FEPCS. At the time of Ms. Millis' testimony the

---

[5] Ms. Millis made reference to 568 hours of missed specialized instruction; however, this number did not square with the calculation used by the Hearing Officer to determine missed services.

3

**Exhibit 5**

student had been at High Road for approximately two years. Ms. Millis indicated the sooner in the student's education career he is provided remediation the more likely it is for the remediation to have significant impact in ameliorating his deficits. (Ms. Millis' testimony)

10. Ms. Millis suggested the tutoring be split between math and reading, 125 hours in each area. She opined that providing the student tutoring for the full amount of instruction missed (approximately 500 hours) would be excessive and would overwhelm the student. She stated that a couple of hours a week of tutoring in both math and reading for approximately a year would ameliorate the student's deficit and bring him to an age appropriate level without overwhelming him with both classroom instruction during the day and tutoring after school or on weekends. (Ms. Millis' testimony)

11. FEPCS's psychologist Ms. Sharon Piner conducted an educational evaluation of the student in October 2006. Ms. Piner administered the Woodcock Johnson III assessing the student's reading ability, mathematics and written expression to assess his present levels of performance. She reviewed the student's previous evaluations and progress reports. (Ms. Piner's testimony, FEPCS)

12. A psycho-educational evaluation was conducted of the student in May 2003 when the student was a few months shy of age 6 in kindergarten, in which a Wechsler Individual Achievement Test (WIAT) was administered. The evaluation determined the student had average cognitive functioning[6] and his academic achievement levels were commensurate with his intellectual level. None of his academic achievement scores fell significantly below expectancies for his age and ability. (AS 7)

13. The student's academic abilities were assessed by FEPCS the following year in May 2004, when he was age 7, with Woodcock Johnson II Tests of Achievement (WJ III). By that time the student's academic performance had fallen to the low average range and very low in broad reading and math. The student's broad reading score was at a standard score (SS) of 75[7], his letter word identification SS at 86, passage comprehension SS at 79, his math calculation SS at 71 and applied problems SS at 74; his written language skills spelling SS was 93 and writing samples SS was 96. Generally, the student was operating at the kindergarten level in math and the first grade level in reading. The evaluator also assessed the student's cognitive abilities[8] which fell in the borderline range. (AS 8, 9)

---

[6] The evaluator administered the Stanford Binet IV to measure cognitive ability.

[7] Generally a standard score of 100 indicates the student is performing at an average level for his age and/or grade in the subject area being assessed.

[8] The evaluator administered the WISC-IV to measure cognitive ability.

4

**Exhibit 5**

14. DCPS conducted psycho-educational evaluation using the WISC-IV and WIAT-II in May 2006, when the student was just shy of age 9. The evaluation indicated, consistent with the previous evaluation that the student's cognitive ability was in the borderline range. The student's math composite standard score was 72 and he was performing in the borderline range in math. His reading score was 87 with a difficulty in pseudo word decoding with a subtest score in that area of 79. Generally, the student was operating on first grade level in math and second grade level in reading. (AS 12)

15. The October 2006 educational evaluation using the WJ-III measured the student at a standard score (SS) of 80 in reading, SS of 84 in math and SS of 86 in written language.

16. The student's achievement abilities have remained consistent in the borderline to low average range. His student's assessment scores from 2004 through 2006 indicate the student has made some academic progress. However, he has not made two years worth of grade progress in the two years at High Roads. (FEPCS 1, AS 8, 9)

**ISSUE:**

What is the amount and form of compensatory education the student is to receive for the missed services at FEPCS? [9]

**CONTENTIONS OF THE PARTIES:**

Counsel for FEPCS asserted the following:

1. The student has apparently not benefited from two years of intensive special education services; therefore, the tutoring is not warranted.
2. If the tutoring would not make the student whole for the missed services then the tutoring is not justified.
3. Ms. Millis' testimony amounts to a guess as to compensatory education and has no scientific basis.

Parent's Counsel asserted the following:

1. Review of the student's evaluations when he started Friendship show the student regressed while at Friendship.
2. The compensatory education award could have been made two years ago.

---

[9] The parent's counsel indicated that because the student was eventually exited from speech/language services that no claim for compensation for missed speech/language services were being maintained. The parent's counsel asserted that because the student missed a total of 2 hours of counseling services that it would be appropriate with regard to this related services a 1 to 1 ratio for services missed was appropriate and within the Hearing Officer's authority pursuant to Reid.

5

**Exhibit 5**

3. FEPCS initially came to the hearing with no evaluations to present its case, with no witnesses and no documents disclosed as to compensatory education.
4. Ms. Millis opinion as to the compensatory education is based on the student's evaluations, his academic progress and her conversations with the student, his parent and his teachers; it is a sufficient basis from which to compensate the student for the missed services.

**CONCLUSIONS OF LAW:**

Pursuant to Reid "Under the theory of 'compensatory education' Courts and hearing officers may award educational services ... to be provided prospectively to compensate for a past deficient program."

Based on the student's educational evaluations conducted in 2003, 2004, and the two evaluations in 2006 it appears the student has made some progress in his reading and math abilities although he remains significantly behind in both areas. Although the most recent evaluator, Ms. Piner, testified that it seemed the student's education assessment scores have "plateaued", she acknowledged that the scores did not indicated the student could not make further progress.

The Hearing Officer concludes based on Ms. Millis testimony and the student's educational evaluations that the student still has significant deficits in reading and math and the specialized instruction he missed during SY 2004 contributed to the deficit. The Hearing Officer is convinced by Ms. Millis' testimony and recommendation that 125 hours of one-to-one tutoring in both reading and math would compensate the student for the approximate 500 hours of missed hours of specialized instruction.

The fact that the compensatory education determination was ordered over two years ago and the student has not yet benefited from any services based on that HOD further convinces the Hearing Officer the student is due this level of services and it should begin to be provided to him as soon as possible so that his academic deficits in reading and math can be effectively addressed so as to compensate him for the services he missed at FEPCS.

In addition to the tutoring the student missed two hours of counseling services. However, there was no evidence presented as the services that would compensate the student for the missed counseling.

**ORDER:**

1. FEPCS shall provide the student 125 hours of one-to-one tutoring in both reading and math for a total of 250 hours of tutoring.

2. FEPCS shall convene a meeting with the parent and her counsel within ten (10) school days of the issuance of this Order to determine the detail of when and how the tutoring will be provided.

**Exhibit 5**

3. Scheduling of the meeting is to be arranged through parent's counsel.

4. FEPCS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

**APPEAL PROCESS:**

Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: April 12, 2007

Issued: 4/12/07

**Exhibit 5**

(In the Matter of AS  HOD: April 12, 2)

## In the MATTER OF A▮▮▮ S▮▮▮ V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AS 1-29 | Parent's Disclosures | Yes |
| FEPCS 1 | DCPS Disclosures | Yes |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |

8

**Exhibit 5**

(In the Matter of AS   HOD: April 12, 2'

## INDEX OF NAMES

### In the MATTER OF A▮▮▮ S▮▮▮ V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | A▮▮▮ S▮▮▮ |
| Child's Parent(s) (specific relationship) | Ms. Nina Suggs (Mother) Ms. Dorothy Suggs (Grandmother) |
| Child/Parent's Representative | Douglas Tyrka, Esq. |
| DCPS Representative | Rashida Wilson, Esq. |
| Parent's Educational Advocate | |
| Friendship FEPCS Public Charter School | Paul S. Dalton, Esq. |
| Educational Consultant | Ms. Sharon Millis |
| FEPCS Psychologist | Ms. Sharon Piner |

**Exhibit 5**