**District of Columbia Public Schools**
***State Enforcement Investigative Division***
**STUDENT HEARING OFFICE**
1150 5th Street, S.E.
Room 3
Washington, D.C. 20003
FAX: (202) 698-3825



***FACSIMILE SHEET***

Date: July 19, 2007

To: D. Tyrka

Re: S[redacted], A[redacted]

Total Number of Pages Including Cover: 9

**CONFIDENTIALITY NOTICE: The information contained in this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this true copy is strictly prohibited.**

**Exhibit 7**

District of Columbia Public Schools
State Enforcement and Investigation Division
For Special Education Programs
Van Ness Elementary School
1150 5th St., S.E., Washington, D.C. 20003
Phone: (202) 698-3819
Facsimile: (202) 442-5556

2007 JUL 19 AM 8:37
DC PUBLIC SCHOOL SYSTEM

**CONFIDENTIAL**

In Re the Matter of:

A[redacted] S[redacted], ("Student"),
Date of Birth: [redacted]/97

Petitioner,

v.

Friendship Public Charter School (FEPCS),

Respondent.

**DATE OF HEARING:**
July 6, 2007

**Motion to Dismiss (Jurisdiction)**
**Motion for Summary Adjudication**
**Motion for Default and Default Judgment**
**Motion for Due Process Hearing in Absence of Resolution Session**

**ORDER**

The matter before this Hearing Officer, is Respondent's Motion to Dismiss Petitioner's Administrative Due Process Complaint, for lack of jurisdiction, entered on the record on July 6, 2007; and Petitioner's Motion for Summary Adjudication, Motion for Default and Default Judgment, and Motion for Due Process Hearing in Absence of Resolution Session.

On July 28, 2006, a due process hearing was convened, in response to a due process complaint filed through Counsel, on behalf of parent, on May 31, 2006. The issue in the complaint was the amount and form of compensatory education the student was entitled, due to FEPCS's failure to provide the student, special education services.

On April 12, 2007, the Hearing Officer rendered a final decision, granting Petitioner the relief, as set forth in the Order. As of the date of this hearing, FEPCS has failed to comply, or implement the HOD of April 12, 2007.

**Exhibit 7**

On May 4, 2007, Petitioner filed a due process complaint, alleging that FEPCS failed to comply with the Hearing Officer's decision of April 12, 2007. On July 6, 2007, a hearing on the complaint was held. As preliminary issues, Petitioner and Respondent entered Motions, in support of their respective positions.

These matters are before this Hearing Officer for decision.

**Respondent's Motion to Dismiss for Lack of Jurisdiction**

After considering and reviewing the parties disclosures, relevant laws, rules, regulations and applicable case law, as well as Petitioner's Motion for Default Judgment, and Summary Adjudication, and Respondent's Motion to Dismiss for Lack of Jurisdiction, it is the Hearing Officer's determination that:

1) This matter is properly before this Hearing Officer, and the Hearing Officer in this matter assumes jurisdiction, authorizing her to decide the matters before her, and the Motion to Dismiss for lack of jurisdiction is denied on the following grounds:

   In accordance with 5 DCMR Section 3029:

   "A parent of a child or the LEA has the right to initiate a hearing, when there is a dispute about the eligibility, identification, evaluation, educational placement, or the provision of FAPE to a child with disability, in accordance with 20 U.S.C. Section 1415(f).

   The philosophy underlying IDEA requires a plaintiff to exhaust their administrative remedies before turning to the courts.

   The Blackman Jones Consent decree provides that noncompliance with an HOD represents a denial of FAPE. In the Consent Decree, it was agreed among many things, that any student, "now and in the future," whose HOD had not been timely implemented is a member of the class entitled to relief, and that failure to implement a HOD creates a rebuttable presumption of harm. It also establishes that one becomes a member of the class "as a result of an untimely HOD or untimely Implementation of an HOD/SA."

In the Consent Decree, the schools acknowledged and agreed to a rebuttable presumption of harm for failure to timely implement a HOD:

> "This Consent Decree establishes a rebuttable presumption of harm for students denied timely hearings or HOD and for students who failed to receive timely implementation of HODs and SAs. Within fifteen (15) days of final approval of the Consent Decree, representative on behalf of the schools agreed to revise their policies and due process complaint request form to incorporate this rebuttable presumption of harm.



Exhibit 7

Moreoever, the Consent Decree also provides;

> The goal of this Consent Decree is to achieve, as quickly as possible, Defendants' compliance with federal law requirements for timely due process hearings and timely implementation of Hearing Officer Decisions and Settlement Agreements. The parties' goals is for the Defendants to achieve and maintain timely due process hearings and timely implementation of HOD's and SA's in all instances. There is no intention to cause delays or obstacles for students or DCPS but to facilitate resolution and provide remedies when there have been rights violated. Therefore, Respondent's Motion to Dismiss for Lack of Jurisdiction is denied.

