UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDSHIP EDISON | : | |
| PUBLIC CHARTER SCHOOL | : | |
|    Plaintiff | : | |
|       v. | : | Civil Action No.  06-1284 (PLF) |
| NINA SUGGS, *et al.,* | : | (AK) |
|    Defendants | : | |

MOTION OF THE DISTRICT OF COLUMBIA FOR JUDGMENT ON THE PLEADINGS
OR FOR SUMMARY JUDGMENT, AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 12 (c) and 56 and LCvR 56.1, defendant District of Columbia moves for judgment on the pleadings or, in the alternative, for summary judgment, and opposes plaintiff's motion for summary judgment herein.  The grounds for this defendant's motion are that plaintiff's complaint fails to identify a cause of action against this defendant, and the Hearing Officer Decision challenged in the plaintiff's complaint orders no relief from this defendant.  Further, the grounds for relief cited in plaintiff's complaint and motion for summary judgment are without merit.  A memorandum of points and authorities explaining these points and adopting some of the arguments of co-defendant Nina Suggs on issues relating to the District of Columbia, and a proposed order are attached.

                                                   Respectfully submitted,

                                                   LINDA SINGER
                                                   Attorney General for the District of Columbia

                                                   GEORGE  C. VALENTINE
                                                   Deputy Attorney General
                                                   Civil Litigation Division

                                                      _____/s/ Ellen_A. Efros_____

      ELLEN A. EFROS [#250746]
      Chief, Equity Section I

       /s/ Cary D. Pollak
      CARY D. POLLAK [#055400]
      Senior Assistant Attorney General
      441 Fourth Street, N.W.
      Sixth Floor South
      Washington, D.C. 20001
      (202) 724-6604
      (202) 727-0431 (fax)
      cary.pollak@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDSHIP EDISON | : | |
| PUBLIC CHARTER SCHOOL | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.  06-1284 (PLF) |
| | : | |
| NINA SUGGS, *et al.,* | : | (AK) |
| | : | |
| Defendants | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF THE DISTRICT OF COLUMBIA FOR JUDGMENT ON THE PLEADINGS
OR FOR SUMMARY JUDGMENT, AND OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PRELIMINARY STATEMENT

The plaintiff charter school brings this action claiming that it was improperly obligated to take action regarding the minor child herein by a hearing officer decision (HOD) below.  Among the alleged grounds for that claim are that two previous HODs obligating the District of Columbia to take action give rise to plaintiff's position in the instant matter that the entry of the HOD at issue was in violation of the doctrines of claim preclusion and issue preclusion.[1]

To summarize the factual and documentary record previously submitted by plaintiff and by defendant Suggs, an HOD was entered on January 7, 2005 (HOD #1[2]) which ordered in relevant part as follows:

1. Edison[3] shall provide the student compensatory education for the missed speech language services from September 2003 to February 2004, for the additional specialized instruction the student should have received from January 2004 through

---

[1] These grounds are raised in Counts I and II of the complaint.  Count III alleges that any harm to the student was the responsibility of this defendant and Count IV states that the award of compensatory  education was not properly justified.

[2] The motions and record previously provided to the Court mention several HODs.  Four of them are identified in this submission, and are referred to as HODs #1 through #4.

[3] "Edison" denotes the plaintiff charter school, which will be so referenced hereinafter.

      June 2004 when the student should have been in a full time special education placement, and for the counseling services he did not receive in September 2003.

2. Within sixty (60) calendar (sic) of the issuance of this Order DCPS shall convene and Edison shall participate in, a MDT meeting to determine the form and duration of compensatory education the student will be provided and develop a compensatory education plan.[4]

DCPS failed to convene the required meeting, and the student did not receive the ordered compensatory education (comp. ed.) from Edison. Suggs sought and obtained two further HODs against DCPS, to direct them to convene the MDT meeting required by HOD #1 (to which Edison was to be invited by DCPS). These HODs were dated April 19, 2005 (HOD #2) and June 23, 2005 (HOD #3). Edison was not a party, and did not participate, in the proceedings regarding HODs #2 and #3.

DCPS held the required meeting on July 21, 2005. Edison had been invited and came, but refused to participate because it had not been provided with a copy of HOD #1, and no copy was at the meeting. Edison admits to receiving a copy on July 22, 2005. It has not appealed HOD #1, and has not planned for or provided the comp. ed. ordered therein.

In light of the facts that DCPS did convene the MDT meeting required by HOD #1, and that Edison still did not provide the comp. ed., Suggs next sought relief against Edison. The resulting HOD (#4), dated April 28, 2006, ordered in relevant part as follows:

1. Within 30 days hereof and as awarded in Paragraph 1 of the Order in the HOD issued in this matter January 7, 2005, FEPCS will convene an MDT meeting to discuss and determine the form, amount and delivery of compensatory education to the student.

Edison (referred to as FEPCS in the quotation) still refused to provide comp. ed., and instead filed the instant complaint, challenging HOD #4.

