UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
FRIENDSHIP EDISON PUBLIC        )
CHARTER SCHOOL,                 )
                Plaintiff,    )
                                )
v.                              )  CIVIL ACTION NO. 06-1284 (AK)
                                )
NINA SUGGS, et al.              )
                Defendants.   )
_____)


**PLAINTIFF'S REPLY TO DEFENDANT, THE DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

      COMES NOW, the Plaintiff, by and through undersigned counsel, and respectfully moves this Court to deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Summary Judgment.  Pursuant to this Court's Order of July 31, 2007, Plaintiff files its Reply and Opposition to Defendant's Motion for Summary Judgment and its Opposition to Plaintiff's Motion for Summary Judgment.  In support of this Reply and Opposition, the Plaintiff submits its Memorandum of Points and Authorities in Support of its Reply and Opposition and a proposed Order.

Dated: December 3, 2007

                                      Respectfully submitted,
                                         /s/
                                      Paul S. Dalton, Esq
                                      D.C. Bar No. 439118
                                      Dalton & Dalton, P.C.
                                      1008 Pendleton Street
                                      Alexandria, Virginia 22314
                                      (703) 739-4300 (ph)
                                      (703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
FRIENDSHIP EDISON PUBLIC            )
CHARTER SCHOOL,                     )
                Plaintiff,     )
                               )
v.                                  )    CIVIL ACTION NO. 06-1284 (AK)
                               )
NINA SUGGS, *et al*.                )
                Defendants.    )
_____)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiff, by and through undersigned counsel, and replies to Defendant's Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment, as follows.

**I.  THIS COURT SHOULD GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REVERSE THE HEARING OFFICER'S DETERMINATION.**

The Defendant, the District of Columbia, makes two statements early on in their Reply and Motion for Summary Judgment that prove fatal to their later arguments. The first is the statement that the Plaintiff complaint is essentially an attempt to overturn the HOD # 4 dated April 28, 2006, and second, since DCPS is not a named party, they have no liability.

With regard to the 1st statement DCPS ignores the fact that HOD # 4 was a request to enforce the HOD #1 dated January 7, 2005, of which DCPS was a party and the fact that after HOD #1, not one but two subsequent hearings, HOD #2, dated April

19, 2005, and HOD #3, dated June 23, 2005, were held. Both of these subsequent hearings sought to have HOD #1 enforced; moreover they were only against DCPS, Edison was not a party to either. It was only after HOD #2 and HOD#3 had transpired that Edison even learned of HOD #1.

Based on the fact that HOD #2 and HOD #3 were brought to enforce HOD #1 and Edison was not named to either and DCPS did not challenge Edison's absence in either hearing, Plaintiff sought to have the remaining HOD #4 dismissed on grounds that the cause of action arose once the timeline in the January 7, 2005 HOD expired. Upon expiration of that timeline, the parent chose to bring two new hearing requests against DCPS only. The Parent and thus DCPS derivatively, must be barred from bringing the same cause of action against Edison when the relief requested has already been ordered on two separate occasions. Because the parent had already re-litigated this claim not once, but twice, without notice to Edison, the hearing officer should have dismissed the January 25, 2006, due process complaint based on *res judicata.* As to DCPS, their inaction in HOD #2 and HOD #3; both as to their noncompliance with HOD #1 and their lack of action in failing to cross-claim Edison, compels a reversal of HOD #4. Any other result only encourages DCPS to continue its practice of ignoring HOD's.

In the current case, the three elements of collateral estoppel were also met. The issue in this case, the convening an MDT meeting, had not only been litigated once, but twice. The issues in the April 2005, June 2005 and April 2006 due process hearings were identical: failure to comply with and implement the January 7, 2005 HOD. In each of these cases, the issue was litigated and HODs were issued. Finally, the previous determination was necessary to the decision.

In both of the previous hearings the parent chose to bring the action only against DCPS . The parent had the opportunity to, but did not, request relief against Edison. There was no need for the parent to split the litigation between Edison and DCPS; however she chose to do so. The Parent and thus DCPS derivatively, cannot now request that Edison be ordered to offer the same relief that DCPS has been ordered to implement three times, once in January 2005, once in April 2005 and once in June 2005. Can our Courts really afford to award DCPS for its lack of action. Consequently, the hearing officer erred in not dismissing the complaint based on collateral estoppel, and this Court should reverse that decision.

2.  **DCPS is responsible for any Harm Suffered by A.S. in the Failure to Implement the HODs.**

Any consequences suffered by the parent in the failure to implement the three previous hearing officer's determination is a direct result of DCPS's complacency in enforcing the HODs. As the SEA, DCPS has a duty to advise its LEAs of actions taken which directly involve an LEA. In this case, DCPS failed to advise Edison of the three previous HODs that were issued. As a result, Edison cannot be held liable for failure to implement such HOD or provide FAPE. AR 5-6.

The statement by DCPS that Edison refused to implement the compensatory education plan is just plain error. Edison could not have been expected to agree to a compensatory education plan upon first hearing about the need for one at the July 21, 2005, meeting; let alone the fact that it had not received a copy of the HOD from the previous January. Furthermore, the plan violated the standards set forth in *Reid.*

3. **The Hearing Officer Erred in Ordering a Meeting to Discuss Compensatory Education without any Showing as to Educational Detriment.**

Compensatory education is an appropriate remedy for certain violations of the IDEA. "Under the theory of 'compensatory education,' courts and hearing officers may award 'educational services . . . to be provided prospectively to compensate for a past deficient program.'" *Reid v. District of Columbia,* 401 F.3d 516, 522 (D.C. Cir. 2005) (citing *G. ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308 (4th Cir. 2003)). Compensatory education, however, is an equitable remedy, not one of contractual obligation. *See Id.* at 523. as required by *Reid v. District of Columbia.* 401 F.3d 516 (D.C. Cir. 2005).

Pursuant to *Reid*, "[i]n every case . . . the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." 401 F.3d at 524. Thus, an award of compensatory education must be made on a case by case basis examining where the student should be but for the violation of the school, and fashioning a specific remedy which will bring the student to that level.

In the instant case, there was no evidence that linked A.S.'s level of academic functioning to any denial of FAPE by Edison. There is no evidence in the record that the student is in need of additional services or that additional services are warranted for any previous denial of FAPE especially given that the student has been attending a full-time special education program for more than one year. AR 38. The hearing officer erred in not complying with the *Reid* standard when he ordered a meeting to determine

compensatory education. Thus, this Court should reverse the HOD.

## CONCLUSION

Based on the arguments above the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendants and reverse the April 28, 2006 Hearing Officer's Decision.

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 3rd day of December, 2007.

_____/s/_____

Paul S. Dalton, Esq.

Counsel for Plaintiff