# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 06-1284 (AK)** |
| | ) |
| **NINA SUGGS,** *et al.* | ) |
| **Defendants.** | ) |
| | ) |

## OBJECTIONS TO THE MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDATIONS

COMES NOW, the Plaintiff, by counsel, in accordance with LcvR 72.3 and Rule 6 of the Federal Rules of Civil Procedure and files with this Court its objections to the Magistrate Judge's Proposed Findings and Recommendations.

Specifically, the Plaintiff objects as outlined in Plaintiff's Reply to Defendant, Nina Suggs' Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment dated December 3, 2007, to the fact that nowhere in the Report and Recommendations filed by the Magistrate Judge April 22, 2008, is there a discussion or reference to the fact that the Appeal initiated by the Plaintiff in this action should have stayed all subsequent hearings and in particular HOD 5[1] dated April 12, 2007. The May 4, 2007 due process complaint against Edison which served as the basis for the HOD dated April 12, 2007, alleged that Edison had failed to comply with the aforementioned HOD. Edison's position that their appeal stayed all future Hearings and HOD's relating to the same fact pattern as those appealed, is why Edison objected to all

---

[1]Report and Recommendation of the Magistrate Judge dated May 22, 2008, page 5. (hereinafter Report).

further hearings and did not offer any evidence.  This difference in position with regard to the staying effect of an appeal resulted in counsel for the defendant's continued pattern of filing due process hearings and the issuance of HOD's throughout number 7, issued on July, 19, 2007.[2]  Also, on page 5 of his Report the Magistrate Judge notes, citing Suggs' Motion at 5, that "Edison has never filed for a stay of either of those HOD'S.   Yet none of the defendant's Motions cite a single case or local rule requiring ,or even suggesting , the filing of a stay, in addition to the filing of an appeal to challenge a Hearing Officer's Decision, is necessary.

       Defendant's entire argument rests on the fact that while no rule or decision exists in this jurisdiction that requires an act, in addition to the filing of an appeal is required to challenge and thus stay a Hearing Officer's decision, counsel for the defendant nevertheless insists, that the filing of an appeal does not by itself stay the underlying Hearing Officer's decision.  In addition, in the absence of any such rule or decision counsel for the Defendant, filed six additional Due Process Hearings.[3]  It is the position of the Plaintiff that these additional hearings were unnecessary, at least those filed after our appeal was noted.[4]

_____

       [2]Report at p. 5.

       [3] The first two of which did not even name Edison.

       [4]Counsel for the Plaintiff has participated in hundreds of Due Process Hearings whose decisions were considered stayed by all parties and the Hearing Officers once an appeal was noted.  This is the 1st case know to counsel for the Plaintiff which has challenged this past practice.

While not conceding the issues Plaintiff presented to the Magistrate Judge during oral arguments, counsel for the Plaintiff, requests this Court, in addition to the issues discussed by the Magistrate Judge in his Report, consider and determine whether an appeal to the Untied States District Court, stays the effect of any prior or subsequent decisions dealing with the same fact pattern as appealed.  If not addressed in this case, the matter will certainly come up later; but in all likelihood as a result of numerous heretofore believed unnecessary and unproductive subsequent notices of due process hearings dealing with the exact same fact pattern or patterns.

Unlike the analogy arguments[5] raised by counsel for the Defendant, The Individuals with Disabilities Education Improvement act, IDEIA, 20 U.S.C. 1415 (i)(2) and (3)(A), 1415(l) and its implementing regulation Section 300.516 specifically provide that"

> Any party aggrieved by the findings and decisions made under .... has the right to bring a civil action with respect to the due process complaint notice ...  The action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

Of course in this case, as with nearly all appeals ,the matter was brought before the United States District Court for the District of Columbia.  As past practice has dictated[6], until this Court has resolved the issues on appeal, no further proceedings should have occurred.  As with many cases, there was no risk of harm to the child as DCPS had been ordered to place and fund the child's education in a private placement. The only issue to be resolved was the correctness of the hearing officer's award of

_____

[5]Sugg's Motion at p. 12.

[6]See fn 4.

-3-

compensatory education, not as counsel for Defendant alleges, the mere fact that Edison was to attend a meeting.[7]  In not naming Edison as a party in the first two Due Process Hearings, counsel for the Defendant, attempted to wrongfully frame the correct parties to both of these subsequent Hearings.  In light of both findings in the original January 7, 2005, HOD1, a specific finding that Edison was to provide compensatory education covering a defined period and attend a meeting with DCPS to discuss the implementation of the ordered compensation, both DCPS and Edison should have been named as parties in the subsequent Due Process Complaints.  The fact that only DCPS was named by counsel for the Defendant, when he filed his notices of due process hearings on March 9, 2005, and May 13, 2005, wrongfully resulted in HOD 2 being issued on April 19, 2005, and HOD 3 being issued on June 23, 2005.[8]  Given that the hearings should have been about more than what was alleged by defendant, in view of the Hearing Officer's order for compensation against Edison, Edison was both a privy and a necessary party requiring that the subsequent requests made in this appeal for a reversal of the matters below on the grounds of *res judicata* and collateral estoppel be granted.  Furthermore, the reversal of HOD 4 does not become moot because of HOD's 5,6, & 7 as those hearings should not have taken place until this Court's decision with regard to the Appeal of HOD 4.

Based on the above, defendant respectfully requests that this Court exercise its

---

[7] As correctly pointed out by the Magistrate Judge at page 2 of his Report, Edison was ordered to supply specific hours and types of compensatory education in addition to attending a meeting.

[8] Report at pages 2-3.

discretion to not follow the recommendations of the Magistrate Judge and reverse HOD 4

and strike HOD's 6,7, & 8 as being brought prematurely based on the pending, yet

unresolved appeal of HOD1.  In the alternative, Plaintiff requests that this matter be

remanded to the Hearing Officer to allow Plaintiff to present evidence that the

compensatory education award against Edison either did not meet the standards

enunciated by our Court of Appeals in *Reid* or in light of subsequent events is now moot.

_____

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed

electronically on this 5th day of May, 2008.

_____/s/_____

Paul S. Dalton, Esq.

Counsel for Plaintiff