THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **NINA SUGGS, et al.** ) <br> ) <br> Defendants. ) <br> ) | Case No. 06-CV-1284 <br> PLF <br> AK |

**DEFENDANT MS. SUGGS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS**

The Plaintiff's sole argument appears to be "that the Appeal initiated by the Plaintiff in this action should have stayed all subsequent hearings and in particular HOD 5 dated April 12, 2007." Objections at 1 (footnote omitted). That argument fails as a basis for the Court's rejection of the Report and Recommendation for at least four reasons: 1) the Plaintiff waived the argument at this level when it failed to challenge a 2006 administrative decision rejecting the argument and issue preclusion now bars the argument; 2) the argument has no merit regardless; and 3) if valid, that argument would only undermine the Magistrate Judge's finding of mootness, and not the Magistrate Judge's recommendations on the merits.

**I.    THE PLAINTIFF WAIVED ITS ARGUMENT FOR AUTOMATIC STAY**

The Defendant first made its argued for an automatic stay at the administrative level. See Exhibit 1 at 5-6. A Hearing Officer denied that motion in a decision dated August 8, 2006. Exhibit 1.

The Plaintiff never brought an action challenging that decision. The Plaintiff never made the argument for automatic stay in any of its filings with the Magistrate

1

Judge, despite the fact that Ms. Suggs had argued mootness in her Motion for Summary Judgment, and the automatic stay argument is relevant only to the mootness question. See Def. Suggs Mot. Sum. J. at 6-8. The Plaintiff has repeatedly waived this argument.

Moreover, issue preclusion now bars the Plaintiff's argument. This identical issue was fully litigated in an administrative case, the issue was decided against the Plaintiff, and that decision, which resolved a motion to dismiss, was necessary to the decision in that administrative case. See United States v. Andrews, 479 F. 3d 894, 900 (D.C. Cir. 2007) (reviewing elements of issue preclusion).

## II. THERE WAS NO AUTOMATIC STAY OF ADMINISTRATIVE PROCEEDINGS

Nowhere in the IDEA is there any statement or suggestion in support of the Plaintiff's argument that once a hearing officer's determination has been challenged in court, no further complaints regarding the same student may be heard at the administrative level. The Plaintiff apparently believes that automatic stay should be assumed. See Objections at 2 ("[n]one of the defendant's Motions cite a single case or local rule requiring, or even suggesting, the filing of a stay...is necessary.").[1] The Plaintiff has offered no support for the assumption of automatic stay.[2]

The IDEA is completely silent regarding the availability of a stay of an HOD, except in the case of "stay-put" provisions inapplicable to this case. Where the IDEA is silent, the most closely analogous state rule should be applied, provided that the state rule

---

[1] This criticism of Ms. Suggs' silence on this matter before now is strange, given that the Plaintiff had never made the automatic stay argument at the federal level before now. When the Plaintiff made the argument at the administrative level, Ms. Suggs opposed it. See Exhibits 2 3.

[2] The Plaintiff does refer, without evidentiary support, to "hundreds of cases" in which Plaintiff's counsel has participated in which automatic stay was assumed. Ms. Suggs does not accept that unsupported contention. Regardless, neither agreements between other parties nor administrative decisions in other cases, much less alleged assumptions, have any precedential value in this Court.

is consistent with the policies of the IDEA. See, e.g., Spiegler v. District of Columbia, 866 F.2d 461 (D.C. Cir. 1989).

The Spiegler analysis can easily be applied here. In Spiegler, the Court of Appeals found HOD appeals to be closely analogous to appeals of administrative decisions, and accordingly looked to District of Columbia law regarding such appeals. Id. As in Spiegler, D.C. Code has clear, applicable provisions.

D.C. Code §§ 2-510 and 17-304 address the status of administrative decisions once appealed, and the availability of stays pending appeal:

> Filing of a petition for review shall not in itself stay enforcement of the order or decision of the Mayor or the agency, as the case may be. The Mayor or the agency may grant, or the reviewing Court may order, a stay upon appropriate terms.
> ***
> An application for review, or pendency of an appeal...does not operate as a stay of the order or decision from which the appeal is taken...unless so ordered by the Mayor or Council...by the independent agency, or by the District of Columbia Court of Appeals[.]

D.C. Code §§ 2-510(a) and 17-304(a), respectively.

Regarding the second part of the Spiegler analysis, nothing in the application of the local administrative appeals rules would conflict with the policies of the IDEA. These rules simply place the burden of establishing the appropriateness of a stay on the losing party. That is the approach of almost every procedural regime.

One notable exception to that general approach is the IDEA's "stay-put" provision. See 20 U.S.C. § 1415(j). However, the existence of the stay-put provision argues against the Respondent. By the canons of statutory interpretation, the existence of that specific provision indicates a Congressional intent that an automatic stay would apply only in those specific cases in which an LEA is attempting to change a child's placement, and not otherwise.

3

An automatic stay would result in absurdities completely in conflict with the policies underlying the IDEA. Were the filing of an appeal to automatically stay the underlying HOD, the losing party at hearing could postpone the execution of any HOD for years simply by paying the $350.00 to file an action in the District Court. The LEA would presumably take that action in every case in which a parent had won a private school placement.

Where the IDEA is silent, as in this case, the courts apply the most closely analogous state rule, so long as its application is consistent with the policies underlying the IDEA. Accordingly, the Court should apply D.C. Code §§ 2-510(a) and 17-304(a), and rule that there was no automatic stay.

### III. A DECISION THAT ADMINSTRATIVE DECISIONS SHOULD HAVE BEEN STAYED WOULD NOT UNDERMINE THE MAGISTRATE JUDGE'S RECOMMENDATIONS ON THE MERITS

The Magistrate Judge recommended that the Court deny the Plaintiff's Motion for Summary Judgment in part as moot, but that was the Magistrate Judge's secondary recommendation. See Report and Recommendation at 17. The Magistrate Judge's primary recommendation is that summary judgment be denied to the Plaintiff, and granted to the Defendants, on the merits. See Report and Recommendation at 16, 17.

The Plaintiff's argument that all administrative proceedings following the filing of its federal Complaint were subject to an automatic stay, if accepted, would undermine a finding of mootness based on those later decisions, but it would have no effect on the merits of the case before this Court. Accordingly, regardless of the Court's decision on the Plaintiff's new argument regarding automatic stay, the Court should accept the

4

Magistrate Judge's recommendations in the Defendants' favor on the merits of the Plaintiff's claims.

## CONCLUSION

For the reasons presented herein and in the Report and Recommendation, the Court should adopt all of the Magistrate Judge's recommendations.

        Respectfully submitted,
        /s/_____
        Douglas Tyrka, #467500
        Tyrka & Associates, LLC
        1726 Connecticut Ave. NW, Suite 400
        Washington, DC 20009
        (ph) (202) 265-4260
        (f) (202) 265-4264
        tyrka@tyrkalaw.com