(In the Matter of AS DOB: ⬛/97 HOD: August 8, 2006)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
CONFIDENTIAL
Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of A⬛ S⬛ )<br>Date of Birth: ⬛ 1997 )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Friendship Edison Public Charter )<br>School (Edison)[1] )<br>Attending School: High Road )<br>Respondent. )<br>_____) | IMPARTIAL DUE PROCESS<br>INTERIM<br>HEARING OFFICER'S DECISION<br><br>Hearing Date: July 28, 2006<br><br>Held at: 825 North Capitol St. NE<br>Washington, DC |

Counsel for Student:            Douglas Tyrka, Esq.
                                5505 Connecticut Ave. NW #174
                                Washington DC 20015

Counsel for FEPCS               Paul Dalton, Esq.
                                1008 Pendleton Street
                                Alexandria, Virginia, 22314

Counsel for DCPS:               Rashida Wilson, Esq.
                                Office of General Counsel
                                825 North Capitol St. NE
                                Washington, DC 20002

**JURISDICATION:**

A Due Process Hearing was convened on July 28, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed May 31, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

---

[1] This matter was brought to enforce an HOD issued against Edison. The parties agreed DCPS was not a party to this complaint. The most recent issues involving DCPS with regard to this student were adjudicated at a due process hearing convened July 14, 2006, and an HOD issued July 17, 2006.

1

(In the Matter of AS  DOB: ▇/97  HOD: August 8, 2006)

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and the documents submitted in the parties' disclosures (AS 1-5 and FEPCS 1-3) which were admitted into the record. In addition, the Hearing Officer considered the several due process complaints filed since 2004 with regard to this student, some of the documents submitted in prior due process hearings for this student and Hearing Officer's Determinations and Orders issued regarding this student.

## FINDINGS OF FACT: [2]

The student has been determined to be eligible for special education services and attended Friendship Edison Public Charter School, Chamberlain campus (Edison) during school year (SY) 2003-04 and during part of SY 2004-05. In November 2005 he began attending High Road Primary School (High Road) pursuant to a Hearing Officer's Determination and Order (HOD) issued November 17, 2004. (November 17, 2004, HOD)

A subsequent HOD issued January 7, 2005, which concluded Edison had denied the student a Free and Appropriate Public Education (FAPE). The HOD directed Edison to provide the student compensatory education for the following:

- missed speech language services from September 2003 to February 2004,
- for the additional specialized instruction the student should have received from January 2004 through June 2004 when the student should have been in a full time special education placement, and
- for the counseling services the student did not receive in September 2003.

The January 7, 2005, HOD ordered DCPS, because the student no longer attended Edison, to convene the multi-disciplinary team (MDT) meeting and directed Edison to participate in the meeting to determine the form and duration of compensatory education the student will be provided and develop a compensatory education plan. (January 7, 2005, HOD)

On March 9, 2005, the parent's counsel filed a due process complaint alleging DCPS had not convened the MDT meeting as required by the January 7, 2005, HOD. On April 20, 2006, the Hearing Officer another HOD incorporating a settlement agreement between the parent's counsel and DCPS which directed DCPS, within fifteen (15) school days of the issuance of this Order, to convene a MDT meeting to include Edison to determine the form of compensatory education and develop a plan as ordered by the January 7, 2005,

---

[2] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

2

(In the Matter of AS DOB: ▇/97 HOD: August 8, 2006)

HOD. Edison was not a party to the March 9, 2005, hearing and did participate in the settlement agreement. (April 20, 2005, HOD)

On May 13, 2005, parent's counsel filed another due process complaint alleging DCPS had failed to comply with the April 20, 2005, HOD. A hearing was convened June 21, 2005, which resulted in a HOD issued June 23, 2005, incorporating another settlement agreement between parent's counsel and DCPS. The HOD directed DCPS to convene a MDT meeting to develop a compensatory education plan for the student. The HOD made no mention of Edison and Edison was not a party to the settlement agreement. (June 25, 2005, HOD)

