**Before the**
**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**OFFICE OF MANAGEMENT SERVICES**

| | | |
|---|---|---|
| In re A▆▆ S▆▆, | ) | David R. Smith, Esquire |
| Special Education Student. | ) | Impartial Hearing Officer |
| | ) | |

## PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

### FACTUAL BACKGROUND

An HOD of January 7, 2005 ordered DCPS to schedule, and the Respondent to attend, an MDT meeting on or before March 7, 2005, to discuss the form, amount, and delivery of compensatory education services owed to the student due to specific failures on the Respondent's part. Exhibit 1 at 10.

After DCPS failed to convene an MDT meeting by the original March 7, 2005 deadline, a second HOD was issued on April 19, 2005, ordering DCPS to convene the meeting within 15 school days. Exhibit 2 at 2.

On July 21, 2005, DCPS convened the meeting. The Respondent attended, but refused to discuss the issue of compensatory education on the grounds that it had not received either of the January 5, 2005 and April 19, 2005 HODs. The meeting was consequently adjourned without the development of a compensatory education plan. Exhibit 3 at 5, 7-8.

After the Respondent failed to attend another meeting, held November 8, 2005, the Petitioner filed a due process complaint against the Respondent. Exhibit 4 at 1, 5. The

1

Respondent never served a response or convened a resolution meeting regarding that complaint.

On March 10, 2006, after the Petitioner filed her disclosures and a motion for default, the Respondent requested a continuance on the following grounds:

> The first time I received the hearing complaint notice was today in the parent's 5-day disclosure. I never received a scheduling memorandum, and therefore, have not had an opportunity to answer the complaint or hold a resolution meeting.

Exhibit 6 at 1. That motion was granted, and the hearing was rescheduled for April 20, 2006. The Respondent still never served a response or convened a resolution meeting.

Following the April 20, 2006 hearing, an HOD was issued on April 28, 2006, ordering the Respondent to convene an MDT meeting on or before May 28, 2006. Petitioner's counsel received a facsimile of the HOD in question at 2:09 p.m. on the date of its issuance. Exhibit 7 at 3.

The Respondent failed to convene the meeting within the prescribed timeline.

On May 31, 2006, the Petitioner filed the instant due process complaint notice ("Complaint"), and sent a copy of it via facsimile on the same date to Respondent's counsel and directly to the Respondent. Exhibit 8 at 1, 4-6.

On June 22, 2006, counsel for the Respondent filed a motion entitled "Answer/Motion to Dismiss Due Process Complaint" ("Motion"). Exhibit 9. The Motion lists two bases for dismissal: the Respondent did not receive the HOD; and the Respondent intends to appeal the HOD. Exhibit 9 at 1-3.

## ARGUMENT

**I.     Given the history of this case, the Respondent's unsupported claim that it did not receive the HOD lacks merit and/or credibility.**

For almost one year, since the MDT meeting of July 21, 2005, the Respondent has been claiming not to have received notices regarding this student from the Student Hearing Office ("SHO"). The Respondent has claimed not to have received the HODs from January and April 2005, the scheduling memorandum and hearing notice regarding the March 2006 hearing, and the April 2006 HOD. Exhibits 1, 2, 7, 10, 11. Notably, the Respondent has not claimed not to have received the order granting its requested continuance of the March 2006 hearing.

Respondent's counsel is a well-known firm in the small world of District of Columbia special education law, which regularly and often practices in DCPS special education due process hearings. The Petitioner cannot speak to whether Respondent's counsel has made similar claims about notices regarding other students in the past, but one would think that, if Respondent's counsel had known of a repeated problem in receiving notices and orders from the SHO, which documents define substantial obligations on the clients, counsel would at a minimum write a letter or two to the SHO regarding the problem.

The Respondent has not presented any such evidence to substantiate its claims. Instead, it simply claims, once again, that it has not received important documents. Given the history of this case and the Respondent's repeated claims before the April 2006 hearing, upon not receiving an HOD, prudent counsel would have telephoned Petitioner's counsel and the SHO, at a minimum, to check whether an HOD had been issued. Instead,

3

the Respondent now suggests that the Petitioner is somehow responsible for ensuring that the Respondent receives all of its documents. Exhibit 9.

In short, if the Respondent has not been receiving documents from the SHO, and the SHO is at fault, given the history, that excuse nonetheless fails because the Respondent and its counsel have long been on notice of the alleged problem, and have failed to take corrective action.

The Respondent's excuse falls flat in the instant case for the additional reason that the Respondent failed to act for weeks after it unquestionably knew of the recent HOD. The Petitioner sent a copy of her Complaint to the Respondent and counsel on May 31, 2006. Exhibit 8. Despite this clear notice to the Respondent of the existence of the April 2006 HOD, it failed to act at all for three weeks, when it filed its Motion. Exhibit 9.

## II. The Respondent's claim that it intends to appeal the April 2006 HOD does not justify dismissal of the Complaint.

In its Motion, the Respondent claims that it intends to appeal the April 2006 HOD "by the end of [June]." Exhibit 9. A check of United States District Court records today indicates that no such action has been filed. Regardless, a court complaint alone is insufficient to stay an HOD, and a promise of such action is certainly insufficient.

If the Respondent wishes to stay its obligations under the April 2006 HOD, and to prevent enforcement of it, the Respondent can file an action and request a preliminary injunction staying the HOD. In the absence of such a court order, the April 2006 HOD has full and present effect.

4

Respectfully Submitted,

*[signature]*

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC  20008
(ph) (202) 265-4260
(f) (202) 265-4264

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2006, I sent a copy of the foregoing by facsimile to Counsel for the Respondent.

*[signature]*
Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

6

```
TRANSMISSION VERIFICATION REPORT
```

```
                                                    TIME  : 07/06/2006 13:41
                                                    NAME  : TYRKA HOUCK LLP
                                                    FAX   : 2022654264
                                                    TEL   :
                                                    SER.# : 000A6J693992
```

| | |
|---|---|
| DATE,TIME | 07/06 13:24 |
| FAX NO./NAME | 17037392323 |
| DURATION | 00:16:55 |
| PAGE(S) | 59 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

| | |
|---|---|
| Recipient: | SHO & Paul Dalton |
| Fax number: | 202-442-5556, 703-739-2323 |
| From: | Douglas Tyrka |
| Regarding: | A███ S███ |
| Number of pages: | 59   (including cover sheet) |
| Notes: | Petitioner's opposition memorandum and exhibits |