Before the
DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF MANAGEMENT SERVICES

| | | |
|---|---|---|
| In re A▇▇▇ S▇▇▇, | ) | Coles B. Ruff, Esquire |
| Special Education Student. | ) | Impartial Hearing Officer |

### PETITIONER'S SUPPLEMENTARY MEMORANDUM IN RESPONSE TO RESPONDENT'S SUPPLEMENTARY MEMORANDUM REGARDING HEARING OF JULY 28, 2006

While the IDEA, at 20 U.S.C. § 1415(i), and the federal regulations, at 34 C.F.R. 500.510, indicate that the finality of HODs is subject to the right of appeal, that alone does not indicate that the HOD is automatically stayed before it is overturned on appeal.[1] That simply means that an HOD can be reversed or modified on appeal.

There is no question, as the Respondent points out, that a party appealing an HOD is not obligated to file a motion to stay. That also does not mean that a stay is automatically granted.

The IDEA is completely silent regarding the availability of a stay of an HOD, except in the case of a "stay-put."

As argued by the Petitioner at the hearing, where the IDEA is silent, the most closely analogous state rule should be applied, provided that the state rule is consistent with the policies of the IDEA. *See, e.g., Spiegler v. District of Columbia*, 866 F.2d 461 (D.C. Cir. 1989).

---

[1] The IDEA and regulations refer both to appeals to an SEA and initial actions challenging HODs in trial courts. SEA appeals are not available in this jurisdiction. For convenience, actions such as the one filed by the Respondent in this case are referred to as "appeals."

1

In *Spiegler*, the Court of Appeals held that the District of Columbia 30-day statute of limitations for review of agency orders applied to federal cases challenging hearing officers' decisions under the Education of the Handicapped Act ("EHA"), the predecessor to the IDEA. 866 F.2d at 462-470. Congress had not provided a statute of limitations in the text of the EHA, so the Court of Appeals applied the local limitations period because it was closely analogous and consistent with the policies underlying the EHA. *Id.*

The Court in *Spiegler* applied a two-part analysis: 1) identifying the most closely analogous state rule; and 2) determining whether the application of that rule was consistent with the federal policies underlying the EHA. In performing the first part of the analysis, the Court held that a substantive federal claim challenging the findings and decision of an EHA hearing officer was "sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30-day local limitations period for such appeals." 866 F.2d at 466. In the second part of the analysis, the Court concluded "that a 30-day limitations period, when combined with a duty by the District to inform hearing participants of the short [limitations] period, was not so harsh as to be inconsistent with [the EHA's underlying] policies." *Id.*

The *Spiegler* analysis can easily be applied here. In *Spiegler*, the Court of Appeals found HOD appeals to be closely analogous to appeals of administrative decisions, and accordingly looked to District of Columbia law regarding such appeals. *Id.* As in *Spiegler*, D.C. Code is very clear in that context.

D.C. Code §§ 2-510 and 17-304 address the status of administrative decisions once appealed, and the availability of stays pending appeal:

2

> Filing of a petition for review shall not in itself stay enforcement of the order or decision of the Mayor or the agency, as the case may be. The Mayor or the agency may grant, or the reviewing Court may order, a stay upon appropriate terms.
> ***
> An application for review, or pendency of an appeal...does not operate as a stay of the order or decision from which the appeal is taken...unless so ordered by the Mayor or Council...by the independent agency, or by the District of Columbia Court of Appeals[.]

D.C. Code § 2-510(a) and 17-304(a), respectively.

Regarding the second part of the *Spiegler* analysis, nothing in the application of the local administrative appeals rules would conflict with the policies of the IDEA. These rules simply place the burden of establishing the appropriateness of a stay on the losing party. That is the approach of almost every procedural regime.

One notable exception to that general approach is the IDEA's "stay-put" provision. However, the existence of the stay-put provision argues against the Respondent. The existence of that provision indicates that Congress knew how to write an automatic stay into the IDEA, and that Congress intended an automatic stay to apply only in cases in which the LEA is attempting to change a child's placement.

An automatic stay would result in absurdities completely in conflict with the policies underlying the IDEA. Were the filing of an appeal to automatically stay the underlying HOD, the losing party at hearing could postpone the execution of any HOD for years simply by paying the $290.00 to file an action in the District Court. The LEA would presumably take that action in every placement case.

As repeatedly noted, the Respondent has never requested a stay from the HOD in question at any level. Such a request would now be untimely, given that the Respondent has already violated the HOD timeline. Finally, given that the HOD requires only that the Respondent convene a meeting, it is inconceivable that the Respondent could establish

3

the kind of harm justifying a stay or a preliminary injunction. *See, e.g.,* D.C. Code § 2-510 and 17-304.

Respectfully Submitted,

/s/ Douglas Tyrka
Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2006, I sent a copy of the foregoing by facsimile to Counsel for the Respondent.

Douglas Tyrka
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20008
(ph) (202) 265-4260
(f) (202) 265-4264

```
TRANSMISSION VERIFICATION REPORT
```

```
                                                  TIME    : 08/03/2006 15:01
                                                  NAME    : TYRKA HOUCK LLP
                                                  FAX     : 2022654264
                                                  TEL     :
                                                  SER.#   : 000A6J693992
```

```
DATE,TIME           08/03  15:00
FAX NO./NAME        SHO
DURATION            00:01:21
PAGE(S)             06
RESULT              OK
MODE                STANDARD
                    ECM
```

# TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:      Paul Dalton & SHO

Fax number:

From:           Douglas Tyrka

Regarding:      A███ S███

Number of pages: 6 (including cover sheet)

Notes:

```
                    TRANSMISSION VERIFICATION REPORT

                                          TIME    : 08/03/2006 15:05
                                          NAME    : TYRKA HOUCK LLP
                                          FAX     : 2022654264
                                          TEL     :
                                          SER.#   : 000A6J693992


   DATE,TIME                        08/03  15:03
   FAX NO./NAME                     17037392323
   DURATION                         00:01:23
   PAGE(S)                          06
   RESULT                           OK
   MODE                             STANDARD
                                    ECM
```

## TYRKA & HOUCK, LLP
1726 Connecticut Ave., NW, Suite 400
Washington, DC 20009
(202) 265-4260 (ph)
(202) 265-4264 (fax)

### CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Houck or their client(s) that is intended solely for the recipient named below. If you are not the intended recipient named below or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Houck expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Houck. Thank you.

Recipient:        Paul Dalton & SHO

Fax number:

From:             Douglas Tyrka

Regarding:        A▉ S▉

Number of pages:  6 (including cover sheet)

Notes: