UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
FRIENDSHIP EDISON PUBLIC CHARTER  )
SCHOOL CHAMBERLAIN CAMPUS,        )
                                                            )
            Plaintiff,                                  )
                                                            )
      v.                                                  )    Civil Action No. 06-1284 (PLF)
                                                            )
NINA SUGGS,                                      )
as next friend of the minor child A.S., et al.,  )
                                                            )
            Defendants.                             )
_____)


MEMORANDUM OPINION

This matter is before the Court on the Report and Recommendations ("Report") of Magistrate Judge Alan Kay. Rule 72(b) of the Federal Rules of Civil Procedure authorizes the referral of dispositive motions to a magistrate judge for a report and recommendation. This matter was referred to Judge Kay for a Report and Recommendation on the disposition of: (1) Plaintiff's Motion for Summary Judgment; (2) Defendant Ms. Suggs' Motion for Summary Judgment; and (3) Motion of the District of Columbia for Judgment on the Pleadings or for Summary Judgment.

A party "may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge, FED. R. CIV. P. 72(b)(2). When a party files written objections to any part of the magistrate judge's recommendation, the Court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended decision[.]" Id. Plaintiff Friendship Edison Public Charter

School filed objections to Judge Kay's Report ("Edison's Obj."), and defendant Suggs responded ("Suggs' Resp.").

The only specific objection in plaintiff Edison Public Charter School's written objections is that "the Appeal initiated by the Plaintiff in this action should have stayed all subsequent hearings . . . ." Edison's Obj. at 1. Ms. Suggs takes the position that "the filing of an appeal does not by itself stay the Hearing Officer's decision." Id. at 2. Edison's counsel cites his own extensive experience, see Edison's Obj. at 2 n.4, but cites no provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., or any regulation or case law for the proposition that the implementation of a Hearing Officer Decision is automatically stayed by the filing of a challenge to that HOD in court under 20 U.S.C. § 1415(i)(2). There is, of course, a provision of the IDEA that allows the child to opt to "stay put" – to remain in the then-current educational placement – during the pendency of further proceedings. See 20 U.S.C. § 1415(j). Nowhere in the IDEA, however, is there a corresponding right of an education provider to decline to implement a Hearing Officer Decision in a student's favor automatically, without seeking a stay of that Decision from either the Hearing Office or the Court in which further proceedings have been commenced under 20 U.S.C. § 1415(i)(2). Accordingly, having reviewed *de novo* those portions of the Report to which objections were filed and, indeed, the Report in its entirety, the Court concludes that Magistrate Judge Kay's Report is correct and accepts it.

An Order consistent with this Memorandum Opinion will be issued this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   June 26, 2008