**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC** | ) |
| **CHARTER SCHOOL,** | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 06-CV-1284** |
| **v.** | ) **PLF** |
| | ) **AK** |
| **NINA SUGGS, et al.** | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANT MS. SUGGS' MOTION FOR FEES AND COSTS**

In accordance with Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, and Local

Civil Rule 54.2, Defendant Nina Suggs respectfully moves this Court for an award of her

reasonable attorneys' fees and costs in the amount of $25,859.65. In support, Ms. Suggs submits

the attached memorandum.


Respectfully submitted,
/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com

1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
FRIENDSHIP EDISON PUBLIC          )
CHARTER SCHOOL,                   )
                    Plaintiff,    )
                                  )    Case No. 06-CV-1284
v.                                )    PLF
                                  )    AK
NINA SUGGS, et al.                )
                    Defendants.   )
_____)

**MEMORANDUM IN SUPPORT OF DEFENDANT MS. SUGGS' MOTION
FOR FEES AND COSTS**

**BACKGROUND**

On January 25, 2006, Ms. Suggs filed an administrative "due process complaint" under

the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1414 et seq., against the

Plaintiff, "Edison," alleging, inter alia, that Edison had failed to comply with the terms and

conditions of a January 7, 2005 Hearing Officer's Determination ("HOD"). R. at 81-85. After a

hearing on the merits, in an HOD of April 28, 2006 the Hearing Officer resolved the due process

complaint in Ms. Suggs' favor, ordering Edison to convene a multidisciplinary team ("MDT")

meeting within thirty days to discuss and determine the form, amount, and delivery of

compensatory education to A.S., as Ms. Suggs had requested in her due process complaint. R. at

6.

On July 20, 2006, Edison filed the Complaint in this case, challenging that HOD. The

parties filed cross-motions for summary judgment, and on April 21, 2008, the Magistrate Judge

recommended that Edison's motion be denied in full, and Ms. Suggs' granted in part. On June

26, 2008, the Court adopted the Magistrate Judge's recommendations, denying Edison's motion

and granting in part Ms. Suggs' motion.

**LEGAL FRAMEWORK**

In suits brought under the IDEA, prevailing parties may obtain reasonable attorneys' fees costs. 20 U.S.C. § 1415(i)(3)(B).

An IDEA plaintiff "prevails" when it obtains a judicially ordered or approved change in the legal relationship between the parties. See Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 605 (2001). Conversely, an IDEA defendant prevails when the plaintiff fails to receive a change in the legal relationship. See Dist. of Columbia v. Jeppsen ex rel. Jeppsen, 514 F.3d 1287, 1291 (D.C. Cir. 2008).

**ARGUMENT**

Because Ms. Suggs is a prevailing party in this action, the Court should award her $25,859.65 in fees and costs reasonably incurred in administrative and federal litigation.

**I.    MS. SUGGS IS A PREVAILING PARTY**

On June 26, 2008, the Court granted Ms. Suggs summary judgment and dismissed with prejudice all four counts of the Complaint. The D.C. Circuit recently considered prevailing party status in a similar case. See Jeppsen, 514 F.3d 1287.

In Jeppsen, as here, the local educational agency challenged an HOD that had granted relief to the parent of a child with a disability. 514 F.3d at 1288. The District Court dismissed the LEA's complaint, but denied the defendant parent's petition for attorney's fees. District of Columbia v. Jeppsen, 468 F. Supp. 2d 107, 112-13 (D.D.C. 2006). On the defendant parent's appeal, the Court of Appeals held the following:

> Because the dismissal of the District's case, properly understood, was a decision on the merits, it raises no doubt about the district court's jurisdiction to award attorneys' fees. On the merits...it is clear [the defendant] has "prevailed" in an "action or proceeding brought under" § 1415.

514 F.3d at 1291.

Here, the Court has similarly dismissed with prejudice all of the Plaintiff's claims against Ms. Suggs.[1] Ms. Suggs has therefore prevailed.

## II.     MS. SUGGS REASONABLY INCURRED THE FEES AND COSTS IDENTIFIED HEREIN

It was of course reasonable for Ms. Suggs to incur legal fees and costs in this litigation. Before she brought her administrative case, Edison was neglecting its legal obligations to Ms. Suggs' son. R. at 4-6, 37-47.

Following Ms. Suggs' success at the administrative level, Edison essentially forced many more fees and costs – the overwhelming majority of the total – on Ms. Suggs by filing the federal Complaint in this case.[2] See Copeland v. Marshall, 641 F.2d 880, 904 (D.C. Cir. 1980) (noting that a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent . . . in response").

