UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**FRIENDSHIP EDISON PUBLIC**    )
**CHARTER SCHOOL,**             )
                **Plaintiff,**     )
                                    )
**v.**                          )   CIVIL ACTION NO. 06-1284
                                    )   PLF
                                    )   AK
                                    )
**NINA SUGGS,** *et al*.        )
                **Defendants.**   )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANT MS. SUGGS'
MOTION FOR FEES AND COSTS.**

COMES NOW, the Plaintiff, by and through undersigned counsel, and replies to Defendant's Motion for Fees and Costs, as follows.

**I.   THIS COURT SHOULD DENY OR IN THE ALTERNATIVE REDUCE DEFENDANT'S MOTION FOR FEES AND COSTS.**

The attorney fees in this case are quite excessive. This difference in position with regard to the staying effect of an appeal resulted in counsel for the defendant's continued pattern of filing due process hearings and the issuance of HOD's throughout number 7, issued on July, 19, 2007.[1] The additional 6 hearings would have been unnecessary had counsel for the defendant named Edison and DCPS instead of manipulating the Due Process Hearing Proceedings by not once but twice proceeding without Edison when the only issue involved having a meeting with DCPS and Edison to discuss an award for compensatory education.

---

[1] Report at p. 5.

There is no evidence, especially in light of 7 hearings, that Edison would not have attended a meeting as order, if they had been <u>notified</u> during the first two hearings.  However, after not being named a party during those two hearings it became a matter of necessity to object to the gross manipulation of the Due Process System by counsel for defendant.  Now counsel is asking to be rewarded for this gross manipulation of the hearing process by asking for fees for not the necessary one hearing but for one hearing plus six unnecessary hearings.  It is the position of the Plaintiff that these additional hearings were unnecessary, at least those filed after our appeal was noted.[2]

In not naming Edison as a party in the first two Due Process Hearings, counsel for the Defendant, attempted to wrongfully frame the correct parties to both of these subsequent Hearings.  In light of both findings in the original January 7, 2005, HOD1, a specific finding that Edison was to provide compensatory education covering a defined period and attend a meeting with DCPS to discuss the implementation of the ordered compensation, both DCPS and Edison should have been named as parties in the subsequent Due Process Complaints.  The fact that only DCPS was named by counsel for the Defendant, when he filed his notices of due process hearings on March 9, 2005, and May 13, 2005, wrongfully resulted in HOD 2 being issued on April 19, 2005, and HOD 3 being issued on June 23, 2005.[3]  Given that the hearings should have been about more than what was alleged by defendant, in view of the Hearing Officer's order

---

[2] Counsel for the Plaintiff has participated in hundreds of Due Process Hearings whose decisions were considered stayed by all parties and the Hearing Officers once an appeal was noted.  This is the 1st case know to counsel for the Plaintiff which has challenged this past practice.

[3] Report at pages 2-3.

for compensation against Edison, Edison was both a privy and a necessary party requiring that the subsequent requests made in this appeal for a reversal of the matters below on the grounds of *res judicata* and collateral estoppel be granted. Furthermore, the reversal of HOD 4 does not become moot because of HOD's 5,6, & 7 as those hearings should not have taken place until this Court's decision with regard to the Appeal of HOD 4.

Based on the above, defendant respectfully requests that this Court exercise its discretion and not award attorney fees or in the alternative greatly reduce those fees as being excessive and contrary to the duties of an attorney as an officer of the court.

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 29th day of July, 2008.

_____/s/_____

Paul S. Dalton, Esq.

Counsel for Plaintiff