THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL,**<br>　　　　　　　　　**Plaintiff,**<br>v.<br>**NINA SUGGS, et al.**<br>　　　　　　　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 06-CV-1284<br>　PLF<br>　AK |

## DEFENDANT MS. SUGGS' REPLY REGARDING MOTION FOR FEES AND COSTS

In its Opposition to Ms. Suggs' Motion for Fees and Costs, Edison offers no argument against the hours spent on specific tasks or the rates charged. Instead, Edison appears primarily to make the same arguments it made for summary judgment on the merits, arguments which this Court has already specifically rejected.[1] In fact, half of Edison's Opposition, from the middle of page 2 on, is a verbatim argument from Edison's Objections to the Magistrate Judge's Proposed Findings and Recommendations, which have already been denied by Judge Friedman. Compare Opposition at 2-3 with Objections at 4 and at 2, footnote 4.

In short, Edison appears to argue solely that the Court should deny or reduce the fees requested because Edison should have won this case. Little needs be said about that

---

[1] Edison argues that the fees in this case resulted from a "difference in position with regard to the staying effect of an appeal." Opposition at 1. Judge Friedman resolved that difference in Ms. Suggs' favor. See Memorandum Opinion June 26, 2008 at 2 ("Nowhere in the IDEA, however, is there a corresponding right of an education provider to decline to implement a Hearing Officer Decision in a student's favor automatically, without seeking a stay of that Decision from either the Hearing Office or the Court in which further proceedings have been commenced under 20 U.S.C. § 1415(i)(2)."). Similarly, the Court has explicitly rejected Edison's argument that Ms. Suggs' counsel executed a "gross manipulation of the hearing process" (Opposition at 2) by declining to name Edison as a respondent in prior administrative actions. See Report and Recommendation at 11 (explaining difference in complaints brought against DCPS and Edison).

1

argument, but Ms. Suggs does wish to correct one false statement and one incorrect suggestion by the Plaintiff regarding Ms. Suggs' Motion for Fees and Costs.

The Plaintiff falsely states that Ms. Suggs' "counsel is asking...for fees for not the necessary one hearing but for one hearing plus six unnecessary hearings." Opposition at 2. To the contrary, the invoice attached to Ms. Suggs' Motion included fees related to only one hearing – the one that resulted in the April 28, 2006 HOD challenged by the Plaintiff – plus fees related to the defense of this action. See Motion Attachment 1.

Ms. Suggs has of course not asked, and never will ask, for fees from Edison regarding HODs against DCPS alone.

Ms. Suggs does not know whether a bill has been submitted to Edison related to the first hearing involving Edison; Ms. Suggs was represented by another firm at that time.[2] Regardless, Ms. Suggs does not consider that HOD to be directly related to this action – it was part of an "action or proceeding" distinct from the present one.

Ms. Suggs has not yet submitted to Edison any bills regarding the two remaining HODs involving Edison, from April 12, 2007 and July 19, 2007. Again, she considered them part of distinct "action[s] and proceeding[s]," and she has been holding them pending the outcome of this case. Because the Plaintiff has suggested that they are at issue, if the Court wishes to resolve those bills at this time, Ms. Suggs is happy to submit them at the Court's instruction.

In addition to the false statement regarding the fees requested, the Plaintiff incorrectly suggests that none of the other hearings benefited A.S.. See Opposition at 2 ("[C]ounsel is asking...for fees for...one hearing plus six unnecessary hearings."). To the

---

[2] Ms. Suggs' present attorney personally represented Ms. Suggs' in that hearing, but he did so as a contract attorney for Carolyn Houck, Attorney-at-Law, the firm representing Ms. Suggs at that time.

2

contrary, at the two (not six) hearings against Edison after the April 28, 2006 HOD, Ms. Suggs won a substantial, specific award of compensatory education for A.S. and the right to obtain that compensatory education from private providers, at Edison's expense. See Report and Recommendations at 4-5 (reviewing history). Those hearings were only "unnecessary" in the sense that Edison could easily have prevented them by complying with earlier HODs. See id.

Because the Plaintiff has not challenged the specific hours or hourly rates in Ms. Suggs' Motion, and because the Court has already resolved the Plaintiff's arguments regarding res judicata and automatic stays, the Court should grant Ms. Suggs' Motion in full.

Respectfully submitted,
/s/_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave. NW, Suite 400
Washington, DC 20009
(ph) (202) 265-4260
(f) (202) 265-4264
tyrka@tyrkalaw.com