**Petitioner's Motion for Due Process Hearing in Absence of a Resolution Session**

In response to Petitioner's Motion for Due Process Hearing in the Absence of a Resolution Session, the Hearing Officer responds as follows:

> Section 300.510(a)(I) of IDEIA provides in pertinent part:
>
> "...Within 15 days of receiving notice of the parent's due process complaint, and prior to the initiation of a due process hearing under Section 300.511, the LEA ***must*** convene a meeting with the parent and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the due process complaint that__"

In addition, the Blackman-Jones Consent Decree provides that DCPS will exercise due diligence in scheduling resolution sessions. The evidence of record reflects that Friendship failed to comply with the procedures for convening resolution sessions as set forth in the Blackman-Jones Consent Decree, by exercising due diligence in scheduling a resolution session.

> DCMR, Section 3030.1(a) also provides:
>
> "...Prior to the opportunity for an impartial due process hearing, the LEA ***shall*** convene a Resolution Session with the parents and the relevant member(s) of the IEP Team who have specific knowledge of the facts identified in the complaint.
>
> The Resolution Session:
>
> (i) shall convene within fifteen (15) days of receiving notice of the parent's complaint;"



Exhibit 7

Based on the aforementioned, Friendship failed to comply with the requirements of DCMR, Section 3030.1(a), Section 300.510(a)(I) of IDEIA, and the Blackman-Jones Consent Decree, by failing to exercise due diligence in scheduling a resolution meeting with the parent. Therefore, Petitioner is entitled to a due process hearing, in the absence of a resolution session.

The due process hearing was held on July 6, 2007, therefore, the issue of scheduling a due process hearing, in the absence of a resolution meeting, is "moot", and the Motion is denied.

**Petitioner's Motion for Entry of Default and Default Judgment**

**34 C.F.R. Section 300.508 (c) provides, in pertinent part:**

(1) If the Local Education Agency (LEA) has not sent a prior written notice under Section300.503 to the parent regarding the subject matter contained in the parent's due process complaint, the LEA ***must***, within ten (10) days of receiving the due process complaint, send to the parent a response that includes---

(i) An explanation of why the agency proposed or refused to take the action raised in the due process complaint;

(ii) A description of other options that the IEP Team considered and the reasons why those options were rejected;

(iii) A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and

(iv) A description of the other factors that are relevant to the agency's proposed or refused action.

Furthermore, **34 C.F.R. Section 300.508(f)** provides:

"Except as provided in paragraph (e) of this section, the party receiving a due process complaint must, within 10 days of receiving the due process complaint, send to the other party a response that specifically addresses the issues raised in the due process complaint."

According to **Rule 55(a) of the Federal Rules of Civil Procedure,** a motion for default judgment is appropriate:

(a) "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk or the court ***shall*** enter the party's default."



**Exhibit 7**

The Notice of Complaint was filed in this matter, on May 4, 2007. According to 34 C.F.R. Section 300.508(e), DCPS was required to file a ***prior written notice or written response*** to the complaint, by May 14, 2007. As of the date of this hearing, DCPS failed to issue a prior written notice or a response, specifically addressing the issues raised in the complaint, within 10 days of receiving the due process complaint, in violation of 34 C.F.R. Section 300.508(e), and as required by the Individuals with Disabilities Education Improvement Act of 2004.

***Massey, et al., v. District of Columbia*** also provides that DCPS' failure to respond in a manner explicitly required by the statute failed to satisfy the statutory requirement of a written response.

Unfortunately, the statute does not specify the remedy, when the LEA fails to issue a proper response to Petitioner's complaint, although a remedy is appropriate. The federal courts have held that where the IDEA is silent regarding a procedural rule, the most analogous state rule must be applied, if they are not inconsistent with the federal policies underlying the IDEA. District of Columbia Superior Court Rules of Civil Procedure 12(a)(5) and 55(a), which provides the remedy for a civil defendant's failure timely to file an answer to a complaint.

Relief on behalf of Petitioner is also warranted, pursuant to 20 U.S.C. 1400(d)(1)(B), which requires that the Hearing Officer "ensure that the rights of children with disabilities and parents of such children are protected ".

An entry of default judgment is not a final judgment terminating a proceeding. "[T]he entry of default does not constitute a judgment, but simply precludes the defaulting party from offering any further def3ndse on the issue of liability." In other words, the default resolves all liability questions against the defaulting party, but does not determine ultimate relief. A default under IDEA, is a finding, as a matter of law, that the Respondent has committed all of the violations identified in the Complaint.

Based on the aforementioned, an entry of default is appropriate in this matter, and Petitioner's Motion for Default Judgment is **GRANTED**, due to DCPS's failure to issue a prior written notice ***or*** file a response to the complaint, in accordance with 34 C.F.R. Section 300.508(e) and (f), and the Individuals with Disabilities Education Improvement Act of 2004.

**Petitioner's Motion for Summary Judgment**

To determine whether a summary judgment should be granted, a determination must be made as to whether no genuine issue as to a material fact exists and whether the moving party is entitled to judgment as a matter of law. Additionally, the facts must be reviewed in a light most favorable to the non-moving party.