ARGUMENT

---

[4] "MDT" is a Multidisciplinary Team, and "DCPS" is the District of Columbia Public Schools.

2

As just noted, the HOD at issue (#4) was not directed against DCPS.  Further Edison's complaint essentially seeks to overturn that HOD.  Count III alleges that DCPS was at fault for any consequences suffered by the parent, but this is more in the nature of a defense to the imposition of the HOD, than a cause of action against DCPS.  For these reasons alone, this defendant is entitled to a judgment on the pleadings.

Further, in its motion to extend time to file the instant motion and opposition, this defendant noted that there was a substantial possibility that it would agree with, or perhaps adopt, the arguments and reasoning in the opposition and summary judgment motion of defendant Suggs.  At this time this defendant adopts and incorporates herein the following arguments from co-defendant Suggs' memorandum in opposition to plaintiff's motion for summary judgment:

    I.    Claim Preclusion Did Not Bar Ms. Suggs' Claims.

    II.    Issue Preclusion Did Not Bar Ms. Suggs' Claims.

    III.    Edison Has Made No Case for DCPS' Responsibility, Which Argument Edison Has Waived Regardless.

These elements of the Suggs opposition are adopted by this defendant in support of its instant dispositive motion *as well as* in opposition to plaintiff Edison's motion for summary judgment.  In addition, this defendant supplements these arguments as follows.

Edison argues that *res judicata* (or claim preclusion) applied to prevent, and now nullify HOD #4, because of the entry of HODs #2 and #3 against DCPS. Edison Mem. at 5-7.  Edison makes a similar claim concerning collateral estoppel (or issue preclusion). *Id.* at 7-8

"Under the doctrine of *Res Judicata*, also known as claim preclusion, 'a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the

3

same cause of action.' *Apotex Inc. v. FDA,* 364 U.S.App.D.C. 187, 393 F.3d 210, 217 (2004)."
*Evans v. Chase Manhattan Mortgage Corp.*, 2007 U.S. Dist. Lexis 20773 at 12 (D.D.C. 2007)
(CA No. 04-2185, decided March 23, 2007).

In discussing the privity element of claim preclusion, Suggs correctly notes that Edison "offers no explanation" for the assertion of being in privity with DCPS regarding HODs #2 and #3. Suggs Mem. at 2. Suggs continues that Edison's claim of being "bound" by those HODs is plainly wrong, since they did not order Edison to do anything. *Id.* at 2 n.2.

The determination that a party not present in a litigated matter is in privity with another who is present, should not be lightly (let alone summarily) made. This is especially true given "the general consensus 'in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.' *Hansberry* v. *Lee*, 311 U.S. 32, 40, 85 L. Ed. 22, 61 S. Ct. 115 (1940). . . ." *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996).

The Supreme Court went on to note that "these principles do not always require one to have been a party to a judgment in order to be bound by it. Most notably, there is an exception when it can be said that there is "privity" between a party to the second case and a party who is bound by an earlier judgment." *Id.* Thus, "in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Id. See also Research Air, Inc. v. Norton*, 2006 U.S. Lexis 10784 at 20 (D.D.C. 2006) (CA No. 05-623, decided March 1, 2006) (privity exists where a party was "adequately represented by a party to the original action").

In this case, DCPS was not in any way representing the interests of Edison in the proceedings that led to HODs #2 and #3, and as noted in the Suggs motion, there is no reason to

believe that Edison was bound by the orders directed to DCPS in those HODs.  Edison's *res judicata* argument fails based on the lack of privity between it and DCPS alone.

As noted above, another element of claim preclusion is that the second matter must be based on the same cause of action as the first one.  Edison asserts that this element is satisfied because HODs # 2, 3 and 4 all arose from "DCPS's failure to comply with and implement the January 7, 2005 HOD and convene the MDT meeting."  Edison Mem. at 6.  The Suggs motion thoroughly rebuts that analysis, explaining that while all subsequent HODs were in some way related to HOD #1, the claim against Edison arose once it refused to participate in the MDT meeting and to develop a comp. ed. plan.  Suggs Mem. at 2-4.  Those refusals occurred after Edison learned of its obligations upon receipt of HOD #1 on July 22, 2005, a date after the entry of HODs # 2 and #3.  "*Res Judicata* does not preclude claims based on facts not yet in existence at the time of the original action."  *Drake v. Federal Aviation Administration*, 351 U.S.App.D.C. 409, 291 F.3rd 59, 66 (2002).

Edison's claim that collateral estoppel (or issue preclusion) justifies overturning HOD #4 is no more meritorious than its claim regarding claim preclusion.  "The doctrine of collateral estoppel prohibits relitigation of an issue of fact or law that was decided in earlier litigation." *Drake v. Cappelle*, 2005 U.S Dist. Lexis 5037 at 30 (D.D.C. 2005) (CA No. 02-1049, decided March 22, 2005).  The change in facts noted above demonstrates that HOD #4 did not involve "relitigation of an issue of fact."  Put another way, "[c]hanges in facts essential to a judgment render collateral estoppel inapplicable in a subsequent action raising the same issues." *Id.*, quoting *Montana v. United States*, 440 U.S. 147, 159, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979).