Edison's counsel did not receive copies of the January 7, 2005, HOD or the April 20, 2005, HOD. DCPS scheduled a MDT meeting following the June 25, 2005, HOD which was convened July 21, 2005, at High Road. A representative of Edison attended the meeting. There was no copy of the January 7, 2005, HOD available at the MDT meeting. Consequently, the MDT addressed issues related to the student's individualized educational program (IEP) but did not address the compensatory education under the January 7, 2005, HOD because Edison asserted it had not yet received the HOD. (AS 2 from July 14, 2006, hearing) [3]

On January 25, 2006, parent's counsel filed a due process complaint against Edison alleging Edison had not complied with the January 7, 2005, HOD, and had not developed a compensatory education plan consistent with that HOD. A hearing was convened April 20, 2006, which resulted in a HOD issued April 28, 2006, in which the Hearing Officer rejected the parent's counsel's claims that the complaint was barred by res judicata and collateral estoppell based on the April 20, 2005, HOD and the June 23, 2005, HOD.

The Hearing Officer in the April 28, 2006, HOD concluded that although Edison had not received a copy of the January 7, 2005, HOD prior to the July 21, 2005, MDT meeting in which it participated, it did not file a timely appeal of that HOD once it received a copy. The Hearing Officer issued an order which directed Edison to convene a MDT meeting within thirty (30) days of the HOD to discuss and determine the form amount and

---

[3] On January 9, 2006, parent's counsel filed a due process complaint solely against DCPS alleging it had failed to comply with the January 7, 2005, HOD. A hearing was convened on the complaint March 6, 2006. The Hearing Officer concluded DCPS had failed to comply with the January 7, 2006, HOD. The HOD directed DCPS conduct evaluations of the student and convene a MDT to review and revise the student's IEP and determine if further compensatory education was warranted. Although the complaint was filed alleging DCPS violated the January 7, 2005, HOD, parent's counsel filed a separate complaint against Edison with regard to it violation of the January 7, 2005, HOD. (March 13, 2006, HOD)

On May 11, 2006, the parent's counsel filed another due process complaint alleging DCPS had failed to comply with the March 13, 2006, HOD. A hearing was convened on July 14, 2006, which resulted in a HOD issued July 17, 2006, directing DCPS to fund independent evaluations and convene a MDT meeting to review the evaluations, review and revise the student's IEP and discuss and determine if compensatory education is warranted from the time of the student's enrollment at High Road and if so issue a compensatory education plan. (July 17, 2006, HOD)

(In the Matter of AS  DOB: ⬛97  HOD: August 8, 2006)

delivery of compensatory education awarded the student in the January 7, 2005, HOD. (April 28, 2006, HOD)

On May 31, 2006, parent's counsel filed the current complaint against Edison alleging it had failed to comply with the April 28, 2006, HOD. (AS 3)

On July 20, 2006, prior to a hearing on the May 31, 2006, complaint, Edison's counsel filed an appeal of the April 28, 2006, HOD in the U.S. District Court. Edison's counsel asserted that the filing of the appeal was an automatic stay to any enforcement of the April 28, 2006, HOD.[4] (FEPCS 2, 3)

### ISSUE:

Is Edison in violation of the April 28, 2006, HOD which required Edison to convene a MDT to develop a compensatory education plan consistent with the January 7, 2005, HOD?

### CONTENTIONS OF THE PARTIES:

Counsel for Edison asserted the following:

1. The April 28, 2006, HOD is stayed by the filing of the appeal in the U.S. District Court.
2. The student is not at Edison and there is no prejudice to the student in waiting for the appeal to be decided.
3. The May 12, 1981, conciliation agreement between DCPS and the U.S. Department of the Education indicates an appeal stays an HOD.
4. This agreement has never been revoked and remains in effect.
5. Hearing Officers have construed Reid to bar the Hearing Officer from ordering an MDT to determine compensatory education absent an agreement between the parties.

Parent's Counsel asserted the following:

1. The normal procedure in U.S. District Court is to apply for a preliminary injunction or temporary restraining order to stay an HOD.
2. There has never been a request for a stay of the HOD.
3. An appeal does not automatically stay an HOD and the IDEIA is silent on this matter.
4. Spiegler v. DC 866 F2d 467 establishes the principle that when a statute is silent as a procedure the most analogous rule should be applied.

---

[4] Edison's counsel asserted as a basis for the appeal that the Hearing Officer erred by not concluding the January 25, 2006, complaint was not barred by res judicata and collateral estoppel, that DCPS failed to advise Edison of the April 20, 2005, and June 23, 2005, HODs, and that the Hearing Officer erred in ordering a MDT meeting to discuss compensatory education without any showing as to educational detriment as required by Reid v. DC, 401 F.3d 515 (D.C. Cir. 2005).

(In the Matter of AS DOB: ██/97 HOD: August 8, 2006)

5. DC Code 17-304 indicates that an appeal does not operate as a stay of the administrative action.
6. The timelines in the HOD have already expired.
7. Edison certainly knew of the January 7, 2005, HOD at latest in May 2006 when disclosures were filed and it has in effect waived its right to appeal.
8. The conciliation agreement language indicates that the LEA is not liable for lack of compliance with an HOD when a stay is granted; in this case there has been no stay granted.
9. If the HOD was issued prior to Reid then the HOD provision allowing the MDT to determine compensatory education is valid.
10. Once the violation period and missed services is defined, as is the case with the January 7, 2005, HOD, the MDT is able to agree to the specific of compensatory education plan.

**CONCLUSIONS OF LAW:**

Edison's counsel has requested this hearing officer dismiss the complaint pending the civil action in U.S. District Court. IDEIA Sec. 1415 (i) (2) allows a party aggrieved by a hearing officer's decision (HOD) file a civil action in United States District Court within 90 days of the issuance of the HOD. Edison counsel filed an appeal of the April 28, 2006, HOD on July 20, 2006, presumably within the 90 day period allowed.

Although Edison's counsel asserts that under the conciliation agreement an appeal would stay an HOD, the language of that agreement indicates DCPS [5] will not assume any liability for not complying with a HOD in the event the HOD is stayed pending appeal or reconsideration. The Hearing Officer concludes that this language pertains to a specific stay of an HOD but does not indicate that a stay pending appeal is automatic.

IDEIA does not specifically address the issue of whether the filing of a civil action under Sec. 1415 (i)(2) automatically stays a HOD. Sec. 1415 (i) (2) indicates that in the case of an appeal the court shall receive the record of the administrative proceedings, hear additional evidence at the request of a party and, basing its decision on the preponderance of the evidence, grant such relief the court determines is appropriate.

Edison requested the U.S. District Court reverse the April 28, 2006, HOD and dismiss the underlying due process complaint with prejudice and grant such other relief the court deems just and proper. However, Edison did not specifically request a stay of the HOD pending the outcome of the civil action.

Parent's counsel asserts that because IDEIA is silent as to whether a civil action stays the enforcement of a HOD, the Hearing Officer should look to DC Code§2-510(a) and DC

---

[5] This provision would presumably be applicable to Edison as its own LEA for purposed of IDEIA.

5

(In the Matter of AS DOB: ⬛97 HOD: August 8, 2006)

Code§ 17-304.[6] These provisions indicate that in the case of an administrative proceeding in the District of Columbia the filing of an appeal does not stay the administrative decision unless a specific stay is granted.

The Hearing Officer is persuaded by the arguments of parent's counsel that absent a specific stay of the HOD the appeal of an HOD does not automatically stay the HOD. There was no specific request for a stay made to the Court and no specific order that indicates that this Hearing Officer cannot proceed with a determination of the issue(s) raised in the due process complaint.

In the complaint parent's counsel sought enforcement of the April 28, 2006, HOD, which directed the parties to comply with the January 7, 2005, HOD. There is no indication Edison ever appealed the January 7, 2005, HOD after it became aware of its existence. Nonetheless, in appealing the April 28, 2006, HOD, which sought to enforce the January 7, 2005, HOD Edison's counsel is presumably seeking to avoid the January 7, 2005, HOD. Although the April 28, 2006, HOD was issued by a different Hearing Officer, it is of note that the January 7, 2005, HOD was issued by the Hearing Officer rendering this decision.

The January 7, 2005, HOD was issued prior to Reid v. DC, 401 F.3d 516 (D.C. Cir. 2005) which precludes a hearing officer from abdicating his authority to determine compensatory education. Pursuant to Reid "Under the theory of 'compensatory education' Courts and hearing officers may award educational services ... to be provided prospectively to compensate for a past deficient program." The Hearing Officer is concerned that the award of compensatory education in the January 7, 2005, HOD was made more than a year and a half ago and a specific compensatory education plan has yet to be determined.

Since the January 7, 2006, HOD was issued the student has benefited from a full time special education program. The compensatory education needed by the student may be different than needed when the HOD was issued. The matter of compensatory education is further complicated by the fact there have been subsequent HODs that have indicated

---

[6] DC Code Section 2-510 states that filing of a petition for review shall not in itself stay enforcement of the order of decision of the Mayor or the agency, as the case may be. The Mayor or the agency may grant, or the reviewing Court may order, a stay upon appropriate terms.

DC Code Section 17-304 entitled: Stay upon application for review of, or pending appeal from, administrative order or decision, provides: (a) An application for review, or pendency of an appeal, provided for by section 17-303, does not operate as a stay of the order or decision from which the appeal is taken: (1) in any case where, under existing law, a stay may not be granted; or (2) in any other case unless so ordered by the Mayor or Council of the District of Columbia, by the independent agency, or by the District of Columbia Court of Appeals as provided by subsection (b) of this section. (b) For good cause shown, and upon such conditions as may be required and to the extent necessary to prevent irreparable injury, the court may take appropriate and necessary action to preserve the status or rights pending conclusion of the review proceedings provided for by section 17-303.

(In the Matter of AS  DOB: ▇/97  HOD: August 8, 2006)

the student is perhaps due additional compensatory education for subsequent violations of IDEIA by DCPS.

The Hearing Officer concludes that is in the best interest of the student in light of <u>Reid</u>, for there to be no further delay in defining the award of compensatory education under the January 7, 2005, HOD. The Hearing Officer therefore directs in the Order below that the parties present evidence sufficient for the Hearing Officer to determine the amount and form of compensatory education that will be granted the student pursuant to the January 7, 2005, HOD. This course seems far more practical than sending this matter to a MDT in which the parties, who are already in dispute over the January 7, 2005, HOD and the April 28, 2006, HOD, to develop a compensatory education plan.

**ORDER:**

1. This matter is hereby set for hearing on a date set by the DCPS Student Hearing Office convenient to the parties for a final determination of the compensatory education to be awarded under the January 7, 2005, HOD.

2. The parties should be prepared at that hearing to present evidence from which the Hearing Officer will determine the compensatory education in consideration of the services missed and the services required to compensate the student for those missed services.

**APPEAL PROCESS:**

Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: August 8, 2006

Issued: __8/8/06__

(In the Matter of AS  DOB: ▮/97  HOD: August 8, 2006)

# In the MATTER OF A▮ S▮ V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AS 1-5 | Parent's Disclosures | Yes |
| FEPCS 1-3 | DCPS Disclosures | Yes |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |

8

(In the Matter of AS  DOB: ████97  HOD: August 8, 2006)

# In the MATTER OF A████ S████ V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 5/31/06 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 6/30/06 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |

(In the Matter of AS  DOB: /97  HOD: August 8, 2006)

# INDEX OF NAMES

## In the MATTER OF A____ S____ V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | A____ S____ |
| Child's Parent(s) (specific relationship) | Ms. Nina Suggs (Mother) Ms. Dorothy Suggs (Grandmother) |
| Child/Parent's Representative | Douglas Tyrka, Esq. |
| DCPS Representative | Rashida Wilson, Esq. |
| Parent's Educational Advocate | |
| Friendship Edison Public Charter School | Paul S. Dalton, Esq. |