The lodestar rate invoiced is also reasonable, and based on expert analysis and case precedent. In a review of an IDEA fee petition, "an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Kattan by Thomas v. Dist. of Columbia, 995 F.2d 274, 278 (D.C. Cir. 1993) citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984) (internal quotation marks omitted). The rates identified herein are

---

[1] The Court adopted the Magistrate Judge's recommendation and denied the Plaintiff's motion for summary judgment on *res judicata* grounds "because of lack of privity between the parties and the fact that Suggs' claim against Edison did not arise from the same cause of action as Suggs' claim against DCPS." The Magistrate Judge dismissed the Plaintiff's collateral estoppel argument because "there is no identity of issues with a prior case nor were the issues fully litigated in a prior case." Edison's claim that there was no educational detriment to A.S. was denied "based on the record before the trial court, which shows that the Hearing officer considered the education detriment of the student." These are unequivocally decisions on the merits of this case.
[2] The attached invoice shows that of the $25,859.65 total, over $23,000 was spent in the federal litigation. Attachment 1.

the usual rates charged by Ms. Suggs' counsel, so they are reasonable unless they are out of line with those of the community. Attachment 2.

Prevailing community rates are best reflected in the "updated Laffey matrix." See Salazar v. Dist. of Columbia, 123 F. Supp 2d 8, 14-15 (D.D.C. 2000); Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, 371 (D.D.C. 1983) aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985). In Salazar, after reviewing expert opinion on the question, the court concluded that the updated Laffey matrix presented in that case "has the distinct advantage of capturing the more relevant data because it is based on the legal services component of the Consumer Price Index[.]" Salazar, 123 F. Supp 2d at 14-15.

Counsel's hourly rates in the invoice in this case come directly from the Salazar updated Laffey matrix, adjusted over the years by the same economist upon which the Salazar court relied. Compare Salazar, 123 F. Supp 2d at 13 with Attachment 3, available at http://www.laffeymatrix.com/see.html.[3] Mr. Tyrka graduated from law school in 1998, so his rates over the years were $441.00, $452.00, $475.00, and $540.00 per hour, which correspond to the matrix figures for the 8-10 bracket in 2005/2006, the 8-10 bracket in 2006/2007, the 8-10 bracket in 2007/2008, and the 11-19 bracket in 2008/2009, respectively.[4] See Attachment 2. Mr. Coyle graduated law school in 2005, so he remained in the 1-3 bracket for the two years in question, with rates of $249.00 and $255.00 per hour. See Attachment 2. Mr. Nahass graduated law school in 2006, so he is billed in the 1-3 bracket. See Attachment 2. The remaining rates are for paralegals, with the appropriate rates.

---

[3] The rates for 1999/2000 in Attachment 3 correspond exactly to those used in Salazar, with two exceptions. The Salazar court used $184.00 instead of $185.00, presumably due to rounding or simple error. For one attorney, the Salazar court used $75.00, which is not in Attachment 3, for reasons explained in the Opinion. See 123 F. Supp. 2d at 24-25. If the Plaintiff disputes the reasonableness of the hourly rates or the bases of the matrix in Attachment 3, Ms. Suggs will ask for time and leave to produce a full expert report regarding the matrix.

[4] The 2008/2009 update for the matrix has not yet been published. The 2007/2008 figure for the 11-19 bracket is $536.00, so Mr. Tyrka has been using a very conservative figure of $540.00 for 2008/2009 until the updated matrix is published.

Tyrka & Associates specializes in special education law in the District of Columbia. <u>See</u> Attachment 2. Mr. Tyrka has practiced almost exclusively in this field, in this jurisdiction, for several years. <u>See</u> <u>id</u>. Tyrka & Associates has hundreds of clients, and litigates hundreds of adminstrative cases each year – approximately 10% of such hearings in this jurisdiction – in addition to multiple federal court cases. <u>See</u> <u>id</u>. Mr. Tyrka has personally litigated over 1000 administrative cases. <u>See</u> <u>id</u>. His time spent in this case, in which Ms. Suggs' prevailed in every meaningful way, is therefore appropriately billable at the full matrix rate.

### CONCLUSION

Because Ms. Suggs was the prevailing party, and because she has requested a reasonable hourly rate for hours reasonably expended in the course of this proceeding, the Court should award the fees and costs requested.

Respectfully submitted,
/s/
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com