**Exhibit 7**

Based upon the evidence of record, the following facts, as presented by Petitioner, are undisputed:

On April 12, 2007, the Hearing Officer issued an order requiring Friendship Edison Public Charter School ("FEPCS") to:

a) provide the student 125 hours of one-on-one tutoring in reading and math for a total of 250 hours;

b) convene a meeting with Petitioner and Counsel within ten (10) school days of the April 12, 2007 HOD, to determine the detail of when and how the tutoring would be provided to the student; and

c) schedule the meeting through Petitioner's Counsel.

It is undisputed that Friendship failed to comply with the terms and conditions of the April 12, 2007 Hearing Officer's Decision, by implementing and granting Petitioner the relief as set forth above, and as ordered in the HOD. Therefore, there is no genuine issue as to a material fact, that would prevent the parent's Motion from being granted; and therefore, the Motion is granted.

With regard to reviewing the facts in a light most favorable to the non-moving party, it is the Hearing Officer's determination that Respondent has not provided any evidence that could dispute any of the contentions of the parent. In fact, based on the Questions and Answers publication of the Department of Education, it is clear that Respondent had an obligation to offer FAPE to the student, and according to the Hearing Officer's determination of April 12, 2007, Friendship denied the student FAPE.

The record also reflects that Friendship failed to provide parent a resolution meeting; a prior written notice, or response to the complaint; and failure to comply with the Hearing Officer's decision of April 12, 2007, ordering that Friendship implement certain measures to ensure the student receives FAPE, is further evidence of Friendship's blatant disregard for the administrative process; IDEA, and the student's entitlement under to a free and appropriate pubic education.

The Consent Decree in Blackman v. District of Columbia, Civil Action No. 97-1629 (D.D.C. Aug. 24, 2006), provides in pertinent part:

"Noncompliance with an HOD represents a denial of FAPE. In the Consent Decree, DCPS agreed among many things, that any student, "now and in the future," whose HOD has not been timely implemented is a member of the class entitled to relief, and that failure to implement a HOD creates a rebuttable presumption of harm. It is also established that one becomes a member of the class "as a result of an untimely HOD or untimely implementation of an Hearing Officer Decision and Settlement Agreement."



Exhibit 7

Moreover, the Consent Decree provides:

> "The goal of this Consent Decree is to achieve, as quickly as possible, Defendants' compliance with federal law requirements for timely due Process hearings and timely implementation of Hearing Officer Decisions and Settlement Agreements. The parties' goal is for the Defendant's to achieve and maintain timely due process hearings and timely implementation of HOD's and SAs, in all instances, while understanding that perfection is neither possible nor required under this Decree. There is no intention to cause delays obstacles for students or DCPS but to facilitate resolution and provide remedies when there have been rights violated."

The evidence in the record reflects that Friendship failed to implement and grant Petitioner the relief ordered, in the April 12, 2007, HOD. Under these circumstances, the notion that the applicable law is designed to force the Petitioner to now go through a different process or resort to the courts for relief already ordered is contrary to all notions of fair play and judicial economy. Counsel for Respondent has not presented any evidence before this Hearing Officer that IDEA or any of its implementing regulations are structured to create an "evade responsibility" doctrine, in the administrative process, and therefore force courts to intervene. Failure to comply with determinations made by a Hearing Officer, that are intended to ensure that the student receive a FAPE, then requiring Petitioner to endure layers of bureaucracy, can only produce an outcome similar to the decision in Blackman v. District of Columbia; and frustration of the administrative complaint process. The Blackman v. District of Columbia case, resulted in the Consent Decree, which is referenced herein, in which among other matters, DCPS agreed to revise its policies and due process complaint form to reflect and incorporate the notion that *failure to timely implement an HOD creates a rebuttable presumption of harm* to the student.

With regard to the parent's Motion, when viewing this matter in the light most favorable to the non-moving party; it is the Hearing Officer's determination that Friendship failed to implement the HOD of April 12, 2007, resulting in further denial of FAPE; and a continuous violation of IDEA and governing regulations.

It is the Hearing Officer's decision that Respondent, failed to present any evidence that there exist genuine issues of material fact; that would rebut the factual or legal arguments of the parent; or that Friendship implemented the relief granted Petitioner, in the April 12, 2007 HOD. Accordingly, Summary Judgment in this case is appropriate.



**Exhibit 7**

**ORDER**

Based upon the aforementioned, it is hereby:

**ORDERED**, that Respondent's Motion to Dismiss Petitioner's Due Process Complaint, due to lack of jurisdiction, is **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for Due Process Hearing in the Absence of a Resolution Meeting is **DENIED**, as "moot";

**ORDERED**, that Petitioner's Motion for Entry of Default and Default Judgment is **GRANTED**;

**ORDERED**, that Petitioner's Motion for Summary Adjudication is **GRANTED**, and immediately, FEPCS is to fund 125 hours of independent one-on-one tutoring for the student, in math; and 125 hours of independent one-on-one tutoring for the student, in reading.

Ramona Justice-Pegues
Attorney Ramona Justice-Pegues
Hearing Officer

Date Filed: 7.18.07

Date Issued: 7/19/07

cc: Attorney Paul S. Dalton, Dalton, Dalton & Houston, P.C.
Attorney Douglas Tyrka, Tyrka & Associates, LLC



Exhibit 7

**Exhibit 7**