Further, three elements must be established for collateral estoppel to apply.  "First, the issue must have been contested by the parties and submitted for judicial determination in the

5

prior case. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in the prior case. Third, preclusion must not be unfair to the party bound by the first determination. *Id.* at 32, citing *Yamaha Corp. of America v. United States*, 96l F.2d 245, 254, 295 U.S.App.D.C. 158 (1992).

The new issues that were raised in the complaint that resulted in HOD #4 show that the first element is not met.  The Suggs motion points out that the second element is not met because HODs # 2 and 3 were in fact "settlements on the record," not resolved by judicial determination. Suggs. Mem. at 5.

In support of Count III of the complaint, Edison devotes a brief paragraph in its motion to arguing that "DCPS is responsible for any harm suffered by A.S. in the failure to implement the HODs."  Edison Mem. at 8-9.  DCPS allegedly bears this responsibility because it "failed to advise Edison or the three previous HODs that were issued." *Id*. at 8.  No reference is made to any responsibility Edison had once it did learn of the HODs, or to any harm that may have befallen the student due to Edison's refusal to act, including its refusal to provide comp. ed. as ordered in the HOD (#4) at issue.  The Suggs motion also notes that the hearing officer found that Edison "remained fully liable for the compensatory education awarded to the student in Paragraph 1 of (HOD #1)."   Suggs Mem. at 8.

Thus, the fact that DCPS did not promptly comply with the requirements of HOD #1, does not mean that Edison is not responsible for the separate and distinct obligations directed at it by HOD #1.  See the quoted provisions of the order in HOD #1 above.  Further, the issue before the court is not the allocation of any "harm" that befell the student, but whether Edison will be required to meet its responsibilities under the HOD provisions at issue.  The motions of the co-defendants herein have demonstrated that there is no reason to further delay the

implementation of HOD #4, and that Edison's complaint challenging that HOD should be dismissed.

## CONCLUSION

By the time that the HOD (#4) at issue herein was entered, DCPS had convened the MDT meeting required by HOD #1.  HOD #4 thus was directed solely at Edison.   Further, Edison cannot establish the elements of claim preclusion or issue preclusion for the several reasons cited above.  Finally, Edison's attempt to cast DCPS failures in implementing HOD #1 as the only basis of any harm to the student, does not absolve Edison of its own responsibilities under that HOD, or HOD #4.  For these reasons, Edison's complaint should be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Ellen  A. Efros_____
ELLEN A. EFROS [#250746]
Chief, Equity Section I

_____/s/ Cary D. Pollak_____
CARY D. POLLAK [#055400]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604
(202) 727-0431 (fax)
cary.pollak@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDSHIP EDISON | : | |
| PUBLIC CHARTER SCHOOL | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.  06-1284 (PLF) |
| | : | |
| NINA SUGGS, *et al.,* | : | (AK) |
| | : | |
| Defendants | : | |

DEFENDANT DISTRICT OF COLUMBIA'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE, AND RESPONSE TO <u>PLAINTIFF'S
STATEMENT OF MATERIAL FACTS</u>

Pursuant to FedR.Civ.P. 56 and LCvR 7(h), defendant District of Columbia submits the following as its statement of material facts as to which there is no genuine issue.

This defendant adopts paragraphs numbered 1 through 12 of the Statement of Material Facts submitted by co-defendant Suggs. This defendant takes no issue with the remaining facts (paragraphs 13 through 21) stated by Suggs, but these involve matters that arose after the events alleged in the complaint, and not addressed in this defendant's dispositive motion.

This defendant adopts the response of co-defendant Suggs to plaintiff's statement of material facts as to which there is no genuine issue.

                Respectfully submitted,

                LINDA SINGER
                Attorney General for the District of Columbia

                GEORGE  C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

       /s/ Ellen A. Efros_____
ELLEN A. EFROS [#250746]
Chief, Equity Section I

       /s/ Cary D. Pollak_____
CARY D. POLLAK [#055400]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604
(202) 727-0431 (fax)
cary.pollak@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDSHIP EDISON | : | |
| PUBLIC CHARTER SCHOOL | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 06-1284 (PLF) |
| NINA SUGGS, *et al.,* | : | (AK) |
| Defendants | : | |

ORDER

Upon consideration of defendant District of Columbia's motion to dismiss or in the alternative for summary judgment, and its opposition to plaintiff's motion for summary judgment, it is by the Court, this       day of            , 2007,

ORDERED: that defendant's motion be, and the same hereby is, granted; and it is further

ORDERED: that motion for summary judgment by plaintiff herein be, and the same hereby is, denied; and it is further

ORDERED: that plaintiff's complaint herein be, and the same hereby is, dismissed with prejudice.
.

_____
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE